UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GOLDEN HILL, ET AL | : | CIVIL ACTION NO. 2:92CV00738(JBA) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| GOVERNOR LOWELL WEICKER, | : | |
| ET AL | : | June 7, 2005 |
| *Defendants* | : | |

## STATE'S OBJECTION TO PLAINTIFF'S MOTION TO RESTORE TO ACTIVE DOCKET

The State of Connecticut objects to the plaintiff's motion, filed May 18, 2005, to restore this case to the active docket at this time. The plaintiff has a legal right to challenge the Bureau of Indian Affair's (BIA) denial of its petition for tribal acknowledgement in a separate proceeding under the Administrative Procedure Act (APA). Until the BIA process—including the APA appeal—is complete, the land claim action should not be restored to the court's active docket. Alternatively, if the Court restores this action to the active docket, the State requests that it be stayed, or otherwise held in abeyance, consistent with the Second Circuit's decision in this case, until the administrative appeal of the Final Determination is concluded.

This action seeks to recover land in three Connecticut municipalities, which the plaintiff claims was illegally transferred in the early Eighteenth Century in violation of the NonIntercourse Act. 25 U.S.C. § 177. The NonIntercourse Act prohibits unauthorized transfers of land "from any Indian nation or tribe of Indians." As a threshold matter, to establish a violation of this Act, plaintiff must first show that it is a federally recognized Indian tribe. *Seneca Nation of Indians v. New York*, 382 F. 3d 245, 258 (2nd Cir. 2004); *Golden Hill Paugussett v. Weicker*, 39 F. 3d 51, 56 (2nd Cir. 1994). This land claim action was originally

stayed by the Second Circuit in 1994, after the Court found that the BIA had primary jurisdiction over the issue of the plaintiff's tribal status. 39 F. 3d 51 (2nd Cir. 1994).

After a decade long administrative process, on June 14, 2004, the BIA issued its Final Determination, declining to acknowledge the plaintiff as an Indian tribe because it failed to meet four of the seven mandatory criteria outlined above. In particular, the BIA determined that the plaintiff was not an Indian tribe within the meaning of federal law because it failed to meet four out of the seven mandatory acknowledgement criteria: (1) the plaintiff did not demonstrate that it was identified as an Indian entity on a "substantially continuous basis since 1900," as required by 25 C.F.R. § 83-7(a); (2) the historic Golden Hill Indians lost their social cohesion and ceased to exist as a distinct social community after 1823; (25 C.F.R. § 83.7(b)); (3) the plaintiff failed to demonstrate evidence of political influence over the group after 1802; (25 C.F.R. § 83.7(c)); and (4) the plaintiff failed to prove that any of the 108 individuals on its membership list descended from the historical Golden Hill tribe or from historical Indian tribes that combined and functioned as a single autonomous political entity; (25 C.F.R. § 83.7(e)). *See* Summary of Final Determination, attached as Exhibit 2.[1]

The plaintiff appealed that negative determination to the Indian Board of Indian Appeals (IBIA). On October 18, 2004, the IBIA dismissed the plaintiff's appeal finding that the plaintiff

---

[1] Tribal status concerns "standing to sue under the Act" and not simply the merits of a claim under it. *Golden Hill Paugussett v. Weicker*, 39 F. 3d at 57. *Accord, Mashpee Tribe v. New Seabury Corp.*, 592 F. 2d 575, 581 (1st Cir. 1979), *cert. denied*, 444 U.S. 866 (1979); 464 U.S. 1020 (1983) ("Plaintiff must prove that it meets the definition of 'tribe of Indians' as that phrase is used in the NonIntercourse Act both in order to establish any right to recovery and to establish standing to bring this suit."). "The two issues are distinct, though they overlap to a considerable extent." *Golden Hill*, 39 F. 3d at 57. At the pleading stage, the plaintiff [GHP] must satisfy both Constitutional and prudential requirements of standing by alleging, among other things, that it is an Indian tribe, "i.e., a group intended to be protected by the NonIntercourse Act." *Id*. at 58. The BIA determination that the plaintiff is not an Indian tribe raises a significant question as to whether the plaintiff has standing to maintain this action and to bring this motion.

had failed to allege a single issue under its jurisdiction. The IBIA then referred several other issues to the Secretary of the Interior for her review. On March 18, 2005, the Secretary of the United States Department of Interior, Gale A. Norton, declined further consideration of this petition, and affirmed the Final Determination, denying the plaintiff federal recognition. *See* March 18, 2005, Letter to Mr. Aurelius H. Piper, attached as Exhibit 1. The Secretary's March 18, 2005 decision constituted final agency action on the plaintiff's petition for federal acknowledgement and ended, finally, the decade long administrative process.

