

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN HILL, ET AL | : |
| V. | :   NO. 2:92CV738 (JBA) |
| WEICKER, ET AL | :   JULY 15, 2005 |

### STATUS REPORT SUBMITTED BY THE PLAINTIFFS

The plaintiffs in these consolidated cases hereby file their status report, pursuant to the order of the court dated July 7, 2005.

A.  **Status of the Case**

These three actions assert violations of the Nonintercourse Act, 25 U.S.C. § 177. As the court (Dorsey, J.) has noted in these cases, the sale of the lands previously owned by the Golden Hill Paugussett Tribe of Indians, without the consent of the United States, violated the Nonintercourse Act. See Ruling on Pending Motions, July 21, 1993, p. 3. These matters have essentially been stayed since the Second Circuit Court of Appeals rendered a decision in 1994, overturning the dismissal of the cases by the District Court. *Golden Hill Paugusset Tribe v. Weicker*, 39 F. 3d 51 (2d Cir. 1994) In essence the Second Circuit reaffirmed the longstanding principle that, in actions asserting violations of the Nonintercourse Act, the courts must make an independent determination of tribal status of the plaintiffs, separately and apart from any administrative determination. The Court went on to point out that, under the concept of primary jurisdiction, the courts could, however, defer a decision until an appropriate administrative

agency had finished its related task. While the administrative process might uncover worthwhile information and evidence, the courts would still be obligated to make an independent assessment of that evidence, as well as any other evidence brought forth in the litigation process. These actions have been held in suspension since the Second Circuit decision. While there was discovery pending at the time of the original dismissal of these cases in 1993, there has been no substantive activity since then. The matters were restored to the active docket at the request of the plaintiffs, by order of July 7, 2005.

On June 14, 2004 the Principal Deputy Assistant Secretary of the Bureau of Indian Affairs ("BIA") of the Department of the Interior issued a Final Determination against Federal Acknowledgement of the Golden Hill Paugussett Tribe ("Tribe").

The Tribe filed an appeal with the Interior Board of Indian Appeals ("IBIA") and in the appeal the Tribe raised the following issues:

1. The BIA, in making its determination, used materials not contained in the record.
2. The BIA used evidentiary standards for the tribe's petition that were inconsistent with the standards used for other petitions.
3. The BIA either through ignorance or intent, wrongfully construed evidence against the Tribe.

4. The BIA rendered the Proposed Finding dated January 21, 2003 and the Final Determination dated June 14, 2004, without notifying the Tribe that material against the Tribe had been submitted in another petition.

5. The BIA held ex-parte meetings with adverse "interested parties," as that term is defined in 25 CFR § 83.1.

6. The BIA held ex-parte meetings with members of the Connecticut Congressional Delegation, all of whom have expressed publicly and worked actively for the denial of the Tribe's federal recognition.

7. The BIA failed to notify the Tribe and failed to take appropriate action when Congressman Christopher Shays met privately with staff members of the BIA and intimidated them with the intended result being the denial of the Tribe's petition by the BIA.

8. The decision in the second Final Determination was made by the Deputy Assistant Secretary for Indian Affairs, who was not authorized by Congress to render such decision.

9. The BIA leaked material to adverse interested parties.

10. Former BIA staff members went to work for adverse interested parties.

11. The Tribe had been previously recognized by the United States, but such recognition was ignored by the BIA.

These issues were raised in a brief which accompanied the appeal and which brief provided supporting evidence for the issues. Some of the issues raised questions of interpretation of evidence as required by Section 83.11(d)(4) of Part 83 of the Code of Federal Regulations, which would allow for a hearing before the IBIA. Most of the issues raised questions of violation of due process based on information the Tribe had at the time of filing the appeal.

Notwithstanding the interpretation of evidentiary questions raised in the appeal, the IBIA concluded that the matter was not within its jurisdiction and referred the matter to the Secretary of the Interior pursuant to Section 83.11(f)(2). By letter dated March 18, 2005, the Secretary of the Interior, ignoring further investigation of all of the alleged violations of due process, issued a two paragraph letter with the following terse statement:

> After considering your Request for Reconsideration, the comments of the State of Connecticut and the Office of Federal Acknowledgment, your comments on their submissions, as well as the advice of my staff, I have decided not to refer any of the grounds alleged in your Request for Reconsideration to the Assistant Secretary for further review.

The plaintiffs believe that the BIA process was fatally tainted. This belief is supported by the findings in the ongoing investigation of the acknowledgement process by the U.S. Senate Indian Affairs Committee.

The plaintiffs believe that this Court must now make its independent determination of tribal status. An appropriate scheduling order is necessary, to account for necessary discovery and motion practice. It might also take into account a bifurcation of the ultimate trial, as suggested in section (d) below.

