UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| GOLDEN HILL PAUGUSSETT TRIBE OF INDIANS, ET AL., | CIVIL ACTION NO. 2:92CV00738 (JBA) |
| Plaintiffs, | |
| vs. | |
| M. JODI RELL, GOVERNOR OF THE STATE OF CONNECTICUT, ET AL., | |
| Defendants. | JUNE 19, 2006 |

---

**OPPOSITION OF DEFENDANT,
THE UNITED ILLUMINATING COMPANY,
TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendant, The United Illuminating Company ("UI"), opposes plaintiff's motion to amend the complaint, filed on June 8, 2006. Plaintiff seeks to inject new issues into a case filed in 1992. The Court should not permit the amendment. Instead, the parties should proceed to brief the preliminary motions for judgment contemplated by the Court's present schedule and decide whether plaintiff may proceed forward toward trial on the existing complaint. Plaintiff has already amended its complaint once, greatly expanding the claims and parties in November 1992. No further amendments should be allowed.[1]

---

[1] Pursuant to Rule 25(d)(1), Fed. R. Civ. P., the first-named defendant in the *Weicker* action should now be M. Jodi Rell, as Governor of the State of Connecticut, rather than Lowell P. Weicker, Jr. That clerical substitution, which the Court can direct the Clerk to make, would reflect the fact that it is the State that is a defendant, and not any official sued in an individual capacity. *See* Amended Complaint (11/6/92) ¶ 6. The same substitution can be made for defendant Weicker in the consolidated *Nyzio* action, and for third-party defendant Weicker in the consolidated *Bachyrycz* action. *See Canadian St. Regis Band of Mohawk Indians v. New York*, 146 F. Supp. 2d 170, 170 n.1 (N.D.N.Y. 2001) (substituting new governor as defendant).

## BACKGROUND

In relevant part, plaintiff's claim is that an 1802 Act of the State of Connecticut, which authorized the sale of tribal land to others, was invalid under the federal Indian Trade and Intercourse Act, 25 U.S.C. § 177 (commonly known as the "Nonintercourse Act"). Amended Complaint (11/6/92) ¶ 24. Plaintiff therefore contends that all conveyances of that land were void, that the original tribal owner of that land never actually transferred title to others, and that title and possession should be confirmed as belonging to that tribal owner (whom plaintiff contends is it). *Id.* ¶ 27 Plaintiff's claim, as presently pleaded, seeks restoration of its right to possess the property and to dispossess defendants of that same land. *Id.* ¶¶ 1, 27, 160-61 and Prayer for Relief ¶ 1. Plaintiff also presently alleges that its inability to possess the land has been to its "great damage." *Id.* ¶ 161. It asks that, along with possession, it be given "the rents and profits of the said land." *Id.* Prayer for Relief ¶ 1.

After this lawsuit was commenced on September 3, 1992, plaintiff filed the present amended complaint on November 6, 1992 (doc. 59 – complaint dated Nov. 4, 1992), in which it added claims for possession of a much larger swath of land allegedly transferred out of tribal hands in 1765 in violation of the Proclamation of 1763 by King George III.

Defendants proceeded to address the amended complaint, with extensive motions practice directed to that pleading, concluding with this Court's ruling of July 21, 1993 (doc. 222). *See Golden Hill Paugussett Tribe of Indians v. Weicker*, 839 F. Supp. 130 (D. Conn. 1993). The Court dismissed from the amended complaint the claims of the individual plaintiffs, Aurelius Piper, Jr., Moonface Bear, and Ethel Sherman Piper Baldwin Peters, for lack of standing. *Id.*

at 133.[2] The Court also dismissed the claims under the Proclamation of 1763 for lack of subject matter jurisdiction. *Id.* at 136-39.[3] The Court was left with adjudicating only the claims of the alleged plaintiff tribe arising under the Nonintercourse Act. For those claims, the Court exercised its authority to defer in the first instance to the federal acknowledgment proceedings that plaintiff itself had initiated before the Bureau of Indian Affairs ("BIA"), dismissing the claims without prejudice. *Id.* at 134-35. The Second Circuit affirmed under principles of primary jurisdiction, modifying the judgment only to institute a stay instead of a dismissal without prejudice. *Golden Hill Paugussett Tribe of Indians v. Weicker*, 39 F.3d 51, 59-61 (2d Cir. 1994).

