FILED

2006 JUN 26  P 2: 48

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GOLDEN HILL PAUGUSSETT TRIBE
    OF INDIANS

    Plaintiff,

                             CASE NO. 2:92-cv-00738 (JBA)

vs.

LOWELL P. WEICKER, JR., et al

    Defendants                      JUNE 26, 2006

## REPLY TO DEFENDANT'S OBJECTION TO MOTION FOR LEAVE TO AMEND COMPLAINT

    The Plaintiff, Golden Hill Paugussett Tribe of Indians, respectfully submits this Reply to Defendant's The United Illuminating Company Opposition to Motion to Amend Complaint dated June 19, 2006.

    From the outset, it is indisputable that all parties cooperated in allowing the present matter to remain dormant while the administrative proceedings in the Bureau of Indian Affairs ("BIA") progressed. At any time, the Defendant could have asked to have the matter restored to the active docket and litigated. The Defendant never pressed the issue, and it is disingenuous for it to now claim that Plaintiff has somehow delayed the prosecution of this case. In fact, it was the Plaintiff who requested that the matter be restored to active status. In addition, the

Defendant refers to the Second Circuit Court of Appeals decision in these matters as "affirming" the District Court's dismissal of the cases in deference to the BIA. In fact, the Second Circuit concluded that the District Court was wrong in holding that the Plaintiff did not have standing to bring these actions and that the Plaintiff had failed to exhaust administrative remedies by not seeking recognition first through the BIA. The Second Circuit remanded the cases to the District Court with orders to stay the matters, while noting that the administrative action and the court's ultimate decision on the Non-Intercourse Act claims "… might not always yield identical results." Golden Hill Paugussett Tribe of Indians v. Weicker, 39 F.3d 51, 58-61 (2d Cir. 1994). "A federal court, of course, retains the final authority to rule on a federal statute …." Id. at 60.

Nonetheless, the proposed amendments are proper because they seek to clarify in the prayer for relief that the Plaintiff is also seeking monetary damages as well as possession of the land at issue. The amendments do not inject new issues into the matter. In fact, by seeking "rents and profits of the said land," paragraph one of the existing prayer for relief arguably already asserts a claim for monetary damages. (See Amended Complaint dated Nov. 4, 1992). The proposed amendments are directly related to and derivative of the Plaintiff's existing claims and prayer for relief. As such, there is no unfair prejudice or surprise to the Defendant as it has been on notice since 1992 that the Plaintiff's claims are not limited solely to a claim of possession. The present matter is analogous to Cayuga Indian Nation of New York, et al v.

2

Pataki, et al, 413 F.3d 266 (C.A.2 (N.Y.)(2005), a case which spanned over twenty years. In *Cayuga*, the nature of the claims progressed throughout the litigation, with the focus shifting from the initial claim of possession to the determination of monetary damages by a jury.[1]

Moreover, as the Defendant admits in footnote seven of its Opposition, the Court need not address substantive issues in ruling upon the Plaintiff's Motion to Leave to Amend. Despite this admission, the Defendant goes on to make substantive arguments regarding the merits of the proposed amendments. For example, the Defendant argues that proposed paragraph two of the prayer for relief, "[a]n accounting of all tax funds paid by possessors of the said land," should not be permitted because it is no longer in possession of the funds paid to local taxing authorities. (See Def. Opposition, p.5). Such an argument is premature, as the present issue before the court is whether the Plaintiff is able to amend its complaint, not whether it will ultimately succeed on the merits of the proposed amendments.

The proposed amendments take into account the developing case law over the past twelve years, and are derivative of the Plaintiff's existing claims and prayers for relief. As such, there is no prejudice to any party as a result of the filing of the proposed amendments.

WHEREFORE, the Plaintiff, Golden Hill Paugussett Tribe of Indians, pray that its Motion to Amend be granted.

---

[1] The Plaintiff disagrees with the Second Circuit's ultimate holding in Cayuga, and if given the opportunity, would seek certification from the United State Supreme Court to argue its position.

