UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Golden Hill Paugussett Tribe       :
of Indians, et al.,                :
         Plaintiffs,               :
                                   :    Case No. 2:92cv738 (JBA)
v.                                 :    LEAD CASE
                                   :
Lowell v. Weicker, Jr., et al.,    :
     Defendants.                   :

**RULING ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT
[92cv738 DOC. # 307; 93cv26, DOC. # 62; 93cv694, DOC. # 213]**

This case was originally instituted in 1992 alleging that an 1802 Act of the State of Connecticut, which authorized the sale of tribal land, was invalid under the federal Indian Trade and Intercourse Act, 25 U.S.C. § 177. After plaintiffs filed an amended complaint and the parties briefed defendants' motion to dismiss, this Court (by opinion of Hon. Peter C. Dorsey) dismissed the claims of the individual plaintiffs in the amended complaint for lack of standing and dismissed claims under the Proclamation of 1763 for lack of subject matter jurisdiction. See Golden Hill Paugussett Tribe of Indians v. Weicker, 839 F. Supp. 130 (D. Conn. 1993). The Court also exercised its discretion to defer in the first instance to the federal acknowledgment proceedings before the Bureau of Indian Affairs ("BIA") to determine "tribal status" and dismissed the remaining claims without prejudice. The Second Circuit affirmed this deference to the BIA pursuant to principles of primary

1

jurisdiction and modified the judgment as a stay of proceedings rather than a dismissal without prejudice.  See Golden Hill Paugussett Tribe of Indians v. Weicker, 39 F.3d 51, 59-61 (2d Cir. 1994).

On March 18, 2005, the BIA issued a final decision denying plaintiff's acknowledgment petition, and plaintiffs subsequently moved to restore this case to the active docket, which motion was granted on July 8, 2005.  See Order [Doc. # 295].

The Court held a status conference on May 25, 2006, and thereafter issued a scheduling order permitting plaintiffs to file motions to amend, to be followed by defendants' motions for judgment.  Plaintiffs now seek to amend, filing motions in this and the member cases,[1] see [92cv738, Doc. # 307; 93cv26, Doc. # 62; 93cv694, Doc. # 213]  and defendants oppose, see [Docs. ## 308-12, 314].  For the foregoing reasons, plaintiffs' motions will be granted in part and denied in part.

I.     **PROPOSED AMENDMENTS**

Plaintiffs seek, preliminarily, to remove the individual plaintiffs – Ethel Sherman Piper Baldwin Peters, Auerlius H. Piper, Jr., and Moonface Bear – from this action.  Plaintiffs represent that the Tribe plaintiff – Golden Hill Paugussett Tribe

---

[1] Because the member cases, 93cv26 and 93cv694, have been closed and consolidated with the lead case, 92cv738, pursuant to the consolidation orders and for ease of administration, all future pleadings, motions, and other filings are to be made under the lead case number only.

of Indians (the "Tribe") – can adequately represent the interests of its members and assert the claims in the present matter.

Plaintiffs also seek several amendments concerning the allegations relating to harm allegedly suffered and corresponding relief sought. Specifically, plaintiffs seek to add the following paragraphs and claims for relief:

> As a result of the defendants' unlawful possession, the plaintiff has been denied the use and enjoyment of any rental income and profits rightfully due to it from said land for the entire period of its dispossession.
>
> As a further result of the defendants' unlawful possession, the plaintiff has been denied the use and enjoyment of the fair market value of the land for the entire period of its dispossession.
>
> WHEREFORE, the plaintiff respectfully requests:
>
> 1. That the Court decree, declare, and adjudge that the plaintiff is the owner of and has the legal and equitable title and right of possession to such land, and restore plaintiff to immediate possession;
>
> 2. An accounting of all tax funds paid by possessors of the said land;
>
> 3. Money damages representing the fair market value of the said land for the entire period of its dispossession;
>
> 4. Money damages representing the fair rental value and profits of the said land for the entire period of its dispossession;
>
> 5. Trespass damages in the amount of the fair rental value of the land for the entire period of its dispossession;
>
> 6. Attorney's fees and costs of this action; and
>
> 7. Such other and further equitable relief as the

court may deem appropriate.

