**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| GOLDEN HILL PAUGUSSETT TRIBE<br>OF INDIANS | : | CASE NO. |
| Plaintiff, | : |  |
|  | : | 2:92-cv-00738 (JBA) |
| vs. | : |  |
| M. JODI RELL, GOVENOR OF THE STATE OF<br>CONNECTICUT; JOHN M. FABRIZI, MAYOR OF THE<br>CITY OF BRIDGEPORT; HOFFMAN FUEL CO.;<br>MERRILL LYNCH INTERFUNDING INC.; UNITED<br>ILLUMINATING COMPANY; ALFRED MARINI, SR.;<br>ALFRED MARINI, JR.; LUIGI CONSTANTINI;<br>FERNANDO CONSTANTINI; LAFAYETTE BANK<br>AND TRUST COMPANY; MANUEL F. FERREIA;<br>DOMINICK JULIAN, TRUSTEE; COSTAL PALLET<br>CORP.; PETER G. STANDISH; CHRISTINE M.<br>SMILLIE; UNION TRUST COMPANY; CHARLES C.<br>GRIGGS; CLEORA GRIGGS; SOUTHERN<br>CONNECTICUT GAS CO.; D'ADDARIO INDUSTRIES;<br>UNITED STATES OF AMERICA; CONRAIL MESSIAH<br>BAPTIST CHURCH; PEERLESS PACKAGING CO.;<br>EDDIE RODRIQUEZ, JR.; CHERYL RODRIQUEZ; G L F<br>REALTY ASSOCIATES; DAWAR ASSOCIATES;<br>CITYTRUST; STRATFORD ASSOCIATES; GEZA<br>SCAP; JOHN COTTER, JR.; AMY COTTER; ERIC<br>VON BRAUCHITSCH; M S B REAL ESTATE CORP.;<br>EDWARD J. IULO & JOHN HURLEY TRUSTEES;<br>FLORENCE L. JACOBSON; JEAN MARIE A. RYAN;<br>BANK MART; EDWIN N. ANTIGNANI; ROBERT A.<br>MARESCA; SALVATORE MARESCA; 235 CONGRESS<br>STREET LIMITED PARTNERSHIP; AVO, INC.;<br>KENNETH A. JANELLO; BRIDGEPORT ROMAN<br>CATHOLIC DIOCESAN CORP.; MARK E. KELLEY; | : | |

NORMAN L. POLLACK, E & H REALTY COMPANY;    :
ERWIN BEITMAN; LINDA JACOBSON;  HOWARD
B. JACOBSON; MURIEL NOVACK; CARLYLE LAND    :
LIMITED PARTNERSHIP; BANK OF BOSTON CT.;    :
100 FAIRFIELD AVENUE CORPORATION; FIDELITY    :
NEW YORK, FSB; BARNUM HOUSE ASSOCIATES
LIMITED; CONNECTICUT HOUSING FINANCE    :
AUTHORITY; ROBERT D. KISNER; PHILIP J.
KUCHMA; LAFAYETTE BANK AND TRUST;    :
CONNECTICUT NATIONAL BANK; METROPOLITAN :
BANK & TRUST; SALVATORE DINARDO, SR.; JOHN :
B. SCHWERDTLE; EDWARD SCHWERDTLE; FLEET    :
BANK; 4 LAFAYETTE SQUARE ASSOCIATES;    :
TRAVELERS INSURANCE CO.; LINDQUIST SUPPLY :
CO.; LINDQUIST STEEL, INC.; HENRY J. CAMPO-    :
LUCCI; JOHN MANCINI; GOLDEN HILL PARTNERS :
COMMERCIAL BANK OF NEW YORK;                :
CENTRAL BANK; MECHANICS & FARMERS    :
SAVINGS BANK FSB; JACOB ZIMMER; DANIEL    :
ZIMMER; ROSARIO N. DEBRIZZI; CHARLES L.    :
DESIENA; JOHN D. GUMAN; DEBRIZZI    :
ASSOCIATES; UNION TRUST; DERBY SAVINGS    :
BANK; GOLDEN HILL UNITED METHODIST    :
CHURCH TRUSTEES; HARRY W. CONGDON    :
ASSOCIATES, INC.; ROBERT D. SCINTO; BILL    :
GOUVERIA; MARIA J. GOUVERIA; SALVATORE C.    :
DEPIANO; PAUL T. TREMONT; LAWRENCE J.
MERLY; RICHARD T. MEEHAN, JR., UNITY
HEIGHTS CO-OP; MAIN & FAIRFIELD ASSOCIATE;    :
KENNETH F. ZARRILLI, TRUSTEE; ASSEMBLAGE    :
GROUP LTD.; RUDOLF LAZINGER; HAROLD SHAW; :
REBECCA BARNES; SANDRA ENGELMAN; EDITH    :
L. GRAHM; SELMA L. GERLER; WENDY GRAHAM
PAUL MARINO; DANIEL M. VERRILLI; KWAN O.    :
KUN; RAUL LARA; W & F REALTY, INC.; GENE
CAPOZIELLO, JR., GUS V. CURCIO; 1192    :
ASSOCIATES; GEORGE R. KOTEAS; 1200 MAIN    :

