UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN HILL PAUGUSSETT TRIBE OF INDIANS, *Plaintiff,* | : : : : |
| v. | : Civil No. 2:92CV0738(JBA) : CONSOLIDATED |
| M. JODI RELL, GOVERNOR OF THE STATE OF CONNECTICUT, ET AL., *Defendants.* | : : : : AUGUST 3, 2006 |

**EXHIBITS IN SUPPORT OF**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
**JUDGMENT ON THE PLEADINGS OF DEFENDANT**
**GOVERNOR OF THE STATE OF CONNECTICUT**

DEFENDANT,
M. JODI RELL,
GOVERNOR OF THE STATE OF
CONNECTICUT

RICHARD BLUMENTHAL
ATTORNEY GENERAL
Mark F. Kohler (#ct 02272)
Assistant Attorney General
Susan Quinn Cobb (#ct 03850)
Assistant Attorney General
Office of the Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
(860)808-5270
(860)808-5385(fax)
mark.kohler@po.state.ct.us
susan.cobb@po.state.ct.us

# INDEX OF EXHIBITS

A: *Final Determination Against Federal Ackowledgment of the Golden Hill Paugussett Tribe* (June 14, 2004).

B: *In re Federal Acknowledgment of the Golden Hill Paugussett Tribe*, 40 IBIA 126 (Oct. 18, 2004).

C: Letter Ruling of Secretary of the Interior Gale A.. Norton (Mar. 18, 2005).

D: 25 C.F.R. Part 83.

E: *Summary Under the Criteria for the Proposed Finding on the Golden Hill Paugussett Tribe* (Jan. 29, 2003).

F: *In re Federal Acknowledgment of the Historical Eastern Pequot Tribe*, 41 IBIA 1 (May 12, 2005).

G: *In re Federal Acknowledgment of the Schaghticoke Tribal Nation*, 41 IBIA 30 (May 12, 2005).

H: Excerpt from *Summary Under the Criteria and Evidence for Final Determination Against Federal Acknowledgment of the Miami Nation of Indians of the State of Indiana, Inc.* (Jun. 9, 1992).

# EXHIBIT B
*In re Federal Acknowledgment of the Golden Hill Paugussett Tribe*, 40 IBIA 126 (Oct. 18, 2004)



# United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
INTERIOR BOARD OF INDIAN APPEALS
801 NORTH QUINCY STREET
SUITE 300
ARLINGTON, VA 22203

| | |
|---|---|
| IN RE FEDERAL ACKNOWLEDGMENT OF THE GOLDEN HILL PAUGUSSETT TRIBE | : Order Dismissing Request for<br>: Reconsideration and Referring<br>: Request to the Secretary<br>: of the Interior<br>:<br>: Docket No. IBIA 04-148-A<br>:<br>: October 18, 2004 |

    Petitioner, the Golden Hill Paugussett Tribe, filed a request for reconsideration of a final determination declining to acknowledge Petitioner as an Indian tribe within the meaning of Federal law. The Final Determination Against Federal Acknowledgment of the Golden Hill Paugussett Tribe (Final Determination) was signed by the Principal Deputy Assistant Secretary - Indian Affairs on June 14, 2004, and notice of the final determination was published in the Federal Register on June 21, 2004. 69 Fed. Reg. 34388. On September 22, 2004, the Board of Indian Appeals (Board) found that the request was timely, under 25 C.F.R. § 83.11(a)(2). The Board now concludes that it lacks jurisdiction, pursuant to 25 C.F.R. § 83.11(d), over the allegations made in the request, and therefore the Board refers the request to the Secretary of the Interior, as provided by 25 C.F.R. § 83.11(f). 1/

    Upon receipt of a timely-filed request for reconsideration of a final acknowledgment determination, the Board initially decides whether it has jurisdiction over one or more

---

1/ In the Sept. 22 order, the Board ordered Petitioner to serve all interested parties with its request for reconsideration, on or before Oct. 8, 2004, and to file a statement with the Board by that date that it had done so. To date, the Board has not received a statement of compliance from Petitioner. On Oct. 15, 2004, the Board contacted the Office of the Solicitor and was informed that Petitioner had served its request on that Office and on the Office of Federal Acknowledgment. The Board will assume, for purposes of this decision, that Petitioner served its request on all interested parties. If any interested party was not served by Petitioner, that party may raise the issue with the Secretary, as appropriate.

