**EXHIBIT D**
25 C.F.R. Part 83

# PART 83 -- PROCEDURES FOR ESTABLISHING THAT AN AMERICAN INDIAN GROUP EXISTS AS AN INDIAN TRIBE

§ 83.1 Definitions.
§ 83.2 Purpose.
§ 83.3 Scope.
§ 83.4 Filing a letter of intent.
§ 83.5 Duties of the Department.
§ 83.6 General provisions for the documented petition.
§ 83.7 Mandatory criteria for Federal acknowledgment.
§ 83.8 Previous Federal acknowledgment.
§ 83.9 Notice of receipt of a petition.
§ 83.10 Processing of the documented petition.
§ 83.11 Independent review, reconsideration and final action
§ 83.12 Implementation of decisions.
§ 83.13 Information collection.

5 U.S.C. 301; 25 U.S.C. 2 and 9; 43 U.S.C. 1457; and 209 Departmental Manual 8.

**§ 83.1 Definitions.**

<OLC>

As used in this part:

Area Office means a Bureau of Indian Affairs Area Office.

Assistant Secretary means the Assistant Secretary -- Indian Affairs, or that officer's authorized representative.

Autonomous means the exercise of political influence or authority independent of the control of any other Indian governing entity. Autonomous must be understood in the context of the history, geography, culture and social organization of the petitioning group.

Board means the Interior Board of Indian Appeals.

Bureau means the Bureau of Indian Affairs.

Community means any group of people which can demonstrate that consistent interactions and significant social relationships exist within its membership and that its members are differentiated from and identified as distinct from nonmembers. Community must be understood in the context of the history, geography, culture and social organization of the group.

Continental United States means the contiguous 48 states and Alaska.

Continuously or continuous means extending from first sustained contact with non-Indians

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

throughout the group's history to the present substantially without interruption.

Department means the Department of the Interior.

Documented petition means the detailed arguments made by a petitioner to substantiate its claim to continuous existence as an Indian tribe, together with the factual exposition and all documentary evidence necessary to demonstrate that these arguments address the mandatory criteria in § 83.7(a) through (g).

Historically, historical or history means dating from first sustained contact with non-Indians.

Indian group or group means any Indian or Alaska Native aggregation within the continental United States that the Secretary of the Interior does not acknowledge to be an Indian tribe.

Indian tribe, also referred to herein as tribe, means any Indian or Alaska Native tribe, band, pueblo, village, or community within the continental United States that the Secretary of the Interior presently acknowledges to exist as an Indian tribe.

Indigenous means native to the continental United States in that at least part of the petitioner's territory at the time of sustained contact extended into what is now the continental United States.

Informed party means any person or organization, other than an interested party, who requests an opportunity to submit comments or evidence or to be kept informed of general actions regarding a specific petitioner.

Interested party means any person, organization or other entity who can establish a legal, factual or property interest in an acknowledgment determination and who requests an opportunity to submit comments or evidence or to be kept informed of general actions regarding a specific petitioner. "Interested party" includes the governor and attorney general of the state in which a petitioner is located, and may include, but is not limited to, local governmental units, and any recognized Indian tribes and unrecognized Indian groups that might be affected by an acknowledgment determination.

Letter of intent means an undocumented letter or resolution by which an Indian group requests Federal acknowledgment as an Indian tribe and expresses its intent to submit a documented petition.

Member of an Indian group means an individual who is recognized by an Indian group as meeting its membership criteria and who consents to being listed as a member of that group.

Member of an Indian tribe means an individual who meets the membership requirements of the tribe as set forth in its governing document or, absent such a document, has been recognized as a member collectively by those persons comprising the tribal governing body, and has consistently maintained tribal relations with the tribe or is listed on the tribal rolls of that tribe as a member, if such rolls are kept.

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Petitioner means any entity that has submitted a letter of intent to the Secretary requesting acknowledgment that it is an Indian tribe.

Political influence or authority means a tribal council, leadership, internal process or other mechanism which the group has used as a means of influencing or controlling the behavior of its members in significant respects, and/or making decisions for the group which substantially affect its members, and/or representing the group in dealing with outsiders in matters of consequence. This process is to be understood in the context of the history, culture and social organization of the group.

Previous Federal acknowledgment means action by the Federal government clearly premised on identification of a tribal political entity and indicating clearly the recognition of a relationship between that entity and the United States.

Secretary means the Secretary of the Interior or that officer's authorized representative.

Sustained contact means the period of earliest sustained non-Indian settlement and/or governmental presence in the local area in which the historical tribe or tribes from which the petitioner descends was located historically.

Tribal relations means participation by an individual in a political and social relationship with an Indian tribe.

Tribal roll, for purposes of these regulations, means a list exclusively of those individuals who have been determined by the tribe to meet the tribe's membership requirements as set forth in its governing document. In the absence of such a document, a tribal roll means a list of those recognized as members by the tribe's governing body. In either case, those individuals on a tribal roll must have affirmatively demonstrated consent to being listed as members.

[43 FR 39361, Sept. 5, 1978. Redesignated at 47 FR 13327, Mar. 30, 1982; 59 FR 9293, Feb. 25, 1994]

**§ 83.2 Purpose.**

<OLC>

The purpose of this part is to establish a departmental procedure and policy for acknowledging that certain American Indian groups exist as tribes. Acknowledgment of tribal existence by the Department is a prerequisite to the protection, services, and benefits of the Federal government available to Indian tribes by virtue of their status as tribes. Acknowledgment shall also mean that the tribe is entitled to the immunities and privileges available to other federally acknowledged Indian tribes by virtue of their government-to-government relationship with the United States as well as the responsibilities, powers, limitations and obligations of such tribes. Acknowledgment shall subject the Indian tribe to the same authority of Congress and the

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

United States to which other federally acknowledged tribes are subjected.

