# EXHIBIT H

Excerpt from *Summary Under the Criteria and Evidence for
Final Determination Against Federal Acknowledgment
of the Miami Nation of Indians of the State of Indiana, Inc.* (Jun. 9, 1992)

Summary Under the Criteria and Evidence for

Final Determination against Federal Acknowledgment

of the

Miami Nation of Indians of the

State of Indiana, Inc.

Prepared in response to a petition submitted to the Assistant Secretary of the Interior for Indian Affairs for Federal acknowledgment that this group exists as an Indian Tribe.

Approved: _____JUN -9 1992_____
(date)

_____Eddie F. Brown_____
Assistant Secretary - Indian Affairs

# EVALUATION UNDER 25 CFR 83

## Intent of the Acknowledgment Regulations

The Federal government has an obligation to protect and preserve the inherent sovereign rights of all Indian tribes, whether a tribe has been recognized in the past or not. The regulations governing the Acknowledgment process (25 CFR 83) state the requirements that unrecognized groups must meet to be acknowledged as having a government-to-government relationship with the United States.

The legal and policy precedents for acknowledgment are codified in the regulations. These precedents also provide the fundamental bases for interpreting the regulations. The acknowledgment criteria are based on and consistent with past determinations of tribal existence by Congress, the courts, and the Executive Branch. These past determinations have required that to be acknowledged as having tribal status a group must have maintained its social solidarity and distinctness and exercised political influence or authority throughout history until the present.

As briefly stated by the Supreme Court in 1901 in Montoya v. United States (180 U.S. 261), "By a 'tribe' we understand a body of Indians of the same or similar race, united in a community under one leadership or government, and inhabiting a particular though sometimes ill-defined territory." The criteria used by the Interior Department between 1934 and 1978 to recognize tribes are summarized in the 1942 Handbook of Federal Indian Law, by Felix Cohen, and are commonly referred to as the "Cohen criteria." These codified Executive Branch practice as well as judicial and legislative precedents. One of these criteria required that a group have "exercised political authority over its members through a tribal council or other governmental forms" (Cohen 1942, 171). A supplementary consideration was the "social solidarity of the group." The Cohen criteria also considered previous Federal recognition, e.g., treaty relations, executive orders, Congressional acts, or other actions.

Fundamental to the definition of a tribe is the nature of tribal membership. The Department has long held that an Indian tribe is an entity whose members maintain a bilateral political relationship with the tribe. The courts have supported this interpretation, most recently in a March 13, 1992 decision in Masayesva v. Zah v. James (CIV 74-842 PHX EHC, CIV 90-666 PCT EHC, consolidated, D. Ariz.).

The preamble to the Acknowledgment regulations, published in 1978, indicated their intent by stating that "groups of descendants will not be acknowledged solely on a racial basis. Maintenance of tribal relations--a political relationship--is essential" (Bureau of Indian Affairs 1978).

The review of petitions for acknowledgment must balance the fundamental requirements of the regulations with the effect of historical influences on, and changes in, past and present Indian society. Unrecognized tribes often face limitations which differ from those of recognized tribes, such as lack of resources, difficulty maintaining a separate land base, and absence of Federal support for political institutions. Although these historical and social conditions may have made it difficult for some unrecognized groups to meet the requirements of criteria b and c, the regulations require that petitioners maintain a significant level of community and political influence or authority in order to be federally acknowledged as entitled to a government-to-government relationship.

## Proposed Finding Summary

The July 19, 1990, proposed finding against acknowledgment of the Miami Nation (Indiana Miami) determined that the Miami fully met five of the seven acknowledgment criteria. The Miami had been identified as an Indian entity throughout their history until the present (criterion a) and the members were all descended from the historic Miami tribe (criterion e). In addition, the Miami met criterion d (having a governing document), criterion f (not being members of an already recognized tribe) and criterion g (not being subject to legislation terminating or forbidding a Federal relationship).

The Indiana Miami were determined to have met criterion b, maintenance of a social community distinct from non-Indians, continuously from early historic times until at least the 1940's, but evidence was not sufficient to demonstrate that the present-day community met the requirements of this criterion. The Miami also met the requirements of criterion c, exercise of tribal political authority, until the early 1940's, but the proposed finding concluded that tribal political processes involving leaders or organizations with a broad following on issues of significance to the overall Miami membership did not exist after the early 1940's, and, therefore, the Indian Miami did not meet the requirements of criterion c.

## Determination Under 25 CFR Section 83.7

### Introduction

The July 19, 1990, proposed finding concluded that the Indiana Miami met criterion a, d, e, f and g. No evidence was submitted to refute the finding concerning these criteria. Therefore, only the requirements of criteria b (community) and c (tribal political authority) and the evidence concerning them are discussed here.

The present Miami petitioner demonstrates continuity with the historic tribe but is greatly changed in character. The ancestry of the group has clearly been established as descending from the historic tribe, and the Miami have been identified as an Indian entity throughout their history until the present. Some degree of social contact among the membership has been maintained throughout Miami history, but the remaining extent of social interaction and social ties among members has become reduced to a low level. Some form of leadership and/or organization representing the Miami has existed continually throughout the group's history, but after the early 1940's this became so greatly diminished that significant political processes no longer existed.