A final determination of BIA not to acknowledge a tribe is judicially reviewable under the Administrative Procedure Act. 5 U.S.C. §§ 701-706; *See Miami Nation of Indians of Indiana v. Babbitt*, 112 F. Supp. 2nd 742, 744 (N.D. Ind. 2000), *aff'd, Miami Nation of Indians of Indiana, Inc. v. United States Department of the Interior*, 255 F. 3d 342, 348-49 (7th Cir. 2001), *cert. denied*, 534 U.S. 1129 (2002). Thus, the plaintiff may appeal the Department's decision denying its petition for tribal acknowledgment to this Court in a separate proceeding under the APA. While the plaintiff has the right to file such an appeal, to date it has not done so.

On December 23, 2004, while the plaintiff's appeal was pending before the Secretary, this action was "administratively closed because pending administrative proceedings have no definitive future date for completion." Order of Dismissal. The Court's Order stated that "any party has the right to have this matter restored to the active docket, if exercised by motion filed no later than sixty (60) days following final action by the Interior Board of Indian Appeals." [2]

---

[2] The State also objects to the plaintiff's motion to restore this action to the active docket because it is untimely, having been filed 150 days after the date the IBIA issued its decision. By letter, the plaintiff sought to clarify the Order of Dismissal, claiming that the Court intended final action of the Department of Interior, and not the IBIA. However, the Court did not reply to this correspondence. Even assuming that the Court intended that a restoration motion be filed 60 days following the Secretary's determination, the plaintiff's motion is untimely by one day, as

In this case, the Second Circuit stayed this action under the doctrine of primary jurisdiction, stating that the "BIA's resolution of these <u>factual issues</u> regarding tribal status will be of considerable assistance to the district court in ultimately deciding Golden Hill's NonIntercourse Act claims." 39 F. 3d at 60, *quoting Ricci v. Chicago Mercantile Exchange*, 409 U.S. 289, 305 (1973). In *Ricci*, the Supreme Court stated, in applying primary jurisdiction:

> We should recognize "that the courts, while retaining the final authority to expound the statute, should avail themselves of the aid implicit in the agency's superiority in gathering the relevant facts and in marshaling them into a meaningful pattern." *Federal Maritime Board v. Isbrandtsen Co*., 356 U.S. 481, 498 (1958). The adjudication of the Commission, if it is forthcoming, <u>will be subject to judicial review and would obviate any necessity for the antitrust court to relitigate the issues actually disposed of by the agency decision</u>. [citations omitted].

*Ricci*, 409 U.S. 305-06 (emphasis added).

Primary jurisdiction ensures "consistency and uniformity in the regulation of an area" Congress had assigned to a Federal agency. 39 F. 3d at 59. In addition, primary jurisdiction allows "resolution of technical questions of fact through the agency's specialized expertise, prior to judicial consideration of the legal claims." *Id*. It involves factual issues "not within the ordinary ken of judges and which required [ ] administrative expertise [which] should be resolved preliminarily by the agency." *Id*. at 60.

The facts decided by the BIA to which the Court has deferred under the doctrine of primary jurisdiction may be included in an administrative appeal. The State, therefore, objects to the plaintiff's and requests that the plaintiff's motion to restore the case to the active docket be denied until the BIA procedure—including judicial review through the administrative appeal

---

the Secretary's decision is dated March 18, 2005, and the plaintiff's motion to restore this matter to the docket was filed on May 18, 2005.

process—is finalized.  In the alternative, if the action is restored to the docket, the State asks that it be stayed pending the outcome of the administrative appeal of the BIA decision.