**B.    Referral to a Magistrate Judge for Settlement Purposes**

The plaintiffs have always been willing to discuss an amicable resolution of these claims, but the defendants have consistently shown no such interest. The plaintiffs would have no objection to a referral to a Magistrate Judge for settlement purposes.

**C.    Trial before a Magistrate Judge**

The plaintiffs would not consent to a trial before a Magistrate Judge.

**D.    Estimated Length of Trial**

Because of the unique history of these actions, it is difficult to project at this time the length of an ultimate trial. However, it is safe to say that it would likely be a lengthy trial, of weeks in duration. The plaintiffs are amenable to a bifurcated trial, with the first phase focused on tribal status.

                                              THE PLAINTIFFS

                                    By: _____
                                         Michael D. O'Connell, CT05299
                                         **O'CONNELL, FLAHERTY**
                                         **& ATTMORE, L.L.C.**
                                         280 Trumbull Street
                                         23rd Floor
                                         Hartford, CT 06103-3598

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal rules of Civil Procedure on this 15th day of July, 2005 to:

Bernard Wishnia
Roseland Professional Building
204 Eagle Rock Avenue
Roseland, NJ 07068

William A. Wechsler
Bailey & Wechsler
583 Old Slocum Road
Hebron, CT 06248

Alexander H. Schwartz
3695 Post Road
P.O. Box 701
Southport, CT 06490

David G. Chabot
Gerald L. Garlick
Linda Clifford Hadley
Krasow, Garlick & Hadley
One State Street

Hartford, CT 06103

Noel E. Hanf
Wiggin & Dana
One Century Tower
265 Church St., P.O. Box 1832
New Haven, CT 06508-1832

Thomas Gugliotti
Updike, Kelly & Spellacy, P.C.
One State St., P.O. Box 231277
Hartford, CT 06123-1277

Susan Quinn Cobb
Attorney General's Office
55 Elm Street, P.O. Box 120
Hartford, CT 06141

Richard L. Albrecht
Cohen & Wolf, P.C.
1115 Broad Street, P.O. Box 1821
Bridgeport CT 06604

Henry C. Winiarski, Jr.
941 Wethersfield Avenue
Hartford, CT 06114-3137

John J. Kelly, Jr.
Cantor, Floman, Gross, Kelly
  Amendola & Sacramone
378 Boston Post Road
P.O. Box 966
Orange, CT 06477

Austin K. Wolf
Cohen & Wolf, P.C.
115 Broad Street
P.O. Box 1821
Bridgeport, CT 06604

Geoffrey A. Hecht

Caplan, Hecht, Scanlon & Mendel
20 Trumbull Street, P.O. Box 9505
New Haven, CT 06534

Janet L. Janczewiski
The Southern Connecticut Gas Co.
885 Main Street
Bridgeport, CT 06604

Robert L. Berchem
Richard J. Buturla
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460

Andrew M. Eschen
U.S. Department of Justice
Ben Franklin Station, PO Box 663
Washington, DC 20044-6208

Judith A. Mauzaka
Gerald T. Weiner
Weinstein, Weiner, Ignal, Vogel & Shapiro
350 Fairfield Avenue, P.O. Box 9177
Bridgeport, CT 06601

Stuart A. Margolis
132 Temple Street
New Haven, CT 06510

Howard R. Wolfe
Goldman, Gruder & Woods
125 Mason Street
Greenwich, CT 06830

John Pirina, Jr.
Law Offices of Arnaldo J. Sierra
215 Washington Street
Hartford, CT 06106

John B. Hughes

U.S. Atty's Office of the Atty. General
157 Church Street, 23rd Floor
P.O. Box 1824
New Haven, CT 06510

James A. Trowbridge
Quinnipiac College
Law School Clinic
275 Mount Carmel Avenue
Hamden, CT 06518-1946

Kimball Haines Hunt
Hunt, Leibert, Chester & Jacobson, P.C.
50 Weston Street
Hartford, CT 06120-4626

Mark T. Anastasi
City of Bridgeport
Office of the City Attorney
999 Broad Street, 2nd Floor
Bridgeport, CT 06604-4328

Thomas E. Behuniak
44 Greenwood Circle
Seymore, CT 06483

Michael Stanton Hillis
Dombroski, Knapsack & Hillis
129 Whitney Avenue
New Haven, CT 06510

Kenneth M. Rozich
Law Firm of Edward D. Jacobs
P.O. Box 1952
New Haven, CT 06509

Anthony M. Feeherry
Goodwin, Proctor & Hoar
Exchange Place, 2nd Floor
Boston, MA 02109-2881

Paul Ruszczyk
Highland Professional Center
408 Highland Avenue
Cheshire, CT 06410

_____
Michael D. O'Connell