With the federal government having issued a final decision on March 18, 2005,[4] denying plaintiff's acknowledgment petition, plaintiff sought to restore this case to the active docket (doc. 292), which the Court granted on July 8, 2005 (doc. 295).[5]

---

[2] For that reason, the portion of plaintiff's pending motion to amend the complaint, asking that the individual plaintiffs be voluntarily removed from the pleading, is moot, as they already were dismissed from the action, and those plaintiffs did not appeal the judgment. *See Golden Hill Paugussett Tribe of Indians v. Weicker*, 39 F.3d 51, 54 n.1 (2d Cir. 1994). There is now only one plaintiff in this action, which will be referred to here in the singular.

[3] Plaintiff did not appeal from that portion of the Court's ruling and judgment, instead acquiescing in the jurisdictional ruling concerning the royal proclamation. *See Golden Hill Paugussett Tribe of Indians*, 39 F.3d at 55. Only the claims arising under the Nonintercourse Act are now before the Court.

[4] *See* doc. 293, ex. 1; *see also* Status Report of State of Connecticut, dated July 12, 2005 (undocketed).

[5] The Court's restoration (as did the Second Circuit decision) applies to all three consolidated actions, the lead *Weicker* case and the member *Bachyrycz* and *Nyzio* cases. While UI is a defendant only in *Weicker*, its arguments also apply to the other two actions, where plaintiff has proposed identical, untimely amendments to the complaints. Because any trial in this matter would involve all three consolidated actions, the Court should reject plaintiff's proposed expansion of this case in all three actions. (Plaintiff has violated the Court's consolidation order, whereby *Weicker* was designated as lead case [see *Weicker*, docs. 232 and 263], by filing its motions to amend the *Bachyrycz* and *Nyzio* complaints in their original dockets. It is UI's understanding that all filings, even those stated as relating solely to the complaint in one of the member cases, are to be filed and docketed only in the lead *Weicker* case's docket number,

(footnote continued . . . )

## ARGUMENT

When plaintiff commenced this action on September 3, 1992, the Court issued an order on pretrial deadlines (doc. 2), requiring any amendment to the complaint to be made by November 12, 1992. Plaintiff did, in fact, amend its complaint, adding numerous new claims and parties on November 6, 1992. Plaintiff has never sought to alter that deadline for amending the complaint further, and it is far too late now. The changes that plaintiff now seeks to make are ones that it surely could have made when it amended its complaint the first time, but it simply chose not to at that time. It also chose not to seek further amendment of the complaint at any time before this Court issued its ruling on July 21, 1993, and it chose not to seek further amendment of the complaint after the Court restored the case to the active docket on July 8, 2005—at least not until now, almost one year later.[6] With plaintiff having delayed prosecution of its restored case, defendants are entitled to a resolution of this case on the existing complaint, and plaintiff may not burden defendants and the Court with the changes it now seeks to make.

In the proposed amended complaint, plaintiff still seeks, in paragraph 1 of the prayer for relief, to quiet title in itself and to obtain possession of the land. It also still seeks, in proposed paragraph 6 of the prayer for relief, attorneys' fees and costs, just as it has in the existing

---

which has been coded to electronically notify counsel in all three actions. Because of plaintiff's deviation from that standard practice, not all counsel received electronic service and notice of the docketing of the motions misfiled under the *Bachyrycz* and *Nyzio* docket numbers, so plaintiff also had to serve by mail. Those motions should be redocketed by the Clerk under the *Weicker* lead docket number, since any response to the motions, and orders of the Court, will be under that number.)

[6] Plaintiff's status report submitted to chambers on July 15, 2005, gave no hint of plaintiff's desire to further amend its complaint. *See* doc. 306 (belatedly docketed on June 6, 2006). That is despite the Court's order that status reports include the "identification of further proceedings needed in the case." Endorsement Order (July 8, 2005) (doc. 295).

complaint's prayer for relief. But other proposed changes come too late in the day and should be rejected.