THE PLAINTIFF,

By: _____
Michael D. O'Connell
O'Connell, Flaherty & Attmore, LLC
280 Trumbull Street
Hartford, CT  06103
Federal Bar. No. CT05299
(860) 548-1300
(860) 548-0023  (facsimile)
mailto:moconnell@ofalaw.com

4

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal rules of Civil Procedure on this 26th day of June, 2006 to:

Bernard Wishnia
Roseland Professional Building
204 Eagle Rock Avenue
Roseland, NJ 07068

William A. Wechsler
Bailey & Wechsler
583 Old Slocum Road
Hebron, CT 06248

Alexander H. Schwartz
3695 Post Road
P.O. Box 701
Southport, CT 06490

David G. Chabot
Gerald L. Garlick
Linda Clifford Hadley
Krasow, Garlick & Hadley
One State Street
Hartford, CT 06103

Noel E. Hanf
Wiggin & Dana
One Century Tower
265 Church St., P.O. Box 1832
New Haven, CT 06508-1832

Thomas Gugliotti
Updike, Kelly & Spellacy, P.C.
One State St., P.O. Box 231277
Hartford, CT 06123-1277

Susan Quinn Cobb
Attorney General's Office
55 Elm Street, P.O. Box 120
Hartford, CT 06141

Richard L. Albrecht
Cohen & Wolf, P.C.
1115 Broad Street, P.O. Box 1821
Bridgeport CT 06604

Henry C. Winiarski, Jr.
941 Wethersfield Avenue
Hartford, CT 06114-3137

John J. Kelly, Jr.
Cantor, Floman, Gross, Kelly
  Amendola & Sacramone
378 Boston Post Road
P.O. Box 966
Orange, CT 06477

Kenneth Lenz
982 Rainbow Trail
Orange, CT 06477

Austin K. Wolf
Cohen & Wolf, P.C.
1115 Broad Street
P.O. Box 1821
Bridgeport, CT 06604

Geoffrey A. Hecht
Caplan, Hecht, Scanlon & Mendel
20 Trumbull Street, P.O. Box 9505
New Haven, CT 06534

Janet L. Janczewiski
The Southern Connecticut Gas Co.
885 Main Street
Bridgeport, CT 06604

5

Robert L. Berchem
Richard J. Buturla
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460

Andrew M. Eschen
U.S. Department of Justice
Ben Franklin Station, PO Box 663
Washington, DC 20044-6208

Judith A. Mauzaka
Gerald T. Weiner
Weinstein, Weiner, Ignal, Vogel & Shapiro
350 Fairfield Avenue, P.O. Box 9177
Bridgeport, CT 06601

Stuart A. Margolis
132 Temple Street
New Haven, CT 06510

Howard R. Wolfe
Goldman, Gruder & Woods
125 Mason Street
Greenwich, CT 06830

John Pirina, Jr.
Law Offices of Arnaldo J. Sierra
215 Washington Street
Hartford, CT 06106

John B. Hughes
U.S. Atty's Office of the Atty. General
157 Church Street, 23rd Floor
P.O. Box 1824
New Haven, CT 06510

James A. Trowbridge
Quinnipiac College
Law School Clinic
275 Mount Carmel Avenue
Hamden, CT 06518-1946

Kimball Haines Hunt
Hunt, Leibert, Chester & Jacobson, P.C.
50 Weston Street
Hartford, CT 06120-4626

Mark T. Anastasi
City of Bridgeport
Office of the City Attorney
999 Broad Street, 2nd Floor
Bridgeport, CT 06604-4328

Thomas E. Behuniak
44 Greenwood Circle
Seymour, CT 06483

Michael Stanton Hillis
Dombroski, Knapsack & Hillis
129 Whitney Avenue
New Haven, CT 06510

Kenneth M. Rozich
Law Firm of Edward D. Jacobs
P.O. Box 1952
New Haven, CT 06509

Anthony M. Feeherry
Goodwin, Proctor & Hoar
Exchange Place, 2nd Floor
Boston, MA 02109-2881

Paul Ruszczyk
Highland Professional Center
408 Highland Avenue
Cheshire, CT 06410

Jeffrey R. Babbin
Wiggin & Dana
One Century Tower
265 Church St., P.O. Box 1832
New Haven, CT 06508-1832

6

Mark F. Kohler
Assistant Attorney General
Office of the Attorney General
55 Elm Street, P.O. Box 0120
Hartford, CT 06141-0120

_____
Michael D. O'Connell
Commissioner of the Superior Court

W:\NEdwards\GHT\BIA SUPP Petition\UPDATED CERTIFICATION.doc

7