## II. STANDARD

After a responsive pleading has been filed, "a party may amend [its] pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Parties are generally allowed to amend their pleadings absent bad faith or prejudice." Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d 321, 333 (2d Cir. 2000) (internal citation omitted). In exercising its broad discretion in this regard, the Court takes into account considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.[2] See Local 802 Associated Musicians of Greater N.Y. v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also United States, ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co., 889 F.2d 1248, 1254 (2d Cir. 1989) (discretion of

---

[2] Although the parties appear to be in agreement that the Court need not decide the substantive question of whether plaintiff's proposed amendments are valid, or whether there are valid defenses against the claims contained therein, "a district court addressing the futility of proposed amendments to a complaint should consider whether the amendments are sufficient on the merits." See Fezzani v. Bear, Stearns & Co., Inc., 99civ793 (RCC), 2005 WL 500377, at *3 (S.D.N.Y. Mar. 2, 2005) (citing cases).

the Court with regard to motions seeking leave to amend "must be exercised in terms of a justifying reason or reasons consonant with the liberalizing spirit of the Federal Rules") (internal quotations and citations omitted).

**III. DISCUSSION**

    **A.   Substitution of Defendant**

Defendants note that the first-named defendant in the Weicker action, 92cv738, should now be M. Jodi Rell, as Governor of the State of Connecticut, rather than Lowell P. Weicker, Jr., as such an amendment would reflect the fact that it is the State that is a defendant, and not any official sued in an individual capacity. Plaintiffs do not appear to object to this amendment and thus are directed to incorporate this change into the amended complaint when filed. See Fed R. Civ. P. 25(d)(1); Canadian St. Regis Band of Mohawk Indians v. N.Y., 146 F. Supp. 2d 170, 170 n.1 (N.D.N.Y. 2001) (substituting new governor as defendant).

    **B.   Individual Plaintiffs**

As noted above, plaintiffs seek to remove the individual plaintiffs from this action on the basis that the Tribe can adequately represent the interests of its members (and, moreover, because one of the individual plaintiffs – Moonface Bear – is now deceased). While defendants contend that plaintiffs' motions in this respect are moot as they were already dismissed from the action in 1993 by this Court and did not seek to appeal that

judgment, plaintiffs argue that "[i]n fact, the Second Circuit concluded that the District Court was wrong in holding that the plaintiff did not have standing to bring these actions . . . ." Pl. Reply [Doc. #313] at 2.  While plaintiffs are correct that the Second Circuit disagreed with the determination concerning tribal status of the plaintiff Tribe and its standing given its alleged failure to exhaust administrative remedies, the Second Circuit did not address dismissal of the individual plaintiffs' claims for lack of standing.  See Golden Hill, 39 F.3d at 57-58. Accordingly plaintiffs' motions in this respect are denied as moot and any amended pleading filed shall remove the names of the individual plaintiffs from its caption.

### C.   Substantive Amendments

Plaintiffs contend that their proposed substantive amendments "take into account the developing case law over the past twelve years" and claim that there is no prejudice to any party in allowing the amendments as the parties agreed to stay the present action pending the conclusion of the BIA proceedings. Pl. Motion [Doc. # 307] at 1.  Defendants oppose plaintiffs' proposed amendments as far too late, given that the initial and amended complaints were filed in 1992, contending that "[t]he changes that plaintiff now seeks to make are ones that it surely could have made when it amended its complaint the first time, but it simply chose not to at that time," and, further, in light of

6

the fact that the case was reopened in July 2005 and plaintiffs did not file the pending motions to amend until nearly a year later.  See Def. Opp. [Doc. # 308] at 4.

Defendants also raise more specific objections to the new allegations and claims for relief as discussed below.

### Tax Funds Paid (Prayer for Relief 2)

Defendants object to the new prayer for relief seeking an accounting of all tax funds paid by possessors of the contested land, contending that this is a new claim unrelated to any allegation in the current complaint and that plaintiff is not claiming any entitlement to obtain any taxes paid by, and thus no longer in the possession of, the private defendants.  While plaintiff has not yet established an entitlement to said taxes, simply because any taxes paid are no longer in the hands of the private defendants does not mean that the remedy plaintiff seeks is futile, nor do defendants make any argument or cite any case law establishing that it is futile.  Accordingly, this amendment will be permitted.