2

STREET ASSOCIATES; 1 PARK CITY REALTY;    :
MARSHALL LEWIS; SIDNEY GREENSPAN;    :
BARBARA ZANESKY, TRUSTEE; OCEAN FISH    :
COMPANY, INC., KAPETAN ASSOCIATES;    :
CARDINEL SHEHAN CENTER, INC.; EDWARD J.    :
IULO & L. HERMAN LAVIT, TRUSTEES; ANTHONY    :
C. NERI; FRANK AUGUST; JON A. AUGUST; RITA    :
LIPTON; 227 MIDDLE ST. CORP.; MICHAEL W.    :
LICAMELE; 256 MIDDLE CORPORATION; HBM    :
REALTY ASSOCIATES; F.J. POLESAIC, JR.; GLORIA    :
PRYDE; ST. AUGUSTINE CHURCH;    :
HAWKHURST, LTD.; EVELYN L. SPADACCINO;    :
ESTATE OF SALVATORE SPADACCINO; EILEEN    :
M. GORMAN; KATHLEEN A. WELLS; PATRICIA O.    :
COLUM; BEATRICE M. LAURO; MICHAEL J.    :
PARENTE; DENNIS A. COOPER; CATHERINE L.    :
COOPER; DENNIS SCINTO; JOHN R. SAVINO; JOHN    :
PLUCHINO; PEDRO VAZUEZ; EVELYN VAZUEZ    :
JOSEPH A. FRANCO; GENY FRANCO; EVERTON S.    :
PALMER; MORDALIA PALMER; ELOI BENTO;    :
ZELIO BENTO; JOSEPH OPPEDISANO; KENNETH    :
OPPEDISANO; SARAH J. DELVENTO; BETTY    :
CELONE; S. KENNETH DINARDO, TRUSTEE; SOUTH :
GATE ASSOCIATES, LIMITED PARTNER-POST    :
AUTO and CHASE MANHATTAN BANK,

      Defendants                                           JULY 20, 2006

3

<u>**AMENDED COMPLAINT**</u>

**INTRODUCTION**

1.     This is a civil action to restore the Golden Hill Paugussett Tribe of Indians to possession of certain aboriginal and reservation lands in Bridgeport, Connecticut, which lands are subject to the Indian Non-Intercourse Act, 25 U.S.C. §177 and which lands were taken in violation of the common law.

**JURISDICTION**

2.     The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§1331, 1337 and 1362.  The amount in controversy exceeds $100,000, exclusive of interest and costs.

3.     Plaintiff's claim for relief arises under the federal restriction against the extinguishment of the title to land of Indian tribes or of the right to the occupancy of the said Indian tribes, except by action of the United States, under Article I, §8 of the Constitution of the United States, and under the Indian Non-Intercourse Act, presently codified at 25 U.S.C. §177, and under the common law.  Plaintiff's claim for relief also arises due to a violation of the common law, specifically including a violation of the Proclamation of 1763, which Proclamation was made by King George III of Great Britain.

**PARTIES**

4.     The plaintiff, GOLDEN HILL PAUGUSSETT TRIBE OF INDIANS

(hereinafter the "Tribe") is an Indian Tribe which has resided in the State of Connecticut since time immemorial. The Tribe is recognized by the State of Connecticut and has two reservations in the State of Connecticut located in Trumbull and Colchester.

5. The defendant, M. JODI RELL, is the governor of the State of Connecticut. Governor Rell is named herein as the State of Connecticut is in possession of, asserts an interest in, or claims a title of record to certain lands in Bridgeport, Connecticut, which are a portion of the reservation, and aboriginal lands of the Tribe, as appears more fully elsewhere in this complaint, adversely to the Tribe.

6. The defendant, JOHN M. FABRIZI, is the Mayor of the city of Bridgeport. Mayor Ganim is named herein as the City of Bridgeport is in possession of, asserts an interest in, or claims a title of record to certain lands in Bridgeport, Connecticut, which are a portion of the reservation, and aboriginal lands of the Tribe, as appears more fully elsewhere in this complaint, adversely to the Tribe.

7. The defendant, UNITED STATES OF AMERICA, is in possession of, asserts an interest in, or claims a title of record to certain lands in Bridgeport, Connecticut, which are a portion of the reservation, and aboriginal lands of the Tribe, as appears more fully elsewhere in this complaint, adversely to the Tribe.

8. The defendants, HOFFMAN FUEL CO., MERRILL LYNCH INTERFUNDING

INC., UNITED ILLUMINATING COMPANY, ALFRED MARINI, SR., ALFRED MARINI, JR., LUIGI CONSTANTINI, FERNANDO CONSTANTINI, LAFAYETTE BANK AND TRUST COMPANY, MANUEL E. FERREIRA, DOMINICK JULIAN, TRUSTEE, COSTAL PALLET CORP., PETER G. STANDISH, CHRISTINE M. SMILLIE, UNION TRUST COMPANY, CHARLES C. GRIGGS, CLEORA GRIGGS, SOUTHERN CONNECTICUT GAS CO., D'ADDARIO INDUSTRIES, CONRAIL, MESSIAH BAPTISH CHURCH, PEERLESS PACKAGING CO., EDDIE RODRIGUEZ, JR., CHERYL RODRIGUEZ, G L F REALTY ASSOCIATES, DEWAR ASSOCIATES, CITYTRUST, STRATFORD ASSOCIATES, GEZA SCAP, JOHN COTTER, JR., AMY COTTER, ERIC VON BRAUCHITSCH, M S B REAL ESTATE CORP., EDWARD J. IULO & JOHN HYRLEY TRUSTEES, FLORENCE L. JACOBSON, JEAN MARIE A. RYAN, BANK MART, EDWIN N. ANTIGNANI, ROBERT A. MARESCA, SALVATORE MARESCA, 235 CONGRESS STREET LIMITED PARTNERSHIP, AVO, INC., KENNETH A. JANELLO, BRIDGEPORT ROMAN CATHOLIC DIOCESAN CORP., MARK E. KELLEY, NORMAN L. POLLACK, E & H REALTY COMPANY, ERWIN BEITMAN, LINDA JACOBSON, HOWARD A. JACOBSON, MURIEL NOVACK, CARLYLE LAND LIMITED PARTNERSHIP, BANK OF BOSTON, CT., 100 FAIRFIELD AVENUE CORPORATION, FIDELITY NEW YORK, FSB, BARNUM HOUSE ASSOCIATES, LIMITED, CONNECTICUT HOUSING FINANCE