allegations contained in the request. 2/ The Board's authority to review requests for reconsideration is limited to four possible grounds for reconsideration:

> The Board shall have the authority to review all requests for reconsideration that are timely and that allege any of the following:
>
> (1) That there is new evidence that could affect the determination; or
>
> (2) That a substantial portion of the evidence relied upon in the Assistant Secretary's determination was unreliable or was of little probative value; or
>
> (3) That petitioner's or the [Bureau of Indian Affairs'] research appears inadequate or incomplete in some material respect; or
>
> (4) That there are reasonable alternative interpretations, not previously considered, of the evidence used for the final determination, that would substantially affect the determination that the petitioner meets or does not meet one or more of the criteria in § 83.7(a) through (g).

25 C.F.R. § 83.11(d).

In the present case, Petitioner requests reconsideration of the final determination "due to improper use and/or interpretation of evidence and violation of due process." (Br. in Support of the Golden Hill Paugussett Tribe's Request at 35.) Petitioner lists the following specific allegations:

1. The BIA, in making [its] determination, used materials not contained in the record.
2. The BIA used evidentiary standards for this petition inconsistent with the standards used for other petitions.
3. The BIA either through ignorance or intent, wrongfully construed evidence against the Tribe.
4. The BIA rendered the Proposed Finding dated January 21, 2003 and the Final Determination dated June 14, 2004, without notifying the Tribe that material against this Tribe had been submitted in another petition.

---

2/ The Board must make this jurisdictional decision within 120 days after notice of the final determination is published in the Federal Register. 25 C.F.R. § 83.11(c)(2).

5. The BIA held ex-parte meetings with adverse "interested parties", as that term is defined in 25 CFR § 83.1.
6. The BIA held ex-parte meetings with members of the Connecticut Congressional delegation, all of whom have expressed publicly and worked actively for the denial of the Tribe's Federal Recognition.
7. The BIA failed to notify the Tribe and failed to take appropriate action when Congressman Christopher Shays met privately with staff members of the BIA and intimidated them with the intended result being the denial of the Tribe's petition by the BIA.
8. The decision in the second Final Determination was made by the Deputy Assistant Secretary for Indian Affairs, who was not authorized by Congress to render such decisions.
9. The BIA leaked material to adverse interested parties.
10. Former BIA staff members went to work for adverse interested parties.
11. The Tribe had been previously recognized by the United States, but such recognition was ignored by the BIA.

Id. at 35-36.

These allegations evince disagreement with BIA's analysis of the evidence, assert that BIA committed legal errors, contend that the Principal Deputy Assistant Secretary lacked authority to sign the Final Determination, or charge that there were procedural irregularities or due process violations associated with the Final Determination. The Board has previously held that allegations of this type, standing alone, do not fall within the Board's jurisdiction. See, e.g., In re Federal Acknowledgment of the Cowlitz Indian Tribe, 36 IBIA 140, 145, 150, 151 (2001) (alleged errors arising from BIA's analysis of the evidence); In re Federal Acknowledgment of the Match-e-be-nash-she-wish Band of Pottawatomi Indians of Michigan, 33 IBIA 291, 300-01 (1999) (alleged that BIA gave no serious consideration to requester's comments); In re Federal Acknowledgment of the Chinook Indian Tribe/Chinook Nation, 36 IBIA 245, 251 (2001) (alleged erroneous application of a legal presumption); In re Federal Acknowledgment of the Golden Hill Paugussett Tribe, 32 IBIA 216, 229 (1998) (alleged errors in burden of proof); In re Federal Acknowledgment of the Snoqualmie Tribal Organization, 34 IBIA 22, 35 (1999) (alleged due process violations); In re Federal Acknowledgment of the Ramapough Mountain Indians, Inc., 31 IBIA 61, 81 (1997) (same).