[43 FR 39361, Sept. 5, 1978. Redesignated at 47 FR 13327, Mar. 30, 1982; 59 FR 9294, Feb. 25, 1994]

**§ 83.3 Scope.**

<OLC>

(a) This part applies only to those American Indian groups indigenous to the continental United States which are not currently acknowledged as Indian tribes by the Department. It is intended to apply to groups that can establish a substantially continuous tribal existence and which have functioned as autonomous entities throughout history until the present.

(b) Indian tribes, organized bands, pueblos, Alaska Native villages, or communities which are already acknowledged as such and are receiving services from the Bureau of Indian Affairs may not be reviewed under the procedures established by these regulations.

(c) Associations, organizations, corporations or groups of any character that have been formed in recent times may not be acknowledged under these regulations. The fact that a group that meets the criteria in § 83.7 (a) through (g) has recently incorporated or otherwise formalized its existing autonomous political process will be viewed as a change in form and have no bearing on the Assistant Secretary's final decision.

(d) Splinter groups, political factions, communities or groups of any character that separate from the main body of a currently acknowledged tribe may not be acknowledged under these regulations. However, groups that can establish clearly that they have functioned throughout history until the present as an autonomous tribal entity may be acknowledged under this part, even though they have been regarded by some as part of or have been associated in some manner with an acknowledged North American Indian tribe.

(e) Further, groups which are, or the members of which are, subject to congressional legislation terminating or forbidding the Federal relationship may not be acknowledged under this part.

(f) Finally, groups that previously petitioned and were denied Federal acknowledgment under these regulations or under previous regulations in part 83 of this title, may not be acknowledged under these regulations. This includes reorganized or reconstituted petitioners previously denied, or splinter groups, spin-offs, or component groups of any type that were once part of petitioners previously denied.

(g) Indian groups whose documented petitions are under active consideration at the effective date of these revised regulations may choose to complete their petitioning process either under these regulations or under the previous acknowledgment regulations in part 83 of this title. This choice must be made by April 26, 1994. This option shall apply to any petition for which a

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

determination is not final and effective. Such petitioners may request a suspension of consideration under § 83.10(g) of not more than 180 days in order to provide additional information or argument.

[43 FR 39361, Sept. 5, 1978. Redesignated at 47 FR 13327, Mar. 30, 1982; 59 FR 9294, Feb. 25, 1994]

**§ 83.4 Filing a letter of intent.**

<OLC>

(a) Any Indian group in the continental United States that believes it should be acknowledged as an Indian tribe and that it can satisfy the criteria in § 83.7 may submit a letter of intent.

(b) Letters of intent requesting acknowledgment that an Indian group exists as an Indian tribe shall be filed with the Assistant Secretary -- Indian Affairs, Department of the Interior, 1849 C Street, NW., Washington, DC 20240. Attention: Branch of Acknowledgment and Research, Mail Stop 2611-MIB. A letter of intent may be filed in advance of, or at the same time as, a group's documented petition.

(c) A letter of intent must be produced, dated and signed by the governing body of an Indian group and submitted to the Assistant Secretary.

[43 FR 39361, Sept. 5, 1978. Redesignated at 47 FR 13327, Mar. 30, 1982; 59 FR 9294, Feb. 25, 1994]

**§ 83.5 Duties of the Department.**

<OLC>

(a) The Department shall publish in the FEDERAL REGISTER, no less frequently than every three years, a list of all Indian tribes entitled to receive services from the Bureau by virtue of their status as Indian tribes. The list may be published more frequently, if the Assistant Secretary deems it necessary.

(b) The Assistant Secretary shall make available revised and expanded guidelines for the preparation of documented petitions by September 23, 1994. These guidelines will include an explanation of the criteria and other provisions of the regulations, a discussion of the types of evidence which may be used to demonstrate particular criteria or other provisions of the regulations, and general suggestions and guidelines on how and where to conduct research. The guidelines may be supplemented or updated as necessary. The Department's example of a documented petition format, while preferable, shall not preclude the use of any other format.

(c) The Department shall, upon request, provide petitioners with suggestions and advice

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

regarding preparation of the documented petition. The Department shall not be responsible for the actual research on behalf of the petitioner.

(d) Any notice which by the terms of these regulations must be published in the FEDERAL REGISTER, shall also be mailed to the petitioner, the governor of the state where the group is located, and to other interested parties.

(e) After an Indian group has filed a letter of intent requesting Federal acknowledgment as an Indian tribe and until that group has actually submitted a documented petition, the Assistant Secretary may contact the group periodically and request clarification, in writing, of its intent to continue with the petitioning process.

(f) All petitioners under active consideration shall be notified, by April 16, 1994 of the opportunity under § 83.3(g) to choose whether to complete their petitioning process under the provisions of these revised regulations or the previous regulations as published, on September 5, 1978, at 43 FR 39361.

(g) All other groups that have submitted documented petitions or letters of intent shall be notified of and provided with a copy of these regulations by July 25, 1994.

[43 FR 39361, Sept. 5, 1978. Redesignated at 47 FR 13327, Mar. 30, 1982; 59 FR 9294, Feb. 25, 1994]

**§ 83.6 General provisions for the documented petition.**

<OLC>

(a) The documented petition may be in any readable form that contains detailed, specific evidence in support of a request to the Secretary to acknowledge tribal existence.