### Determination Concerning Criterion B - Community

> 25 CFR §83.7(b): Evidence that a substantial portion of the petitioning group inhabits a specific area or lives in a community viewed as American Indian and distinct from other populations in the area and that its members are descendants of an Indian tribe which historically inhabited a specific area.

We find that social contact within the present-day Miami membership is extremely limited in degree and extent, and there is virtually no social distinction between Miami members and the non-Miamis with whom they interact. The Miami do not meet the intent of the regulations and the precedents underlying the regulations that to be acknowledged as a tribe a group must constitute a community which is distinct and whose members have significant social ties with each other. We conclude, therefore, that the Miami do not meet the requirements of criterion b.

3

**CERTIFICATION**

This certifies that a copy of the foregoing Exhibits in Support of Motion for Judgment on the Pleadings was electronically filed on this 2nd day of August, 2006, with notice of this filing served by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF System.

Bernard Wishnia
Roseland Professional Building
204 Eagle Rock Avenue
Roseland, NJ 07068

William A. Wechsler
Bailey & Wechsler
583 Slocum Road
Hebron, CT 06248

Mark S. Puzella
Anthony M. Feeherry
Andrea L. Studley
Goodwin, Procter & Hoar
Exchange Place, 2nd Floor
Boston, MA 02109-2881

David G. Chabot
Gerald L. Garlick
Linda Clifford Hadley
Krasow, Garlick & Hadley
One State Street
Hartford, CT 06103

Jeffrey R. Babbin
Noel E. Hanf
Wiggin & Dana
One Century Tower
265 Church St., PO Box 1832
New Haven, CT 06508-1832

Thomas Gugliotti
Updike, Kelly & Spellacy, P.C.
One State St., PO Box 231277
Hartford, CT 06123-1277

Michael D. O'Connell
O'Connell, Flaherty & Attmore
280 Trumbull Street
Hartford, CT 06103-3598

Richard L. Albrecht
Cohen & Wolf, P.C.
1115 Broad St., PO Box 1821
Bridgeport, CT 06604

Henry C. Winiarski, Jr.
941 Wethersfield Avenue
Hartford, CT 06114-3137

John J. Kelly, Jr.
Cantor, Floman, Gross, Kelly,
Amendola & Sacramone
378 Boston Post Road
PO Box 966
Orange, CT 06477

Austin K. Wolf
Cohen & Wolf, P.C.
1115 Broad St., PO Box 1821
Bridgeport, CT 06604

David Michael Tilles
Law Offices of Scott B. Clendaniel
300 Windsor St.
PO Box 2138
Hartford, CT 06145-2138

Geoffrey A. Hecht  
Caplan Hecht Scanlon & Mendel  
20 Trumbull St., PO Box 9505  
New Haven, CT  06534  

Janet L. Janczewski  
The Southern Connecticut Gas Co.  
885 Main Street  
Bridgeport, CT  06604  

Robert L. Berchem  
Richard J. Buturla  
Berchem, Moses & Devlin, P.C.  
75 Broad Street  
Milford, CT  06460  

Andrew M. Eschen  
U.S. Department of Justice  
Ben Franklin Station, PO Box 663  
Washington, DC  20044-6208  

Judith A. Mauzaka  
Gerald T. Weiner  
Weinstein, Weiner, Ignal, Vogel, & Shapiro  
350 Fairfield Ave., PO Box 9177  
Bridgeport, CT  06601  

Stuart A. Margolis  
1332 Temple Street  
New Haven, CT  06510  

Howard R. Wolfe  
Goldman Gruder & Woods  
125 Mason Street  
Greenwich, CT  06830  

John Pirina, Jr.  
Law Offices of Arnaldo J. Sierra  
215 Washington Street  
Hartford, CT  06106  

John B. Hughes  
U.S. Attorney's Office of the Attorney General  157 Church Street, 23rd Floor, PO Box 1824  
New Haven, CT  06510  

James A. Trowbridge  
Quinnipiac College  
Law School Clinic  
275 Mount Carmel Ave.  
Hamden, CT  06518-1946  

Kimball Haines Hunt  
Hunt, Leibert, Chester & Jacobson, P.C.  
50 Weston Street  
Hartford, CT  06120-4626  

Mark T. Anastasi  
City of Bridgeport  
Office of the City Attorney  
999 Broad Street, 2nd Floor  
Bridgeport, CT  06604-4328  

Thomas E. Behuniak  
44 Greenwood Circle  
Seymore, CT  06483  

Michael Stanton Hillis  
Dombroski, Knapsack & Hillis  
129 Whitney Avenue  
New Haven, CT  06510

Kenneth M. Rozich  
Law Firm of Edward D. Jacobs  
PO Box 1952  
New Haven, CT  06509

Paul Ruszczyk  
Highland Professional Center  
408 Highland Avenue  
Cheshire, CT  06410

/s/ Mark F. Kohler
Mark F. Kohler (#ct 02272)  
Assistant Attorney General  
Office of the Attorney General  
55 Elm Street, P.O. Box 120  
Hartford, CT 06141-0120  
(860)808-5270  
(860)808-5385(fax)  
mark.kohler@po.state.ct.us

13