        Respectfully submitted,

        THE DEFENDANT GOVERNOR OF
        THE STATE OF CONNECTICUT

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

BY: _____
        Richard Blumenthal
        Attorney General
        Federal Bar No. ct05924
        55 Elm Street
        P.O. Box 120
        Hartford, CT  06141-0120
        Tel: (860) 808-5020
        Fax: (860) 808-5347
        susan.cobb@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 7th day of June, 2005 to:

| | |
|---|---|
| Bernard Wishnia<br>Roseland Professional Building<br>204 Eagle Rock Avenue<br>Roseland, NJ  07068 | Michael D. O'Connell<br>O'Connell, Flaherty & Attmore<br>280 Trumbull Street<br>Hartford, CT  06103-3598 |
| William A. Wechsler<br>Bailey & Wechsler<br>10 North Main Street, Ste. 321<br>West Hartford, CT  06107 | Richard L. Albrecht<br>Cohen & Wolf, P.C.<br>1115 Broad St., PO Box 1821<br>Bridgeport, CT  06604 |
| Alexander H. Schwartz<br>3695 Post Road, PO Box 701<br>Southport, CT  06490 | Henry C. Winiarski, Jr.<br>941 Wethersfield Avenue<br>Hartford, CT  06114-3137 |
| David G. Chabot<br>Gerald L. Garlick<br>Linda Clifford Hadley<br>Krasow, Garlick & Hadley<br>One State Street<br>Hartford, CT  06103 | John J. Kelly, Jr.<br>Cantor, Floman, Gross, Kelly, Amendola & Sacramone<br>378 Boston Post Road<br>PO Box 966<br>Orange, CT  06477 |
| Noel E. Hanf<br>Wiggin & Dana<br>One Century Tower<br>265 Church St., PO Box 1832<br>New Haven, CT  06508-1832 | Richard S. Lipman<br>Union Camp Corp.<br>Legal Dept.<br>1600 Valley Road<br>Wayne, NJ  07470 |
| Thomas Gugliotti<br>Updike, Kelly & Spellacy, P.C.<br>One State St., PO Box 231277<br>Hartford, CT  06123-1277 | Austin K. Wolf<br>Cohen & Wolf, P.C.<br>1115 Broad St., PO Box 1821<br>Bridgeport, CT  06604 |

| | |
|---|---|
| Geoffrey A. Hecht<br>Caplan Hecht Scanlon & Mendel<br>20 Trumbull St., PO Box 9505<br>New Haven, CT  06534 | John Pirina, Jr.<br>Law Offices of Arnaldo J. Sierra<br>215 Washington Street<br>Hartford, CT  06106 |
| Janet L. Janczewski<br>The Southern Connecticut Gas Co.<br>885 Main Street<br>Bridgeport, CT  06604 | John B. Hughes<br>U.S. Attorney's Office of the Attorney General<br>157 Church Street, 23rd Floor, PO Box 1824<br>New Haven, CT  06510 |
| Robert L. Berchem<br>Richard J. Buturla<br>Berchem, Moses & Devlin, P.C.<br>75 Broad Street<br>Milford, CT  06460 | James A. Trowbridge<br>Quinnipiac College<br>Law School Clinic<br>275 Mount Carmel Ave.<br>Hamden, CT  06518-1946 |
| Andrew M. Eschen<br>U.S. Department of Justice<br>Ben Franklin Station, PO Box 663<br>Washington, DC  20044-6208 | Kimball Haines Hunt<br>Hunt, Leibert, Chester & Jacobson, P.C.<br>50 Weston Street<br>Hartford, CT  06120-4626 |
| Judith A. Mauzaka<br>Gerald T. Weiner<br>Weinstein, Weiner, Ignal, Vogel, & Shapiro<br>350 Fairfield Ave., PO Box 9177<br>Bridgeport, CT  06601 | Mark T. Anastasi<br>City of Bridgeport<br>Office of the City Attorney<br>999 Broad Street, 2nd Floor<br>Bridgeport, CT  06604-4328 |
| Stuart A. Margolis<br>1332 Temple Street<br>New Haven, CT  06510 | Thomas E. Behuniak<br>44 Greenwood Circle<br>Seymore, CT  06483 |
| Howard R. Wolfe<br>Goldman Gruder & Woods<br>125 Mason Street<br>Greenwich, CT  06830 | Michael Stanton Hillis<br>Dombroski, Knapsack & Hillis<br>129 Whitney Avenue<br>New Haven, CT  06510 |

| | |
|---|---|
| Kenneth M. Rozich<br>Law Firm of Edward D. Jacobs<br>PO Box 1952<br>New Haven, CT  06509 | Paul Ruszczyk<br>Highland Professional Center<br>408 Highland Avenue<br>Cheshire, CT  06410 |
| Anthony M. Feeherry<br>Goodwin, Procter & Hoar<br>Exchange Place, 2nd Floor<br>Boston, MA  02109-2881 | |

 

_____
Susan Quinn Cobb
Attorney General