The proposed paragraph 2 of the prayer for relief asks for "[a]n accounting of all tax funds paid by possessors of the said land." This is new, and is unrelated to any allegation of the complaint against the private landowners like UI. UI, like other landowners, has paid property taxes, and is no longer in possession of those funds paid to local taxing authorities. Plaintiff is not claiming any entitlement to obtain these funds from UI. There is no need at this late stage of the case, well after the deadline for amending the complaint, to burden each and every private landowner with this form of relief. UI and others should not have to account for the taxes they have paid for all the years that they have owned the disputed land. Plaintiff should not be able to now add to defendants' burdens, and to the complexity of this lawsuit, by seeking an accounting from defendants in this action.[7]

The proposed paragraph 3 of the prayer for relief asks for "[m]oney damages representing the fair market value of the said land for the entire period of its dispossession." This request for a cash payment of fair market value from each defendant is entirely new to this lawsuit and should not be permitted at this late stage.[8] This request is a separate and alternative relief to the pre-existing claim for possession of the land (along with past rentals and profits),

---

[7] In ruling on plaintiff's motion to amend the complaint, this Court need not decide the substantive question of whether plaintiff may, in fact, state a claim for an accounting against the landowners, or whether there are valid defenses to such an action. These substantive questions should be addressed only after a more thorough opportunity to brief them, assuming that the amendment is permitted. It is enough for this Court to reject the amendment because the amendment would add to the complexity of the issues and burden defendants, where plaintiff is late in trying to bring these new issues into the case.

[8] For the same reason, the proposal to add paragraph 163 to the complaint should be rejected. Plaintiff would allege in proposed paragraph 163 that it has been denied use and enjoyment of the fair market value of the land. This paragraph goes hand-in-hand with the additional form of relief that plaintiff seeks to add.

and raises complex issues of valuation for all the land in question. Plaintiff has previously chosen the path it sought in this case, wanting possession of the land and not payment of fair market value. It is too late for it seek a different course.

The proposed paragraph 4 of the prayer for relief asks for "[m]oney damages representing the fair rental value and profits of the said land for the entire period of its dispossession." While the existing complaint, as part of the claim to quiet title and obtain possession, asks for "the rents and profits of the said land," the proposed amendment belatedly seeks these amounts "for the entire period of [plaintiff's] dispossession" going back to 1802. This proposed change (along with the corresponding allegation in the proposed paragraph 162) would raise issues regarding liability for rents and profits from periods *before* defendants purchased the land from prior owners. The present complaint gave no hint that these issues were at stake in the case, and so this amendment should not be permitted. Instead, plaintiff should be left with the existing formulation of seeking "the rents and profits of the said land." Amended Complaint (11/6/92), Prayer for Relief ¶ 1.

The proposed paragraph 5 of the prayer for relief asks for "[t]respass damages in the amount of the fair rental value of the land for the entire period of its dispossession." There is no reference to "trespass" or "trespass damages" in the existing complaint, which, while questioning defendants' titles, has to date not labeled the defendant landowners as intentional tortfeasors. The proposed paragraph 5 is redundant of the existing prayer for rents and profits, which plaintiff continues to seek in the proposed paragraph 4 attached to the motion to amend. It is not clear why plaintiff needs *two* requests for rental value of the land in its prayer for relief, with one of those requests belatedly adding a new term ("trespass") to the complaint.

Plaintiff already has in this case a complaint alleging its title and the right to regain possession of the land along with rents and profits. There is no need for plaintiff to amend the

6

complaint to pursue that theory of recovery. But plaintiff, through its motion to amend, wants to expand this case against defendants and to make other changes that are repetitious and unnecessary. The time for that has passed, and the Court should deny the motion to amend.

        Respectfully submitted,

        DEFENDANT
        THE UNITED ILLUMINATING COMPANY

By: _____
        Jeffrey R. Babbin (ct10859)
          jbabbin@wiggin.com
        Noel E. Hanf (ct10588)
          nhanf@wiggin.com
        Wiggin and Dana LLP
        One Century Tower
        P.O. Box 1832
        New Haven, CT 06508-1832
        (203) 498-4400
        (203) 782-2889 (fax)
        Its Attorneys