### Fair Market Value of the Land (Prayer for Relief 3)

Defendants also object to the prayer for relief seeking money damages consisting of the fair market value of the land for the entire period of dispossession, along with the corresponding proposed allegation, on the basis that this request is for relief separate from and alternative to the pre-existing claim for

7

possession of the land along with past rental and profits and "raises complex issues of valuation for all the land in question," contending "plaintiff has previously chosen the path it sought in this case, wanting possession of the land and not payment of fair market value. It is too late for it to seek a different course." Def. Opp. at 5-6.

Plaintiffs are permitted to plead in the alternative and although this additional allegation and request for relief may raise complex issues of valuation, such eventual complexity should not preclude plaintiff having the opportunity to seek appropriate relief for any liability it can prove. Further, other than the implication that such complexity may entail additional effort and discovery on the part of both parties, defendants give no indication as to how allowing this amendment as this stage will wreak any prejudice. Accordingly, these amendments will be permitted.

<u>Rental Value and Profits For Entire Period of Dispossession (Prayer for Relief 4)</u>

Defendants oppose the inclusion of an amendment to the prayer for relief seeking rental value and profits for the entire period of dispossession, as well as the corresponding new allegation, on the basis that "[t]his proposed change . . . would raise issues regarding liability for rents and profits <u>before</u> defendants purchased the land from prior owners," contending "[t]he present complaint gave no hint that these

issues were at stake in the case, and so this amendment should not be permitted." Def. Opp. at 6.

While defendants may ultimately move to dismiss or for judgment on this request for relief, defendants have advanced no argument nor cited any case law suggesting that plaintiffs would not be entitled to such relief from either the State defendant or any of the private defendants. Without such a showing the Court cannot determine that these amendments would be futile. Nor have defendants identified any prejudice they will suffer if these amendments are incorporated into the complaint. Accordingly, they will be permitted.

### Trespass Damages (Prayer for Relief 5)

Lastly, defendants oppose inclusion of a new prayer for relief seeking trespass damages in the amount of the fair rental value of the land for the entire period of dispossession, claiming that "[t]here is no reference to 'trespass' or 'trespass damages' in the existing complaint, which, while questioning defendants' titles, has to date not labeled the defendant landowners as intentional tortfeasors," and arguing that the prayer for relief "is redundant of the existing prayer for rents and profits, which plaintiff continues to seek . . . it is not clear why plaintiff needs two requests for rental value of the land." Def. Opp. at 6.

Plaintiffs do not specifically respond to this issue and

defendants are correct that the private defendants have not been alleged to be intentional tortfeasors. Further, as defendants note, this request for relief appears redundant of the request for relief in proposed paragraph 4, also seeking fair rental value for the entire period of dispossession. Thus, this amendment appears to be without any basis, and futile, and will not be permitted.

### Summary

Accordingly, in light of the policy that leave to amend shall be freely given, and given that no bad faith on the part of plaintiffs is apparent or claimed by defendants, and because the seemingly long delay in seeking the proposed amendments is due in large part to the stay of this proceeding for over a decade pending decision by the BIA, plaintiffs' proposed amendments, except for proposed Prayer for Relief 5, will be permitted, as described above. Defendants' general claims of prejudice do not identify or establish any prejudice they will suffer if the proposed amendments are allowed. Further, as described above, the proposed amendments (except for proposed Prayer for Relief 5) have not been shown to be futile.

### IV.  CONCLUSION

For the foregoing reasons, plaintiffs' Motions [92cv738, Doc. # 307]; [93cv26, Doc. # 62]; [93cv694, Doc. # 213] are GRANTED in part and DENIED in part and plaintiffs are directed to

10

file an amended complaint in the lead case incorporating the above-approved amendments **by July 20, 2006.**  Pursuant to the Court's May 26, 2006 Scheduling Order [Doc. # 305], defendants' motions for judgment shall be filed **by August 3, 2006,** with plaintiffs' opposition due **August 24, 2006,** and any replies due **September 5, 2006.**

                               IT IS SO ORDERED.

                               /s/
                             Janet Bond Arterton
                             United States District Judge

**Dated at New Haven, Connecticut this 13th day of July, 2006.**