AUTHORITY, ROBERT D. KISNER, PHILIP J. KUCHMA, LAFAYETTE BANK AND TRUST, CONNECTICUT NATIONAL BANK, METROPOLITAN BANK & TRUST, SALVATORE DINARDO, SR., JOHN B. SCHWERDTLE, EDWARD SCHWERDTLE, FLEET BANK, 4 LAFAYETTE SQUARE ASSOCIATES, TRAVELERS INSURANCE CO., LINDQUIST SUPPLY CO., LINDQUST STEEL, INC., HENRY J. CAMPOLUCCI, JOHN MANCINI, GOLDEN HILL PARTNERS, COMMERCIAL BANK OF NEW YORK, CENTRAL BANK, MECHANICS & FARMERS SAVINGS BANK FSB, JACOB ZIMMER, DANIEL ZIMMER, ROSARIO N. DEBRIZZI, CHARLES L. DESIENA, JOHN D. GUMAN, DEBRIZZI ASSOCIATES, UNION TRUST, DERBY SAVINGS BANK, GOLDEN HILL UNITED METHODIST CHURCH TRUSTEES, HARRY W. CONGDON ASSOCIATES, INC., ROBERT D. SCINTO, BILL GOUVERIA, MARIA J. GOUVERIA, SALVATORE C. DEPIANO, PAUL T. TREMONT, LAWRENCE J. MERLY, RICHARD T. MEEHAN, JR., UNITY HEIGHTS CO-OP, MAIN & FAIRFIELD ASSOCIATES, KENNETH F. ZARRILLI, TRUSTEE, ASSEMBLAGE GROUP LTD., RUDOLPH LAZINGER, HAROLD SHAW, REBECCA BARNES, SANDRA ENGELMAN, EDITH L. GRAHM, SELMA L. GERLER, WENDY GRAHAM, PAUL MARINO, DANIEL M. VERRILLI, KWAN O. KUN, RAUL LARA, W & F REALTY, INC., GENE CAPOZIELLO, JR., GUS V. CURCIO, 1192 ASSOCIATES, GEORGE R. KOTEAS, 1200 MAIN STREET ASSOCIATES, 1 PARK CITY

7

REALTY, MARSHALL LEWIS, SIDNEY GREENSPAN, BARBARA ZANESKY, TRUSTEE, OCEAN FISH COMPANY, INC., KAPETAN ASSOCIATES, CARDINAL SHEHAN CENTER, INC., EDWARD J. IULO & L. HERMAN LAVIT, TRUSTEES, ANTHONY C. NERI, FRANK AUGUST, JON A. AUGUST, RITA LIPTON, 227 MIDDLE STREET CORP., MICHAEL W. LICAMELE, 256 MIDDLE CORPORATION, HBM REALTY ASSOCIATES, F.J. POLESAIC, JR., GLORIA PRYDE, ST. AUGUSTINE CHURCH, HAWKHURST, LTD., EVELYN L. SPADACCINO, ESTATE OF SALVATORE SPADACCINO, EILEEN M. GORMAN, KATHLEE A. WELLS, PATRICIA O. COLUM, BEATRICE M. LAURO, MICHAEL J. PARENTE, DENNIS A. COOPER, CATHERINE L. COOPER, DENNIS SCINTO, JOHN R. SAVINO, JOHN PLUCHINO, PEDRO VAZUEZ, EVELYN FAZUEZ, JOSEPH A. FRANCO, GENY FRANCO, EVERTON S. PALMER, MORDALIA PALMER, ELOI BENTO, ZELLA BENTO, JOSEPH OPPEDISANO, KENNETH OPPEDISANO, SARAH J. DELVENTO, BETTY CELONE, S. KENNETH DINARDO, TRUSTEE, SOUTH GATE ASSOCIATES, LIMITED PARTNERSHIP, POST AUTO AND CHASE MANHATTAN BANK are named herein as they are each in possession of, assert an interest in, or claim title of record to certain lands in Bridgeport, Connecticut which are a portion of the reservation and aboriginal lands of the Tribe, as appears more fully elsewhere in this complaint, adversely to the Tribe.

8

## STATUTORY AND CONSTITUTIONAL PROVISIONS AND COMMON LAW

9.    Article I, Section 8 of the Constitution of the United States provides in relevant part:

> The congress shall have power ... to regulate commerce with foreign Nations, and among the several states, and with Indian Tribes.

10.    It is provided by in pertinent part by 25 U.S.C. §177 that:

> No purchase, grant, lease, or other conveyance of land, or of any title or claim thereto, from any Indian nation or tribe of Indians, shall be of any validity in law or equity, unless the same be made by treaty or convention entered into pursuant to the Constitution.

This section has been continuously in force in substantially the same terms since the Indian Trade and Intercourse Act of July 22, 1790, 1 Stat. 137, 138, as reenacted.  This provision is commonly known and hereinafter referred to as the "Non-Intercourse Act".