Petitioner twice identifies the four grounds that the Board has authority to review, but does so in a descriptive way only, without framing them as an allegation or connecting any of

the four listed grounds to allegations or arguments made in the request. See Br. in Support of the Golden Hill Paugussett Tribe's Request at 2-3 (listing the four grounds in a "Regulatory Background" section), 34 (listing the four grounds when generally describing "IBIA Review"). Two additional times, Petitioner uses the phrase "new evidence," id. at 3, but fails to allege that new evidence exists that could affect the determination. Instead, Petitioner refers to "various investigations" related to the petition for acknowledgment that "may be ongoing." Id. Petitioner seeks to incorporate "by reference" into its request "[t]he findings of any such investigation(s), whether civil or criminal, if material to this matter," and have them treated as "new evidence." Id. Particularly in the absence of an express allegation invoking the criterion contained in 25 C.F.R. § 83.11(d)(1), the Board concludes that this qualified reference to not-yet-existent evidence cannot reasonably be construed as stating an allegation falling within the scope of subsection 83.11(d)(1). 3/ Viewing Petitioner's allegations and arguments as a whole, the Board concludes that none may reasonably be construed as falling within the scope of the Board's jurisdiction under subsection 83.11(d)(1)-(4).

When a request for reconsideration falls wholly outside of the Board's jurisdiction, but alleges other grounds for reconsideration, the Board is required to describe those other grounds and refer the request to the Secretary of the Interior. See 25 C.F.R. § 83.11(f); In re Federal Acknowledgment of the Duwamish Tribal Organization, 37 IBIA 95 (2002). 4/ In this case, as described above, Petitioner's request alleges other grounds for reconsideration.

Therefore, pursuant to the authority delegated to the Board of Indian Appeals by the Secretary of the Interior, 43 C.F.R. § 4.1 and 25 C.F.R. § 83.11, the Board dismisses the request for reconsideration for lack of jurisdiction. The Board refers the request to the

---

3/ Even if the Board could reasonably construe Petitioner's reference to "new evidence" as an allegation within the scope of subsection 83.11(d)(1), it would still fail on the merits because Petitioner has not included the alleged "new evidence" with its request, much less demonstrated how it could affect the Final Determination. See In re Federal Acknowledgment of the Ramapough Mountain Indians, Inc., 31 IBIA 61, 66 (1997) (alleged "new evidence" must be submitted with the request); In re Federal Acknowledgment of the Snoqualmie Tribal Organization, 34 IBIA 22, 30-31 (1999) (same).

4/ In some cases, the Board has concluded that certain alleged grounds for reconsideration are not of a character that warrant referral to the Secretary. See, e.g., In re Federal Acknowledgment of the Snoqualmie Tribal Organization, 31 IBIA 299 (1997). In the present case — merits aside — each of Petitioner's alleged grounds for reconsideration is of a type that has been referred to the Secretary in previous cases, as discussed above: (1) evidentiary grounds other than those stated in 25 C.F.R. § 83.11(d) (Nos. 1, 3, 11); (2) legal grounds (Nos. 2, 8); and (3) due process grounds (Nos. 4 - 7, 9 - 10).

Secretary of the Interior to review whether, based on the allegations described above and the arguments contained in the request, the Final Determination warrants reconsideration.

//signed//
Steven K. Linscheid
Chief Administrative Judge

//signed//
Colette J. Winston
Administrative Judge

**EXHIBIT C**
Letter Ruling of Secretary of the Interior
Gale A.. Norton (Mar. 18, 2005)



THE SECRETARY OF THE INTERIOR

WASHINGTON

MAR 1 8 2005

Mr. Aurelius H. Piper
1440 Whalley Avenue, Suite 236
New Haven, Connecticut 06515

Dear Mr. Piper:

I am writing in response to your Request for Reconsideration that you filed with the Interior Board of Indian Appeals ("IBIA") on September 16, 2004. The IBIA referred your request to me for consideration on October 18, 2004, under 25 C.F.R. § 83.11(f)(1). After considering your Request for Reconsideration, the comments of the State of Connecticut and the Office of Federal Acknowledgment, your comments on their submissions, as well as the advice of my staff, I have decided not to refer any of the grounds alleged in your Request for Reconsideration to the Assistant Secretary for further review.

The Assistant Secretary's decision denying the Golden Hill Paugussett Federal acknowledgment becomes final agency action as of the date of this letter. 25 C.F.R. § 83.11(h)(2).

Sincerely,

*[signature]*

Gale A. Norton