(b) The documented petition must include a certification, signed and dated by members of the group's governing body, stating that it is the group's official documented petition.

(c) A petitioner must satisfy all of the criteria in paragraphs (a) through (g) of § 83.7 in order for tribal existence to be acknowledged. Therefore, the documented petition must include thorough explanations and supporting documentation in response to all of the criteria. The definitions in § 83.1 are an integral part of the regulations, and the criteria should be read carefully together with these definitions.

(d) A petitioner may be denied acknowledgment if the evidence available demonstrates that it does not meet one or more criteria. A petitioner may also be denied if there is insufficient evidence that it meets one or more of the criteria. A criterion shall be considered met if the available evidence establishes a reasonable likelihood of the validity of the facts relating to that criterion. Conclusive proof of the facts relating to a criterion shall not be required in order for the criterion to be considered met.

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(e) Evaluation of petitions shall take into account historical situations and time periods for which evidence is demonstrably limited or not available. The limitations inherent in demonstrating the historical existence of community and political influence or authority shall also be taken into account. Existence of community and political influence or authority shall be demonstrated on a substantially continuous basis, but this demonstration does not require meeting these criteria at every point in time. Fluctuations in tribal activity during various years shall not in themselves be a cause for denial of acknowledgment under these criteria.

(f) The criteria in § 83.7 (a) through (g) shall be interpreted as applying to tribes or groups that have historically combined and functioned as a single autonomous political entity.

(g) The specific forms of evidence stated in the criteria in § 83.7 (a) through (c) and § 83.7(e) are not mandatory requirements. The criteria may be met alternatively by any suitable evidence that demonstrates that the petitioner meets the requirements of the criterion statement and related definitions.

[43 FR 39361, Sept. 5, 1978. Redesignated at 47 FR 13327, Mar. 30, 1982; 59 FR 9294, Feb. 25, 1994]

**§ 83.7 Mandatory criteria for Federal acknowledgment.**

<OLC>

The mandatory criteria are:

(a) The petitioner has been identified as an American Indian entity on a substantially continuous basis since 1900. Evidence that the group's character as an Indian entity has from time to time been denied shall not be considered to be conclusive evidence that this criterion has not been met. Evidence to be relied upon in determining a group's Indian identity may include one or a combination of the following, as well as other evidence of identification by other than the petitioner itself or its members.

(1) Identification as an Indian entity by Federal authorities.

(2) Relationships with State governments based on identification of the group as Indian.

(3) Dealings with a county, parish, or other local government in a relationship based on the group's Indian identity.

(4) Identification as an Indian entity by anthropologists, historians, and/or other scholars.

(5) Identification as an Indian entity in newspapers and books.

(6) Identification as an Indian entity in relationships with Indian tribes or with national, regional, or state Indian organizations.

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(b) A predominant portion of the petitioning group comprises a distinct community and has existed as a community from historical times until the present.

(1) This criterion may be demonstrated by some combination of the following evidence and/or other evidence that the petitioner meets the definition of community set forth in § 83.1:

(i) Significant rates of marriage within the group, and/or, as may be culturally required, patterned out-marriages with other Indian populations.

(ii) Significant social relationships connecting individual members.

(iii) Significant rates of informal social interaction which exist broadly among the members of a group.

(iv) A significant degree of shared or cooperative labor or other economic activity among the membership.

(v) Evidence of strong patterns of discrimination or other social distinctions by non-members.

(vi) Shared sacred or secular ritual activity encompassing most of the group.

(vii) Cultural patterns shared among a significant portion of the group that are different from those of the non-Indian populations with whom it interacts. These patterns must function as more than a symbolic identification of the group as Indian. They may include, but are not limited to, language, kinship organization, or religious beliefs and practices.

(viii) The persistence of a named, collective Indian identity continuously over a period of more than 50 years, notwithstanding changes in name.

(ix) A demonstration of historical political influence under the criterion in § 83.7(c) shall be evidence for demonstrating historical community.

(2) A petitioner shall be considered to have provided sufficient evidence of community at a given point in time if evidence is provided to demonstrate any one of the following:

(i) More than 50 percent of the members reside in a geographical area exclusively or almost exclusively composed of members of the group, and the balance of the group maintains consistent interaction with some members of the community;

(ii) At least 50 percent of the marriages in the group are between members of the group;

(iii) At least 50 percent of the group members maintain distinct cultural patterns such as, but not limited to, language, kinship organization, or religious beliefs and practices;

(iv) There are distinct community social institutions encompassing most of the members, such as kinship organizations, formal or informal economic cooperation, or religious organizations; or

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(v) The group has met the criterion in § 83.7(c) using evidence described in § 83.7(c)(2).

(c) The petitioner has maintained political influence or authority over its members as an autonomous entity from historical times until the present.

(1) This criterion may be demonstrated by some combination of the evidence listed below and/or by other evidence that the petitioner meets the definition of political influence or authority in § 83.1.

(i) The group is able to mobilize significant numbers of members and significant resources from its members for group purposes.

(ii) Most of the membership considers issues acted upon or actions taken by group leaders or governing bodies to be of importance.

(iii) There is widespread knowledge, communication and involvement in political processes by most of the group's members.

(iv) The group meets the criterion in § 83.7(b) at more than a minimal level.

(v) There are internal conflicts which show controversy over valued group goals, properties, policies, processes and/or decisions.