## **CERTIFICATION**

I hereby certify that on this 19th day of June, 2006, the foregoing was electronically filed, with notice of this filing served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. The service list is as follows:

| | |
|---|---|
| Michael D. O'Connell, Esq.<br>O'Connell, Flaherty & Attmore<br>280 Trumbull Street<br>Hartford, CT 06103-3598 | Bernard Wishnia, Esq.<br>204 Eagle Rock Avenue<br>Roseland, NJ 07068 |
| William A. Wechsler, Esq.<br>Bailey & Wechsler<br>583 Old Slocum Road<br>Hebron, CT 06248 | Susan Quinn Cobb, Esq.<br>Mark F. Kohler, Esq.<br>Daniel R. Schaefer, Esq.<br>P.O. Box 120<br>Hartford, CT 06141-0120 |
| Mark T. Anastasi, Esq.<br>Office of the City Attorney<br>City of Bridgeport<br>999 Broad Street, 2nd floor<br>Bridgeport, CT 06604-4328 | Anthony M. Feeherry, Esq.<br>Goodwin, Proctor & Hoar<br>Exchange Place<br>Boston, MA 02109-2881 |
| Henry C. Winiarski, Jr., Esq.<br>941 Wethersfield Avenue<br>Hartford, CT 06114-3137 | Alexander H. Schwartz, Esq.<br>3695 Post Road<br>P.O. Box 701<br>Southport, CT 06490 |
| Richard L. Albrecht, Esq.<br>Austin K. Wolf, Esq.<br>Cohen & Wolf, P.C.<br>1115 Broad Street<br>P.O. Box 1821<br>Bridgeport, CT 06604 | Thomas A. Gugliotti, Esq.<br>Updike, Kelly & Spellacy, P.C.<br>One State Street<br>P.O. Box 231277<br>Hartford, CT 06123-1277 |
| Geoffrey A. Hecht, Esq.<br>Caplan, Hecht & Mendel, LLC<br>20 Trumbull Street<br>P.O. Box 9505<br>New Haven, CT 06534 | John Pirina, Jr., Esq.<br>Law Offices of Arnaldo J. Sierra<br>215 Washington Street<br>Hartford, CT 06106 |

| | |
|---|---|
| Janet L. Janczewski, Esq.<br>Southern Connecticut Gas Co.<br>855 Main Street<br>Bridgeport, CT 06604 | Kimball H. Hunt, Esq.<br>Hunt, Leibert, Chester & Jacobson, P.C.<br>50 Weston Street<br>Hartford, CT 06120-4626 |
| Richard J. Buturla, Esq.<br>Robert L. Berchem, Esq.<br>Berchem, Moses & Devlin, P.C.<br>75 Broad Street<br>Milford, CT 06460 | Andrew M. Eschen, Esq.<br>U.S. Department of Justice<br>Environment & Natural Resource<br>P.O. Box 663<br>Washington, DC 20044-6208 |
| John J. Kelly, Jr.<br>Cantor, Floman, et al.<br>378 Boston Post Road<br>P.O. Drawer 966<br>Orange, CT 06477 | Gerald T. Weiner, Esq.<br>Judith A. Mauzaka, Esq.<br>Weinstein, Weiner, et al.<br>350 Fairfield Avenue<br>P.O. Box 9177<br>Bridgeport, CT 06601 |
| Paul Ruszczyk, Esq.<br>408 Highland Avenue<br>Cheshire, CT 06410 | Stuart A. Margolis, Esq.<br>132 Temple Street<br>New Haven, CT 06510 |
| Michael S. Hillis, Esq.<br>Dombroski, Knapsack & Hillis<br>129 Whitney Avenue<br>New Haven, CT 06510 | Gerald L. Garlick, Esq.<br>Linda C. Hadley, Esq.<br>Krasow, Garlick & Hadley<br>One State Street<br>Hartford, CT 06103 |
| Kenneth M. Rozich, Esq.<br>Law Firm of Edward D. Jacobs<br>P.O. Box 1952<br>New Haven, CT 06509 | Howard R. Wolfe, Esq.<br>Goldman, Gruder & Woods<br>125 Mason Street<br>Greenwich, CT 06830 |
| Thomas E. Behuniak, Esq.<br>44 Greenwood Circle<br>Seymour, CT 06483 | James A. Trowbridge, Esq.<br>Quinnipiac University<br>Law School Clinic<br>275 Mount Carmel Avenue<br>Hamden, CT 06518-1946 |
| John B. Hughes, Esq.<br>U.S. Attorney's Office<br>157 Church Street, 23rd floor<br>P.O. Box 1824<br>New Haven, CT 06508-1824 | |

_____
Jeffrey R. Babbin

\14746\33\599752.2

Case 2:92-cv-00738-JBA    Document 308    Filed 06/19/2006    Page 10 of 10