11.    Prior to the American Revolution, Great Britain ruled and had legal jurisdiction over the colonies, which comprised what was to become the United States.  On October 7, 1763, King George III of Great Britain issued the Proclamation of 1763 (hereinafter known as the "Proclamation").  In pertinent part, the Proclamation states:

> And whereas great Frauds and Abuses have been committed in the purchasing Lands of the Indians ... We do ... strictly enjoin and require, that no private Person do presume to make any Purchase from the said Indians of any Lands reserved to the said Indians ... but that, if at any Time any of the said Indians should be inclined to dispose of the said Lands, the same shall be Purchased only for Us, in our Name ... and in case they shall be within the limits of any

9

Proprietary Government, they shall be purchased only for the Use and in the name of such Proprietors …

## FACTS OF THE CASE

12.     Since time immemorial, and until the acts complained of herein, the Tribe exclusively owned, used, and occupied lands in what is now known as the City of Bridgeport, Connecticut, including the lands, which are the subject of this litigation.

13.     The nations of Europe, including Great Britain, claimed as an incident of their discovery, the inherent and exclusive right to extinguish the Indian right of occupancy.  The government of the United States later assumed this exclusive right.

14.     Prior to the arrival by European explorers in what came to be named North America, the Paugussett Nation controlled much of the southwestern part of what is now known as the State of Connecticut.  This included virtually all of Fairfield County, as well as a major portion of New Haven County, and other parts of Connecticut.

15.     The earliest recorded contract between the Paugussett Tribe and English colonists was in 1637.  English colonists began to settle in the area of the Paugussetts in significant numbers in 1638 and 1639.

16.     In 1658 a dispute developed involving the settlers of Stratford, Fairfield and the Tribe.  The matter was settled in 1659 by, among other things, creating for the Tribe a

reservation of eighty acres within what was then known as Stratford, but later became Bridgeport.

17.     The said eighty acres became known as the Golden Hill Reservation and the Tribe became known by the name Golden Hill.  At the time of its creation in 1659, the Golden Hill Reservation was the first "Indian" reservation in Connecticut and one of the first in what later became the United States.

18.     By 1760 further illegal encroachment by settlers had again reduced the size of the Reservation.  The family of John Sherman petitioned the Assembly of the Colony of Connecticut on behalf of the Tribe to investigate these encroachments.

19.     In 1765, a committee of the Assembly reported to the Assembly that the Indians were correct in their grievance.  Even though the Tribe was found to be correct, the dispute was settled by allowing the settlers to keep sixty-eight acres of the Tribal land, but giving to the Indians what was described as the remaining twelve acre piece of land from the reservation known as the "Nimrod Lot" and another eight acres known as the "Rocky Hill Lot".  At the time that the Assembly gave these sixty-eight acres to the settlers, the said action was in violation of the Proclamation and the common law.

11

20.     The sixty-eight acre portion of the reservation taken in 1765 and the Nimrod Lot and Rocky Hill Lot are located in Bridgeport, Connecticut.  These lands are subjects of this litigation.

21.     In 1789 the Constitution of the United States was ratified, reserving to the federal government the power to regulate commerce with Indian Tribes.

22.     In 1790, the First Congress of the United States adopted the first Indian Non-Intercourse Act.  The said act was modified slightly and reenacted in 179, 1796, 1799, 1802 and 1834.  The Non-Intercourse Act confirmed the rights of Indian Tribes to the possession of all lands then owned or occupied by them, until alienated with the consent of the Congress, and nullified any purported conveyance of tribal lands made without such federal consent.  The said act confirmed the Tribe's right of possession to all of the land, which is the subject matter of this action.

23.     In 1802, an act of the General Assembly of the State of Connecticut purported to sell on behalf of the Tribe the Nimrod Lot and the Rocky Hill Lot.  This was supposedly the result of a petition of "Thomas Sherman, Eunice Sherman and others called Golden Hill Indians".

24.     By deed dated August 1, 1849, Smith Tweedy, as Overseer of the Golden Hill Tribe purchased certain property located in the City of Bridgeport.  This land was a portion of

the aboriginal and ancestral lands of the Tribe. By deed dated October 4, 1862, Russell Tomlinson, as Overseer of the Tribe sold the aforesaid property in violation of the Non-Intercourse Act. This property is located under what is now commonly known as the Hi-Ho Mall. This land is a subject of this litigation.

25.    By deed dated June 13, 1831 and by a series of other transactions, Elijah Burrill, as Overseer of the Tribe, and others conveyed certain property located in the City of Bridgeport. This land was a portion of the aboriginal and ancestral lands of the Tribe and was sold in violation of the Non-Intercourse Act. This property is now known as 999 Broad Street, Bridgeport, Connecticut. This land is a subject of this litigation.

26.    The government of the United States has never consented to or approved of the said enactment of the General Assembly of the State of Connecticut or the Assembly of the Colony of Connecticut, or the acts of any other persons, or any conveyance or alienation pursuant thereto, and the said acts, enactments, and conveyances are void; nor has the title and right of possession of the Tribe to the said land been transferred to any defendant or to any other party with the consent of the or approval of the Government of the United States. The Tribe therefore retains the title and right of possession to the said land and the said land is not and never has been the property of any other person, party or entity.

13

## DESCRIPTION OF ADVERSE CLAIMS

27.    Defendant, HOFFMAN FUEL CO. is in possession of lands or claims title to or has an interest in lands commonly known as 156 E. Washington Avenue, Bridgeport, Connecticut, also being Block 1531, Lot 01 in violation of the Non-Intercourse Act.

28.    Defendant, MERRILL LYNCH INTERFUNDING INC. is in possession of lands or claims title to or has an interest in lands commonly known as 156 E. Washington Avenue, Bridgeport, Connecticut, also being Block 1531, Lot 01 in violation of the Non-Intercourse Act.

29.    Defendant, UNITED ILLUMINATING COMPANY is in possession of lands or claims title to or has an interest in lands commonly known as 184 E. Washington Avenue, Bridgeport, Connecticut, also being Bloc 1531, Lot 02A in violation of the Non-Intercourse Act.