(2) A petitioning group shall be considered to have provided sufficient evidence to demonstrate the exercise of political influence or authority at a given point in time by demonstrating that group leaders and/or other mechanisms exist or existed which:

(i) Allocate group resources such as land, residence rights and the like on a consistent basis.

(ii) Settle disputes between members or subgroups by mediation or other means on a regular basis;

(iii) Exert strong influence on the behavior of individual members, such as the establishment or maintenance of norms and the enforcement of sanctions to direct or control behavior;

(iv) Organize or influence economic subsistence activities among the members, including shared or cooperative labor.

(3) A group that has met the requirements in paragraph 83.7(b)(2) at a given point in time shall be considered to have provided sufficient evidence to meet this criterion at that point in time.

(d) A copy of the group's present governing document including its membership criteria. In the absence of a written document, the petitioner must provide a statement describing in full its membership criteria and current governing procedures.

(e) The petitioner's membership consists of individuals who descend from a historical Indian

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

tribe or from historical Indian tribes which combined and functioned as a single autonomous political entity.

(1) Evidence acceptable to the Secretary which can be used for this purpose includes but is not limited to:

(i) Rolls prepared by the Secretary on a descendancy basis for purposes of distributing claims money, providing allotments, or other purposes;

(ii) State, Federal, or other official records or evidence identifying present members or ancestors of present members as being descendants of a historical tribe or tribes that combined and functioned as a single autonomous political entity.

(iii) Church, school, and other similar enrollment records identifying present members or ancestors of present members as being descendants of a historical tribe or tribes that combined and functioned as a single autonomous political entity.

(iv) Affidavits of recognition by tribal elders, leaders, or the tribal governing body identifying present members or ancestors of present members as being descendants of a historical tribe or tribes that combined and functioned as a single autonomous political entity.

(v) Other records or evidence identifying present members or ancestors of present members as being descendants of a historical tribe or tribes that combined and functioned as a single autonomous political entity.

(2) The petitioner must provide an official membership list, separately certified by the group's governing body, of all known current members of the group. This list must include each member's full name (including maiden name), date of birth, and current residential address. The petitioner must also provide a copy of each available former list of members based on the group's own defined criteria, as well as a statement describing the circumstances surrounding the preparation of the current list and, insofar as possible, the circumstances surrounding the preparation of former lists.

(f) The membership of the petitioning group is composed principally of persons who are not members of any acknowledged North American Indian tribe. However, under certain conditions a petitioning group may be acknowledged even if its membership is composed principally of persons whose names have appeared on rolls of, or who have been otherwise associated with, an acknowledged Indian tribe. The conditions are that the group must establish that it has functioned throughout history until the present as a separate and autonomous Indian tribal entity, that its members do not maintain a bilateral political relationship with the acknowledged tribe, and that its members have provided written confirmation of their membership in the petitioning group.

(g) Neither the petitioner nor its members are the subject of congressional legislation that has expressly terminated or forbidden the Federal relationship.

[43 FR 39361, Sept. 5, 1978. Redesignated at 47 FR 13327, Mar. 30, 1982; 59 FR 9295, Feb. 25,

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

1994]

**§ 83.8 Previous Federal acknowledgment.**

<OLC>

(a) Unambiguous previous Federal acknowledgment is acceptable evidence of the tribal character of a petitioner to the date of the last such previous acknowledgment. If a petitioner provides substantial evidence of unambiguous Federal acknowledgment, the petitioner will then only be required to demonstrate that it meets the requirements of § 83.7 to the extent required by this section.

(b) A determination of the adequacy of the evidence of previous Federal action acknowledging tribal status shall be made during the technical assistance review of the documented petition conducted pursuant to § 83.10(b). If a petition is awaiting active consideration at the time of adoption of these regulations, this review will be conducted while the petition is under active consideration unless the petitioner requests in writing that this review be made in advance.

(c) Evidence to demonstrate previous Federal acknowledgment includes, but is not limited to:

(1) Evidence that the group has had treaty relations with the United States.

(2) Evidence that the group has been denominated a tribe by act of Congress or Executive Order.

(3) Evidence that the group has been treated by the Federal Government as having collective rights in tribal lands or funds.

(d) To be acknowledged, a petitioner that can demonstrate previous Federal acknowledgment must show that:

(1) The group meets the requirements of the criterion in § 83.7(a), except that such identification shall be demonstrated since the point of last Federal acknowledgment. The group must further have been identified by such sources as the same tribal entity that was previously acknowledged or as a portion that has evolved from that entity.

(2) The group meets the requirements of the criterion in § 83.7(b) to demonstrate that it comprises a distinct community at present. However, it need not provide evidence to demonstrate existence as a community historically.

(3) The group meets the requirements of the criterion in § 83.7(c) to demonstrate that political influence or authority is exercised within the group at present. Sufficient evidence to meet the criterion in § 83.7(c) from the point of last Federal acknowledgment to the present may be provided by demonstration of substantially continuous historical identification, by authoritative, knowledgeable external sources, of leaders and/or a governing body who exercise

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

political influence or authority, together with demonstration of one form of evidence listed in § 83.7(c).

(4) The group meets the requirements of the criteria in paragraphs 83.7 (d) through (g).

(5) If a petitioner which has demonstrated previous Federal acknowledgment cannot meet the requirements in paragraphs (d) (1) and (3), the petitioner may demonstrate alternatively that it meets the requirements of the criteria in § 83.7 (a) through (c) from last Federal acknowledgment until the present.