30.    Defendant, UNITED ILLUMINATING COMPANY is in possession of lands or claims title to or has an interest in lands commonly known as 46 Congress Street, Bridgeport, Connecticut, also being Block 1531, Lot 04 in violation of the Proclamation and of the common law.

31.    Defendants, ALFRED MARINI, SR., ALFRED MARINI, JR., LUIGI CONSTANTINI and FERNANDO CONSTANTINI are in possession of lands or claim title to

14

or have an interest in lands commonly known as 85 E. Washington Avenue, Bridgeport, Connecticut, also known as Block 1534, Lot 04X in violation of the Non-Intercourse Act.

32.     Defendant, LAFAYETTE BANK AND TRUST COMPANY is in possession of lands or claims title to or has an interest in lands commonly known as 85 E. Washington Avenue, Bridgeport, Connecticut, also being Block 1534, Lot 04X in violation of the Non-Intercourse Act.

33.     Defendant, MANUEL F. FERREIA is in possession of lands or claims title to or has an interest in lands commonly known as 113 E. Washington Avenue, Bridgeport, Connecticut, also being Block 1534, Lot 04Y in violation of the Non-Intercourse Act.

34.     Defendant, DOMINICK JULIAN, TRUSTEE is in possession of lands or claims title to or has an interest in lands commonly known as 113 E. Washington Avenue, Bridgeport, Connecticut, also being Block 1534, Lot 04Y in violation of the Non-Intercourse Act.

35.     Defendant, COSTAL PALLET CORP. is in possession of lands or claims title to or has an interest in lands commonly known as 135 E. Washington Avenue, Bridgeport, Connecticut, also being Block 1534, Lot 04E in violation of the Non-Intercourse Act.

36.     Defendants, PETER G. STANDISH and CHRISTINE M. SMILLIE are in possession of lands or claim title to or have an interest in lands commonly known as 135 E.

15

Washington Avenue and 181 E. Washington Avenue, Bridgeport, Connecticut, also being Block 1534, Lot 04E and Block 1534, Lot 05C in violation of the Non-Intercourse Act.

37.     Defendant, UNION TRUST COMPANY is in possession of lands or claims title to or has an interest in lands commonly known as 135 E. Washington Avenue, Bridgeport, Connecticut, also being Block 1534, Lot 04E in violation of the Non-Intercourse Act.

38.     Defendants, CHARLES C. GRIGGS and CLEORA GRIGGS are in possession of lands or claim title to or have an interest in lands commonly known as 135 E. Washington Avenue, Bridgeport, Connecticut, also being Block 1534, Lot 40E in violation of the Non-Intercourse Act.

39.     Defendant, SOUTHERN CONNECTICUT GAS. CO. is in possession of lands or claims title to or has an interest in lands commonly known as 412 Housatonic Avenue, Bridgeport, Connecticut, also being Block 1534, Lot 03 in violation of the Non-Intercourse Act.

40.     Defendant, D'ADDARIO INDUSTRIES is in possession of lands or claims title to or has an interest in lands commonly known as 100 Housatonic Avenue (the railroad tracks between 327 and 412 Housatonic Avenue), Bridgeport, Connecticut, also being Block 962, Lot 1D in violation of the Non-Intercourse Act.

41.     Defendant, D'ADDARIO INDUSTRIES. is in possession of lands or claims title to or has an interest in lands commonly known as a portion of the Hi-Ho Mall in Bridgeport, Connecticut, in violation of the Non-Intercourse Act.

42.     Defendant, the STATE OF CONNECTICUT through GOVERNOR M. JODI RELL is in possession of lands or claims title to or has an interest in lands commonly known as 560 – 575 Trumbull Ave., Bridgeport, Connecticut (Trumbull Garden Apartments), also being Block 2778, Lots 57 and 58.  Defendant, the State of Connecticut is also in possession of lands or claims title to or has an interest in lands being a portion of Routes 8/25 also formerly commonly known as 4-8 N. Washington Ave., 16 – 18 N. Washington Ave., 26 – 28 N. Washington Ave., 36-38 N. Washington Ave., 46-48 N. Washington Ave., 433 Housatonic Ave., and 469 – 471 Housatonic Ave., and 34 – 36 Meadow Street also being Block 1503, Lots 08A, 09, 10, 11, 12, 13, 14 and 15; also being formerly commonly known as 411 Housatonic Ave., 421 Housatonic Ave., 25 E. Washington Ave., 31 – 39 E. Washington Ave., 1566 – 1574 – 1576 Main Street, 1582 – 1596 Main Street, 1602 – 1608 Main St., 1624 – 1630 Main St., and 33 – 37 Meadow St., also being Block 1502, Lots 03, 05, 06, 07, 08, 09, 10, 11 and 12; also being formerly commonly known as 1516 Main St., also being  Block 1501 – 3B; also being lands formerly of Henry Belinkie, Peter . and Mary Garnat, and Henry Blank and Morris Diner,

17

which lands no longer have a block and lot designation, but are now a portion of Route 8/25 in violation of the Non-Intercourse Act.