[43 FR 39361, Sept. 5, 1978. Redesignated at 47 FR 13327, Mar. 30, 1982; 59 FR 9296, Feb. 25, 1994]

**§ 83.9 Notice of receipt of a petition.**

<OLC>

(a) Within 30 days after receiving a letter of intent, or a documented petition if a letter of intent has not previously been received and noticed, the Assistant Secretary shall acknowledge such receipt in writing and shall have published within 60 days in the FEDERAL REGISTER a notice of such receipt. This notice must include the name, location, and mailing address of the petitioner and such other information as will identify the entity submitting the letter of intent or documented petition and the date it was received. This notice shall also serve to announce the opportunity for interested parties and informed parties to submit factual or legal arguments in support of or in opposition to the petitioner's request for acknowledgment and/or to request to be kept informed of all general actions affecting the petition. The notice shall also indicate where a copy of the letter of intent and the documented petition may be examined.

(b) The Assistant Secretary shall notify, in writing, the governor and attorney general of the state in which a petitioner is located. The Assistant Secretary shall also notify any recognized tribe and any other petitioner which appears to have a historical or present relationship with the petitioner or which may otherwise be considered to have a potential interest in the acknowledgment determination.

(c) The Assistant Secretary shall also publish the notice of receipt of the letter of intent, or documented petition if a letter of intent has not been previously received, in a major newspaper or newspapers of general circulation in the town or city nearest to the petitioner. The notice will include all of the information in paragraph (a) of this section.

[43 FR 39361, Sept. 5, 1978. Redesignated at 47 FR 13327, Mar. 30, 1982; 59 FR 9296, Feb. 25, 1994]

**§ 83.10 Processing of the documented petition.**

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

<OLC>

(a) Upon receipt of a documented petition, the Assistant Secretary shall cause a review to be conducted to determine whether the petitioner is entitled to be acknowledged as an Indian tribe. The review shall include consideration of the documented petition and the factual statements contained therein. The Assistant Secretary may also initiate other research for any purpose relative to analyzing the documented petition and obtaining additional information about the petitioner's status. The Assistant Secretary may likewise consider any evidence which may be submitted by interested parties or informed parties.

(b) Prior to active consideration of the documented petition, the Assistant Secretary shall conduct a preliminary review of the petition for purposes of technical assistance.

(1) This technical assistance review does not constitute the Assistant Secretary's review to determine if the petitioner is entitled to be acknowledged as an Indian tribe. It is a preliminary review for the purpose of providing the petitioner an opportunity to supplement or revise the documented petition prior to active consideration. Insofar as possible, technical assistance reviews under this paragraph will be conducted in the order of receipt of documented petitions. However, technical assistance reviews will not have priority over active consideration of documented petitions.

(2) After the technical assistance review, the Assistant Secretary shall notify the petitioner by letter of any obvious deficiencies or significant omissions apparent in the documented petition and provide the petitioner with an opportunity to withdraw the documented petition for further work or to submit additional information and/or clarification.

(3) If a petitioner's documented petition claims previous Federal acknowledgment and/or includes evidence of previous Federal acknowledgment, the technical assistance review will also include a review to determine whether that evidence is sufficient to meet the requirements of previous Federal acknowledgment as defined in § 83.1.

(c) Petitioners have the option of responding in part or in full to the technical assistance review letter or of requesting, in writing, that the Assistant Secretary proceed with the active consideration of the documented petition using the materials already submitted.

(1) If the petitioner requests that the materials submitted in response to the technical assistance review letter be again reviewed for adequacy, the Assistant Secretary will provide the additional review. However, this additional review will not be automatic and will be conducted only at the request of the petitioner.

(2) If the assertion of previous Federal acknowledgment under § 83.8 cannot be substantiated during the technical assistance review, the petitioner must respond by providing additional evidence. A petitioner claiming previous Federal acknowledgment who fails to respond to a technical assistance review letter under this paragraph, or whose response fails to establish the claim, shall have its documented petition considered on the same basis as documented petitions submitted by groups not claiming previous Federal acknowledgment. Petitioners that fail to

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

demonstrate previous Federal acknowledgment after a review of materials submitted in response to the technical assistance review shall be so notified. Such petitioners may submit additional materials concerning previous acknowledgment during the course of active consideration.

(d) The order of consideration of documented petitions shall be determined by the date of the Bureau's notification to the petitioner that it considers that the documented petition is ready to be placed on active consideration. The Assistant Secretary shall establish and maintain a numbered register of documented petitions which have been determined ready for active consideration. The Assistant Secretary shall also maintain a numbered register of letters of intent or incomplete petitions based on the original date of filing with the Bureau. In the event that two or more documented petitions are determined ready for active consideration on the same date, the register of letters of intent or incomplete petitions shall determine the order of consideration by the Assistant Secretary.

(e) Prior to active consideration, the Assistant Secretary shall investigate any petitioner whose documented petition and response to the technical assistance review letter indicates that there is little or no evidence that establishes that the group can meet the mandatory criteria in paragraphs (e), (f) or (g) of § 83.7.

(1) If this review finds that the evidence clearly establishes that the group does not meet the mandatory criteria in paragraphs (e), (f) or (g) of § 83.7, a full consideration of the documented petition under all seven of the mandatory criteria will not be undertaken pursuant to paragraph (a) of this section. Rather, the Assistant Secretary shall instead decline to acknowledge that the petitioner is an Indian tribe and publish a proposed finding to that effect in the FEDERAL REGISTER. The periods for receipt of comments on the proposed finding from petitioners, interested parties and informed parties, for consideration of comments received, and for publication of a final determination regarding the petitioner's status shall follow the timetables established in paragraphs (h) through (l) of this section.