43.    Defendant, the STATE OF CONNECTICUT through GOVERNOR M. JODI RELL is in possession of lands or claims title to or has an interest in lands in Bridgeport, Connecticut formerly commonly known as 160, 173, 186, 198, 213, 214, 232, 254 and 258 Courtland Street, now a portion of Route 8/25 also being portions of Blocks 919 and 920; and lands formerly known as 26, 29, 36, 39, 44, 47, 49, 52, 57, 58, 59, 66, 67, 72 and 89 Franklin Street, now being a portion of Route 8/25 also being Block 901, Lots, 3, 6, 8, 9, 10, 11 and 12B and Block 902, Lots 17, 18, 18B, 19, 20, 21 and 23; and lands known as 172 Golden Hill Street also being Block 917, Lot 7A; and lands formerly known as 90, 94, 96, 106, 111, 114, 119 – 125, 120 –128, 132, 135, 139, 140, 147 and 155 High Street now being a portion of Route 8/25 also being Block 903, Lots 4, 5, 6, 7, 8B, 8C, 9B, 26, 38A, 39, 40, 41, 42 and 43; and lands formerly known as 1521 – 1523 Main Street now being a portion of Route 8/25 also being Block 901, Lot 9A; and lands formerly known as 280 Washington Avenue now being a portion of Route 8/25 also being Block 920, Lot 15A; in violation of the Proclamation and the common law.

44.    Defendant, CITY OF BRIDGEPORT through MAYOR JOHN M. FABRIZI is in possession of lands or claim title to or has an interest in lands located in Bridgeport,

18

Connecticut commonly known as 1506 – 1512 Main St. also being Block 1501, Lot 5; 1516 Main St., also being Block 1501, Lot 3B; 1544 Main St., also being Block 1501, Lot 1A; 327 Housatonic Ave., also being Block 1501, Lot 3A; 34 – 36 E. Washington Ave., also being Block 1501, Lot 11; 54 E. Washington Ave., also being Block 1501, Lot 10; and 1526 Chopsey Hill Road (the Park City Magnet School), also being Block 2778, Lot 60 in violation of the Non-Intercourse Act.

45.    Defendant, CITY OF BRIDGEPORT through MAYOR JOHN M. FABRIZI is in possession of lands or claims title to or has an interest in lands located in Bridgeport, Connecticut commonly known as City Hall located at 45 Lyon Street; and also 40, 61, 73, 81 – 83, and 91 – 93 Arch Street, also being Block 905, Lots 15, 16, 17, 22 and 24; and also 55, 84 – 116, 191, 199, 226 – 228 and 300 Congress Avenue, also being Block 905, Lots 8A and 11, Block 908, Lots 8A and 12, Block 962, Lot 1B, Block 1500, Lot 16; and also 37 Franklin Street, being Block 902, Lot 17; and also 232, 300 – 306, 350 and 363 Golden Hill Street, being Block 907, Lots 1A and 2, Block 908, Lots 8 and 9, and Block 917, Lots 1 – 2, 3, 7A and 9; and also 137 – 165 Housatonic Avenue, being Block 1500, Lot 13A; and also 1312 – 1320, 1324 – 1328, 1340 – 1344, 1346 – 1348, 1352 – 1360, 1362 – 1390 Main Street, being Block 901, Lot 12A, Block 1500, Lots 7, 8, 9, 12 and 13A' and also 15 – 35 and 2074 Middle Street, being Block 910, Lot 1 and Block 934, Lot 10; and also 1 Stratford Avenue, being Block 962, Lot 2B;

19

and also 819 Washington Avenue, being Block 1045, Lot 14A in violation of the Proclamation and the common law.

46.      Defendant, UNITED STATES OF AMERICA is in possession of lands or claims title to or has an interest in land commonly known as 120 Middle Street, Bridgeport, Connecticut, also being Block 913, Lot 1 in violation of the Proclamation and the common law.

47.      Defendant, CONRAIL is in possession of lands or claims title to or has an interest in lands upon which are located railroad tracks between Fairfield Avenue and Pecks Bridge along Water Street in Bridgeport, Connecticut, in violation of the Proclamation and the common law.

48.      Defendant, MESSIAH BAPTIST CHURCH is in possession of lands or claims title to or has an interest in lands commonly known a 55 Arch Street, Bridgeport, Connecticut, also being Block 905, Lot 14 in violation of the Proclamation and the common law.

49.      Defendant, PEERLESS PACKAGING CO. is in possession of lands or claims title to or has an interest in lands commonly known as 1184 Broad Street and 220 Fairfield Avenue, Bridgeport, Connecticut, also being Block 918, Lot 2 and Block 916, Lot 3 in violation of the Proclamation and the common law.

50.      Defendants, EDDIE RODRIQUEZ, JR. and CHERYL RODRIQUEZ are in possession of lands or claim title to or have an interest in lands commonly known as 1187

Broad Street, Bridgeport, Connecticut, also being Block 918, Lots 11 – 002 and 003 in violation of the Proclamation and the common law.

51.    Defendant, G L F REALTY ASSOCIATES is in possession of lands or claims title to or has an interest in lands commonly known as 1187 Broad Street, Bridgeport, Connecticut, also being Block 918, Lot 11 – 00G in violation of the Proclamation and the common law.

52.    Defendant, LAFAYETTE BANK & TRUST is in possession of lands or claims title to or has an interest in lands commonly known as 1187 Broad Street, Bridgeport, Connecticut, also being Block 918, Lot 11 – 00G in violation of the Proclamation and the common law.

53.    Defendant, DAWAR REALTY ASSOCIATES is in possession of lands or claims title to or has an interest in lands commonly known as 1187 Broad Street, Bridgeport, Connecticut, also being Block 918, Lot 11 – 001 in violation of the proclamation and the common law.

54.    Defendant, LAFAYETTE BANK & TRUST is in possession of lands or claims title to or has an interest in lands commonly known as 1187 Broad Street, Bridgeport, Connecticut, also being Block 918, Lot 11 – 001 in violation of the Proclamation and the common law.

55.     Defendant, CITYTRUST is in possession of lands or claims title to or has an interest in lands commonly known as 1200 Broad Street and 1290 Main Street, Bridgeport, Connecticut, also being Block 916, Lot 1 and Block 909, Lot 01A in violation of the Proclamation and the common law.