(2) If the review cannot clearly demonstrate that the group does not meet one or more of the mandatory criteria in paragraphs (e), (f) or (g) of § 83.7, a full evaluation of the documented petition under all seven of the mandatory criteria shall be undertaken during active consideration of the documented petition pursuant to paragraph (g) of this section.

(f) The petitioner and interested parties shall be notified when the documented petition comes under active consideration.

(1) They shall also be provided with the name, office address, and telephone number of the staff member with primary administrative responsibility for the petition; the names of the researchers conducting the evaluation of the petition; and the name of their supervisor.

(2) The petitioner shall be notified of any substantive comment on its petition received prior to the beginning of active consideration or during the preparation of the proposed finding, and shall be provided an opportunity to respond to such comments.

(g) Once active consideration of the documented petition has begun, the Assistant Secretary

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

shall continue the review and publish proposed findings and a final determination in the FEDERAL REGISTER pursuant to these regulations, notwithstanding any requests by the petitioner or interested parties to cease consideration. The Assistant Secretary has the discretion, however, to suspend active consideration of a documented petition, either conditionally or for a stated period of time, upon a showing to the petitioner that there are technical problems with the documented petition or administrative problems that temporarily preclude continuing active consideration. The Assistant Secretary shall also consider requests by petitioners for suspension of consideration and has the discretion to grant such requests for good cause. Upon resolution of the technical or administrative problems that are the basis for the suspension, the documented petition will have priority on the numbered register of documented petitions insofar as possible. The Assistant Secretary shall notify the petitioner and interested parties when active consideration of the documented petition is resumed. The timetables in succeeding paragraphs shall begin anew upon the resumption of active consideration.

(h) Within one year after notifying the petitioner that active consideration of the documented petition has begun, the Assistant Secretary shall publish proposed findings in the FEDERAL REGISTER. The Assistant Secretary has the discretion to extend that period up to an additional 180 days. The petitioner and interested parties shall be notified of the time extension. In addition to the proposed findings, the Assistant Secretary shall prepare a report summarizing the evidence, reasoning, and analyses that are the basis for the proposed decision. Copies of the report shall be provided to the petitioner, interested parties, and informed parties and made available to others upon written request.

(i) Upon publication of the proposed findings, the petitioner or any individual or organization wishing to challenge or support the proposed findings shall have 180 days to submit arguments and evidence to the Assistant Secretary to rebut or support the proposed finding. The period for comment on a proposed finding may be extended for up to an additional 180 days at the Assistant Secretary's discretion upon a finding of good cause. The petitioner and interested parties shall be notified of the time extension. Interested and informed parties who submit arguments and evidence to the Assistant Secretary must provide copies of their submissions to the petitioner.

(j)(1) During the response period, the Assistant Secretary shall provide technical advice concerning the factual basis for the proposed finding, the reasoning used in preparing it, and suggestions regarding the preparation of materials in response to the proposed finding. The Assistant Secretary shall make available to the petitioner in a timely fashion any records used for the proposed finding not already held by the petitioner, to the extent allowable by Federal law.

(2) In addition, the Assistant Secretary shall, if requested by the petitioner or any interested party, hold a formal meeting for the purpose of inquiring into the reasoning, analyses, and factual bases for the proposed finding. The proceedings of this meeting shall be on the record. The meeting record shall be available to any participating party and become part of the record considered by the Assistant Secretary in reaching a final determination.

(k) The petitioner shall have a minimum of 60 days to respond to any submissions by interested and informed parties during the response period. This may be extended at the Assistant

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Secretary's discretion if warranted by the extent and nature of the comments. The petitioner and interested parties shall be notified by letter of any extension. No further comments from interested or informed parties will be accepted after the end of the regular response period.

(l) At the end of the period for comment on a proposed finding, the Assistant Secretary shall consult with the petitioner and interested parties to determine an equitable timeframe for consideration of written arguments and evidence submitted during the response period. The petitioner and interested parties shall be notified of the date such consideration begins.

(1) Unsolicited comments submitted after the close of the response period established in § 83.10(i) and § 83.10(k), will not be considered in preparation of a final determination. The Assistant Secretary has the discretion during the preparation of the proposed finding, however, to request additional explanations and information from the petitioner or from commenting parties to support or supplement their comments on a proposed finding. The Assistant Secretary may also conduct such additional research as is necessary to evaluate and supplement the record. In either case, the additional materials will become part of the petition record.

(2) After consideration of the written arguments and evidence rebutting or supporting the proposed finding and the petitioner's response to the comments of interested parties and informed parties, the Assistant Secretary shall make a final determination regarding the petitioner's status. A summary of this determination shall be published in the FEDERAL REGISTER within 60 days from the date on which the consideration of the written arguments and evidence rebutting or supporting the proposed finding begins.

(3) The Assistant Secretary has the discretion to extend the period for the preparation of a final determination if warranted by the extent and nature of evidence and arguments received during the response period. The petitioner and interested parties shall be notified of the time extension.

(4) The determination will become effective 90 days from publication unless a request for reconsideration is filed pursuant to § 83.11.

(m) The Assistant Secretary shall acknowledge the existence of the petitioner as an Indian tribe when it is determined that the group satisfies all of the criteria in § 83.7. The Assistant Secretary shall decline to acknowledge that a petitioner is an Indian tribe if it fails to satisfy any one of the criteria in § 83.7.