56.     Defendant, STRATFORD ASSOCIATES is in possession of lands or claims title to or has an interest in lands commonly known as 45 Chapel Street, Bridgeport, Connecticut, also being Block 908, Lot 20L in violation of the Proclamation and the common law.

57.     Defendant, GEZA SCAP is in possession of lands or claims title to or has an interest in lands commonly known as 95 Chapel Street, Bridgeport, Connecticut, also being Block 908, Lot 20K in violation of the Proclamation and the common law.

58.     Defendants, JOHN COTTER, JR., AMY COTTER and ERICK VON BRAUCHITSCH are in possession of lands or claim title to or have an interest in lands commonly known as 110 Chapel Street, Bridgeport, Connecticut, also being Block 908, Lot 8A in violation of the Proclamation and the common law.

59.     Defendant, M S B REALTY ASSOCIATES is in possession of lands or claims title to or has an interest in lands commonly known as 118 Congress Street, Bridgeport,

Connecticut, also being Block 1500, Lot 15X in violation of the Proclamation and the common law.

60.    Defendants, EDWARD J. IULO & JOHN HURLEY TRUSTEES are in possession of lands or claims title to or have an interest in lands commonly known as 205 – 221 Congress Street, Bridgeport, Connecticut, also being Block 908, Lot 14 in violation of the Proclamation and the common law.

61.    Defendant, FLORENCE L. JACOBSON is in possession of lands or claims title to or has an interest in lands commonly known as 205 – 221 Congress Street, Bridgeport, Connecticut, also being Block 908, Lot 14 in violation of the Proclamation and the common law.

62.    Defendant, JEAN MARIE A. RYAN is in possession of lands or claims title to or has an interest in lands commonly known as 267 Congress Street, Bridgeport, Connecticut, also being Block 908, Lot 18B in violation of the Proclamation and the common law.

63.    Defendant, BANK MART is in possession of lands or claims title to or has an interest in lands commonly known as 267 Congress Street, Bridgeport, Connecticut, also being Block 908, Lot 18B in violation of the Proclamation and the common law.

64.    Defendants, EDWIN N. ANTIGNANI, ROBERT A. MARESCA and SALVATORE MARESCA are in possession of lands or claim title to or have an interest in

23

lands commonly known as 273 Congress Street, Bridgeport, Connecticut, also being Block 908, Lot 19 in violation of the Proclamation and the common law.

65.    Defendant, 235 CONGRESS STREET LIMITED PARTNERSHIP is in possession of lands or claims title to or has an interest in lands commonly known as 235 Congress Street, Bridgeport, Connecticut, also being Block 908, Lot 15 in violation of the Proclamation and the common law.

66.    Defendant, AVO, INC. is in possession of lands or claims title to or has an interest in lands commonly known as 267 Congress Street, Bridgeport, Connecticut, also being Block 908, Lot 18B in violation of the Proclamation and the common law.

67.    Defendant, KENNETH A. JANELLO is in possession of lands or claims title to or has an interest in lands commonly known as 285 Congress Street, Bridgeport, Connecticut, also being Block 908, Lot 21 in violation of the Proclamation and the common law.

68.    Defendant, BRIDGEPORT ROMAN CATHOLIC DI0CESAN CORP. is in possession of lands or claims title to or has an interest in lands commonly known as 78 – 82 Elm Street, Bridgeport, Connecticut, also being Block 915, Lot 5 in violation of the Proclamation and the common law.

24

69.     Defendant, MARK E. KELLEY is in possession of lands or claims title to or has an interest in lands commonly known as 84 and 90 – 94 Elm Street, Bridgeport, Connecticut, also being Block 915, Lots 3 and 4 in violation of the Proclamation and the common law.

70.     Defendant, NORMAN K. POLLACK is in possession of lands or claims title to or has an interest in lands commonly known as 155 Elm Street and 232 Fairfield Avenue, Bridgeport, Connecticut, also being Block 918, Lot 12 and Block 918, Lot 10 in violation of the Proclamation and the common law.

71.     Defendant, E. & H REALTY COMPANY is in possession of lands or claims title to or has an interest in lands commonly known as 166 Elm Street, Bridgeport, Connecticut, also being Block 917, Lot 5A in violation of the Proclamation and the common law.

72.     Defendant, ERIN BEITMAN is in possession of lands or claims title to or has an interest in lands commonly known as 170 Elm Street, Bridgeport, Connecticut, also being Block 917, Lot 4 in violation of the Proclamation and the common law.

73.     Defendants, LINDA JACOBSON, HOWARD B. JACOBSON and MURIEL NOVACK are in possession of lands or claim title to or have an interest in lands commonly known as 10 Fairfield Avenue, Bridgeport, Connecticut, also being Block 913, Lot 8 in violation of the Proclamation and the common law.

74.     Defendant, CARLYLE LAND LIMITED PARTNERSHIP is in possession of lands or claims title to or has an interest in lands commonly known as 38 and 52 Fairfield Avenue, Bridgeport, Connecticut, also being Block 913, Lots 55 and 4 in violation of the Proclamation and the common law.

75.     Defendant, BANK OF BOSTON, CT. is in possession of lands or claims title to or has an interest in lands commonly known as 38 and 52 Fairfield Avenue, Bridgeport, Connecticut, also being Block 913, Lots 55 and 4 in violation of the Proclamation and the common law.

76.     Defendant, 100 FAIRFIELD AVENUE CORPORATION is in possession of lands or claims title to or has an interest in lands commonly known as 100 Fairfield Avenue, Bridgeport, Connecticut, also being Block 914 Lot 9A in violation of the Proclamation and the common law.