(n) If the Assistant Secretary declines to acknowledge that a petitioner is an Indian tribe, the petitioner shall be informed of alternatives, if any, to acknowledgment under these procedures. These alternatives may include other means through which the petitioning group may achieve the status of an acknowledged Indian tribe or through which any of its members may become eligible for services and benefits from the Department as Indians, or become members of an acknowledged Indian tribe.

(o) The determination to decline to acknowledge that the petitioner is an Indian tribe shall be final for the Department.

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(p) A petitioner that has petitioned under this part or under the acknowledgment regulations previously effective and that has been denied Federal acknowledgment may not re-petition under this part. The term "petitioner" here includes previously denied petitioners that have reorganized or been renamed or that are wholly or primarily portions of groups that have previously been denied under these or previous acknowledgment regulations.

[43 FR 39361, Sept. 5, 1978. Redesignated at 47 FR 13327, Mar. 30, 1982; 59 FR 9297, Feb. 25, 1994]

**§ 83.11 Independent review, reconsideration and final action**

<OLC>

(a) (1) Upon publication of the Assistant Secretary's determination in the FEDERAL REGISTER, the petitioner or any interested party may file a request for reconsideration with the Interior Board of Indian Appeals. Petitioners which choose under § 83.3(g) to be considered under previously effective acknowledgment regulations may nonetheless request reconsideration under this section.

(2) A petitioner's or interested party's request for reconsideration must be received by the Board no later than 90 days after the date of publication of the Assistant Secretary's determination in the FEDERAL REGISTER. If no request for reconsideration has been received, the Assistant Secretary's decision shall be final for the Department 90 days after publication of the final determination in the FEDERAL REGISTER.

(b) The petitioner's or interested party's request for reconsideration shall contain a detailed statement of the grounds for the request, and shall include any new evidence to be considered.

(1) The detailed statement of grounds for reconsideration filed by a petitioner or interested parties shall be considered the appellant's opening brief provided for in 43 CFR 4.311(a).

(2) The party or parties requesting the reconsideration shall mail copies of the request to the petitioner and all other interested parties.

(c)(1) The Board shall dismiss a request for reconsideration that is not filed by the deadline specified in paragraph (a) of this section.

(2) If a petitioner's or interested party's request for reconsideration is filed on time, the Board shall determine, within 120 days after publication of the Assistant Secretary's final determination in the FEDERAL REGISTER, whether the request alleges any of the grounds in paragraph (d) of this section and shall notify the petitioner and interested parties of this determination.

(d) The Board shall have the authority to review all requests for reconsideration that are timely and that allege any of the following:

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(1) That there is new evidence that could affect the determination; or

(2) That a substantial portion of the evidence relied upon in the Assistant Secretary's determination was unreliable or was of little probative value; or

(3) That petitioner's or the Bureau's research appears inadequate or incomplete in some material respect; or

(4) That there are reasonable alternative interpretations, not previously considered, of the evidence used for the final determination, that would substantially affect the determination that the petitioner meets or does not meet one or more of the criteria in § 83.7 (a) through (g).

(e) The Board shall have administrative authority to review determinations of the Assistant Secretary made pursuant to § 83.10(m) to the extent authorized by this section.

(1) The regulations at 43 CFR 4.310-4.318 and 4.331-4.340 shall apply to proceedings before the Board except when they are inconsistent with these regulations.

(2) The Board may establish such procedures as it deems appropriate to provide a full and fair evaluation of a request for reconsideration under this section to the extent they are not inconsistent with these regulations.

(3) The Board, at its discretion, may request experts not associated with the Bureau, the petitioner, or interested parties to provide comments, recommendations, or technical advice concerning the determination, the administrative record, or materials filed by the petitioner or interested parties. The Board may also request, at its discretion, comments or technical assistance from the Assistant Secretary concerning the final determination or, pursuant to paragraph (e)(8) of this section, the record used for the determination.

(4) Pursuant to 43 CFR 4.337(a), the Board may require, at its discretion, a hearing conducted by an administrative law judge of the Office of Hearings and Appeals if the Board determines that further inquiry is necessary to resolve a genuine issue of material fact or to otherwise augment the record before it concerning the grounds for reconsideration.

(5) The detailed statement of grounds for reconsideration filed by a petitioner or interested parties pursuant to paragraph (b)(1) of this section shall be considered the appellant's opening brief provided for in 43 CFR 4.311(a).

(6) An appellant's reply to an opposing party's answer brief, provided for in 43 CFR 4.311(b), shall not apply to proceedings under this section, except that a petitioner shall have the opportunity to reply to an answer brief filed by any party that opposes a petitioner's request for reconsideration.

(7) The opportunity for reconsideration of a Board decision provided for in 43 CFR 4.315 shall not apply to proceedings under this section.

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(8) For purposes of review by the Board, the administrative record shall consist of all appropriate documents in the Branch of Acknowledgment and Research relevant to the determination involved in the request for reconsideration. The Assistant Secretary shall designate and transmit to the Board copies of critical documents central to the portions of the determination under a request for reconsideration. The Branch of Acknowledgment and Research shall retain custody of the remainder of the administrative record, to which the Board shall have unrestricted access.

(9) The Board shall affirm the Assistant Secretary's determination if the Board finds that the petitioner or interested party has failed to establish, by a preponderance of the evidence, at least one of the grounds under paragraph (d)(1-4) of this section.

(10) The Board shall vacate the Assistant Secretary's determination and remand it to the Assistant Secretary for further work and reconsideration if the Board finds that the petitioner or an interested party has established, by a preponderance of the evidence, one or more of the grounds under paragraph (d)(1-4) of this section.