77.     Defendant, FIDELITY NEW YORK, FSB is in possession of lands or claims title to or has an interest in lands commonly known as 100 Fairfield Avenue, Bridgeport, Connecticut, also being Block 914, Lot 9A in violation of the Proclamation and the common law.

78.     Defendant, BARNUM HOUSE ASSOCIATES LIMITED is in possession of lands or claims title to or has an interest in lands commonly known as 150 Fairfield Avenue,

Bridgeport, Connecticut, also being Block 916, Lot 11 in violation of the Proclamation and the common law.

79.    Defendant, CONNECTICUT HOUSING FINANCE AUTHORITY is in possession of lands or claims title to or has an interest in lands commonly known as 150 Fairfield Avenue, Bridgeport, Connecticut, also being Block 916, Lot 11 in violation of the Proclamation and the common law.

80.    Defendant, ROBERT D KISNER is in possession of lands or claims title to or has an interest in lands commonly known as 160 Fairfield Avenue, Bridgeport, Connecticut, also being Block 916, Lot 10 in violation of the Proclamation and the common law.

81.    Defendant, PHILIP J. KUCHMA is in possession of lands or claims title to or has an interest in lands commonly known as 166, 192 and 202 Fairfield Avenue, and 201 and 207 Golden Hill Street, Bridgeport, Connecticut, also being Block 916, Lots 7B, 5 and 4 and Block 915, Lots 12 and 13 in violation of the Proclamation and the common law.

82.    Defendant, LAFAYETTE BANK & TRUST is in possession of lands or claims title to or has an interest in lands commonly known as 166 Fairfield Avenue, Bridgeport, Connecticut, also being Block 916, Lot 7B in violation of the Proclamation and the common law.

83.    Defendant, CONNECTICUT NATIONAL BANK is in possession of lands or claims title to or has an interest in lands commonly known as 202 Fairfield Avenue, Bridgeport, Connecticut, also being Block 916, Lot 4 in violation of the Proclamation and the common law.

84.    Defendant, METROPOLITAN BANK & TRUST is in possession of lands or claims title to or has an interest in lands commonly known as 180 Fairfield Avenue, Bridgeport, Connecticut, also being Block 916, Lot 6A in violation of the Proclamation and common law.

85.    Defendant, SALVATORE DINARDO, SR. is in possession of lands or claims title to or has an interest in lands commonly known as 196 and 200 Fairfield Avenue, Bridgeport, Connecticut, also being Block 916, Lots 17 and 4A in violation of the Proclamation and the common law.

86.    Defendants, JOHN B. SCHWERDTLE and EDWARD SCHWERDTLE are in possession of lands or claim title to or have an interest in lands commonly known as 262 and 274 – 278 Fairfield Avenue, Bridgeport, Connecticut, also being Block 918, Lots 14A and 8A in violation of the Proclamation and the common law.

87.    Defendant, FLEET BANK is in possession of lands or claims title to or has an interest in lands commonly known as 262 and 274 – 278 Fairfield Avenue, Bridgeport, Connecticut, also being Block 918, Lots 14A and 8A in violation of the Proclamation and the common law.

28

88.     Defendant, 4 LAFAYETTE SQUARE ASSOCIATES is in possession of lands or claims title to or has an interest in lands commonly known as 280 – 284, 286 – 288, 296 – 298, 300, 306 AND 350 Fairfield Avenue, Bridgeport, Connecticut, also being Block 918, Lots 7, 6, 1, 4, 3 and 14K in violation of the Proclamation and the common law.

89.     Defendant, TRAVELERS INSURANCE COMPANY is in possession of lands or claims title to or has an interest in lands commonly known as 280 – 284, 286 – 288, 296 – 298, 300, 306 and 350 Fairfield Avenue, Bridgeport, Connecticut, also being Block 918, Lots 7, 6, 1, 4, 3 and 14K in violation of the Proclamation and the common law.

90.     Defendant, LINDQUIST SUPPLY CO. is in possession of lands or claims title to or has an interest in lands commonly known as 378 Fairfield Avenue, Bridgeport, Connecticut, also being Block 919, Lot 10 in violation of the Proclamation and the common law.

91.     Defendant, LINDQUIST STEEL, INC. is in possession of lands or claims title to or has an interest in lands commonly known as 386 – 388 Fairfield Avenue, Bridgeport, Connecticut, also being Block 919, Lot 9A in violation of the Proclamation and the common law.

92.     Defendants, HENRY J. CAMPOLUCCI and JOHN MANCINI are in possession of lands or claim title to or have an interest in lands commonly known as 54 – 60 Golden Hill

Street, Bridgeport, Connecticut, also being Block 911, Lot 4 in violation of the Proclamation and the common law.

93.     Defendant, GOLDEN HILL PARTNERS is in possession of lands or claims title to or has an interest in lands commonly known as 144 Golden Hill Street, Bridgeport, Connecticut, also being Block 908, Lot 20C in violation of the Proclamation and the common law.

94.     Defendant, COMMERCIAL BANK OF NEW YORK is in possession of lands or claims title to or has an interest in lands commonly known as 144 Golden Hill Street, Bridgeport, Connecticut, also being Block 908, Lot 20C in violation of the Proclamation and the common law.

95.     Defendant, CENTRAL BANK is in possession of lands or claims title to or has an interest in lands commonly known as 144 Golden Hill Street, Bridgeport, Connecticut, also being Block 908, Lot 20C in violation of the Proclamation and the common law.

96.     Defendant, MECHANICS & FARMERS SAVINGS BANK FSB is in possession of lands or claims title to or has an interest in lands commonly known as 157 Golden Hill Street, Bridgeport, Connecticut, also being Block 915, Lot 10A in violation of the Proclamation and the common law.

30