(f)(1) The Board, in addition to making its determination to affirm or remand, shall describe in its decision any grounds for reconsideration other than those in paragraphs (d)(1-4) of this section alleged by a petitioner's or interested party's request for reconsideration.

(2) If the Board affirms the Assistant Secretary's decision under § 83.11(e)(9) but finds that the petitioner or interested parties have alleged other grounds for reconsideration, the Board shall send the requests for reconsideration to the Secretary. The Secretary shall have the discretion to request that the Assistant Secretary reconsider the final determination on those grounds.

(3) The Secretary, in reviewing the Assistant Secretary's decision, may review any information available, whether formally part of the record or not. Where the Secretary's review relies upon information that is not formally part of the record, the Secretary shall insert the information relied upon into the record, together with an identification of its source and nature.

(4) Where the Board has sent the Secretary a request for reconsideration under paragraph (f)(2), the petitioner and interested parties shall have 30 days from receiving notice of the Board's decision to submit comments to the Secretary. Where materials are submitted to the Secretary opposing a petitioner's request for reconsideration, the interested party shall provide copies to the petitioner and the petitioner shall have 15 days from their receipt of the information to file a response with the Secretary.

(5) The Secretary shall make a determination whether to request a reconsideration of the Assistant Secretary's determination within 60 days of receipt of all comments and shall notify all parties of the decision.

(g) (1) The Assistant Secretary shall issue a reconsidered determination within 120 days of receipt of the Board's decision to remand a determination or the Secretary's request for reconsideration.

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(2) The Assistant Secretary's reconsideration shall address all grounds determined to be valid grounds for reconsideration in a remand by the Board, other grounds described by the Board pursuant to paragraph (f)(1), and all grounds specified in any Secretarial request. The Assistant Secretary's reconsideration may address any issues and evidence consistent with the Board's decision or the Secretary's request.

(h) (1) If the Board finds that no petitioner's or interested party's request for reconsideration is timely, the Assistant Secretary's determination shall become effective and final for the Department 120 days from the publication of the final determination in the FEDERAL REGISTER.

(2) If the Secretary declines to request reconsideration under paragraph (f)(2) of this section, the Assistant Secretary's decision shall become effective and final for the Department as of the date of notification to all parties of the Secretary's decision.

(3) If a determination is reconsidered by the Assistant Secretary because of action by the Board remanding a decision or because the Secretary has requested reconsideration, the reconsidered determination shall be final and effective upon publication of the notice of this reconsidered determination in the FEDERAL REGISTER.

[43 FR 39361, Sept. 5, 1978. Redesignated at 47 FR 13327, Mar. 30, 1982; 59 FR 9299, Feb. 25, 1994]

**§ 83.12 Implementation of decisions.**

<OLC>

(a) Upon final determination that the petitioner exists as an Indian tribe, it shall be considered eligible for the services and benefits from the Federal government that are available to other federally recognized tribes. The newly acknowledged tribe shall be considered a historic tribe and shall be entitled to the privileges and immunities available to other federally recognized historic tribes by virtue of their government-to-government relationship with the United States. It shall also have the responsibilities and obligations of such tribes. Newly acknowledged Indian tribes shall likewise be subject to the same authority of Congress and the United States as are other federally acknowledged tribes.

(b) Upon acknowledgment as an Indian tribe, the list of members submitted as part of the petitioners documented petition shall be the tribe's complete base roll for purposes of Federal funding and other administrative purposes. For Bureau purposes, any additions made to the roll, other than individuals who are descendants of those on the roll and who meet the tribe's membership criteria, shall be limited to those meeting the requirements of § 83.7(e) and maintaining significant social and political ties with the tribe (i.e., maintaining the same relationship with the tribe as those on the list submitted with the group's documented petition).

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(c) While the newly acknowledged tribe shall be considered eligible for benefits and services available to federally recognized tribes because of their status as Indian tribes, acknowledgment of tribal existence shall not create immediate access to existing programs. The tribe may participate in existing programs after it meets the specific program requirements, if any, and upon appropriation of funds by Congress. Requests for appropriations shall follow a determination of the needs of the newly acknowledged tribe.

(d) Within six months after acknowledgment, the appropriate Area Office shall consult with the newly acknowledged tribe and develop, in cooperation with the tribe, a determination of needs and a recommended budget. These shall be forwarded to the Assistant Secretary. The recommended budget will then be considered along with other recommendations by the Assistant Secretary in the usual budget request process.

[59 FR 9300, Feb. 25, 1994]

**§ 83.13 Information collection.**

<OLC>

(a) The collections of information contained in § 83.7 have been approved by the Office of Management and Budget under 44 U.S.C. 3501 et seq. and assigned clearance number 1076-0104. The information will be used to establish historical existence as a tribe, verify family relationships and the group's claim that its members are Indian and descend from a historical tribe or tribes which combined, that members are not substantially enrolled in other Indian tribes, and that they have not individually or as a group been terminated or otherwise forbidden the Federal relationship. Response is required to obtain a benefit in accordance with 25 U.S.C. 2.

(b) Public reporting burden for this information is estimated to average 1,968 hours per petition, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this collection of information, including suggestions for reducing the burden, to both the Information Collection Clearance Officer, Bureau of Indian Affairs, Mail Stop 336-SIB, 1849 C Street, NW., Washington, DC 20240; and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Washington, DC 20503.

[59 FR 9300, Feb. 25, 1994]

© 2002 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.