Sec.
70b.    Members of Commission.
            (a) Appointment; qualifications; oath.
            (b) Term of office; vacancies; removal.
            (c) Restriction on engagement in other
                    vocations  or  representation  of
                    tribes; penalty.
            (d) Quorum.
70c.    Staff of Commission; oath.
70d.    Principal office.
70e.    Itemized vouchers required for Commission
            expenses; authorization of appropriations.
70f.    Time of meetings.
70g.    Record of proceedings; public inspection.
70h.    Control of procedure.
70i.    Presentation of claims.
70j.    Suits in Court of Claims under prior acts;
            transfer forbidden; offsets and counter-
            claims.
70k.    Limitation of time for presenting claims.
70L.    Notice to tribes; investigation of claims;
            availability of data.
70m.    Information  from  governmental  depart-
            ments; official records as evidence.
70n.    Attorneys of claimants; selection, practice
            and fees; Attorney General to represent
            United States; compromise of claims.
70n-1.  Expert assistance for preparation and trial
            of claims; revolving fund established for
            loans.
70n-2.  Inability of applicants to pay for assistance
            required; denial of loans in cases of unrea-
            sonable fees.
70n-3.  Repealed.
70n-4.  Interest; repayment from judgments.
70n-5.  Crediting to revolving fund of repayments
            and interest.
70n-6.  Liability of United States.
70n-7.  Approval of contingent fee contracts prohib-
            ited.
70o.    Member of Congress forbidden to practice
            before Commission.
70p.    Hearings.
70q.    Testimony of witnesses; depositions; fees.
70r.    Final determinations of Commission.
70s.    Judicial review.
            (a) Certification to Court of Claims.
            (b) Notice of final determination; time
                    for appeal to Court of Claims; in-
                    terlocutory determinations; scope
                    of review.
            (c) Review by Supreme Court.
70t.    Report of determination of claim to Con-
            gress.
70u.    Payment of claim after final determination;
            adverse determination as bar to further
            claims.
70v.    Dissolution of Commission.
70v-1.  Trial calendar.
            (a) Preparation.
            (b) Penalty for failure to proceed with
                    trial on date set.
70v-2.  Status reports to Congress.
70w.    Repealed.

#### CLAIMS ACCRUING AFTER AUGUST 13, 1946

This chapter relates only to claims accruing before Aug. 13, 1946. For jurisdiction of Indian claims against the United States accruing after that date, see section 1505 of Title 28, Judiciary and Judicial Procedure.

#### CHAPTER REFERRED TO IN OTHER SECTIONS

This chapter is referred to in sections 564t, 750 of this title.

### § 70. Creation of Commission

There is created and established an Indian Claims Commission, hereafter referred to as the Commission.

(Aug. 13, 1946, ch. 959, § 1, 60 Stat. 1049.)

#### REFERENCES IN TEXT

"Hereafter", referred to in text, means act Aug. 13, 1946, which enacted this chapter, amended section 259 of former Title 28, Judicial Code and Judiciary, and enacted provisions set out as notes under this section. For complete classification of this Act to the Code, see Tables volume.

#### REPEAL OF INCONSISTENT LAWS

Section 25 of act Aug. 13, 1946, provided: "All provisions of law inconsistent with this Act [this chapter] are hereby repealed to the extent of such inconsistency, except that existing provisions of law authorizing suits in the Court of Claims by particular tribes, bands, or groups of Indians and governing the conduct or determination of such suits shall continue to apply to any case heretofore or hereafter instituted thereunder save as provided by section 11 hereof [section 70] of this title] as to the deduction of payments, offsets, counterclaims, and demands."

#### SEPARABILITY OF PROVISIONS

Section 26 of act Aug. 13, 1946, provided: "If any provision of this Act [this chapter], or the application thereof, is held invalid, the remainder of the Act [this chapter], or other applications of such provisions, shall not be affected."

#### SHORT TITLE

Act Aug. 13, 1946, ch. 959, 60 Stat. 1049, which enacted this chapter, amended section 259 of former Title 28, Judicial Code and Judiciary, and enacted provisions set out as notes under this section, is popularly known as the Indian Claims Commission Act of 1946.

### § 70a. Jurisdiction; claims considered; offsets and counterclaims

The Commission shall hear and determine the following claims against the United States on behalf of any Indian tribe, band, or other identifiable group of American Indians residing within the territorial limits of the United States or Alaska: (1) claims in law or equity arising under the Constitution, laws, treaties of the United States, and Executive orders of the President; (2) all other claims in law or equity, including those sounding in tort, with respect to which the claimant would have been entitled to sue in a court of the United States if the United States was subject to suit; (3) claims which would result if the treaties, contracts, and agreements between the claimant and the United States were revised on the ground of fraud, duress, unconscionable consideration, mutual or unilateral mistake, whether of law or fact, or any other ground cognizable by a court of equity; (4) claims arising from the taking by the United States, whether as the result of a treaty of cession or otherwise, of lands owned or occupied by the claimant without the payment for such lands of compensation agreed to by the claimant; and (5) claims based upon fair and honorable dealings that are not recognized by any existing rule of law or equity. No claim accruing after August 13, 1946, shall be considered by the Commission.

All claims hereunder may be heard and determined by the Commission notwithstanding any statute of limitations or laches, but all other defenses shall be available to the United States.

In determining the quantum of relief the Commission shall make appropriate deductions for all payments made by the United States on the claim, and for all other offsets, counterclaims, and demands that would be allowable in


EXHIBIT

Case 2:92-cv-00738-JBA    Document 359-4    Filed 08/24/2006    Page 2 of 6

.T

neans act Aug. 13,
nended section 259
and Judiciary, and
under this section.
.ct to the Code, see

r Laws

rovided: "All provi-
Act [this chapter]
of such inconsisten-
of law authorizing
' particular tribes,
'erning the conduct
ll continue to apply
instituted thereun-
hereof [section 70j
f payments, offsets,

/ISIONS

i, provided: "If any
], or the application
der of the Act [this
of such provisions,

itat. 1049, which en-
ction 259 of former
ary, and enacted pro-
: section, is popularly
amission Act of 1946.

sidered; offsets and

ar and determine
the United States
be, band, or other
an Indians residing
ts of the United
; in law or equity
on, laws, treaties of
utive orders of the
as in law or equity,
tort, with respect
have been entitled
nited States if the
to suit; (3) claims
treaties, contracts,
e claimant and the
on the ground of
able consideration,
e, whether of law or
ognizable by a court
from the taking by
r as the result of a
rise, of lands owned
at without the pay-
apensation agreed to
aims based upon fair
.t are not recognized
or equity. No claim
.946, shall be consid-

r be heard and deter-
notwithstanding any
aches, but all other
to the United States.
antum of relief the
propriate deductions
the United States on
her offsets, counter-
would be allowable in

a suit brought in the Court of Claims under sec-
tion 1491 of title 28: *Provided,* That expendi-
tures for food, rations, or provisions shall not
be deemed payments on the claim. The Com-
mission may also inquire into and consider all
money or property given to or funds expended
gratuitously for the benefit of the claimant and
if it finds that the nature of the claim and the
entire course of dealings and accounts between
the United States and the claimant in good con-
science warrants such action, may set off all or
part of such expenditures against any award
made to the claimant, except that it is declared
to be the policy of Congress that monies spent
for the removal of the claimant from one place
to another at the request of the United States,
or for agency or other administrative, educa-
tional, health or highway purposes, or for ex-
penditures made prior to the date of the law,
treaty or Executive Order under which the
claim arose, or for expenditures made pursuant
to sections 461, 462, 463, 464, 465, 466 to 470,
471 to 473, 474, 475, 476 to 478, and 479 of this
title, save expenditures made under section 465
of this title, or for expenditures under any
emergency appropriation or allotment made
subsequent to March 4, 1933, and generally ap-
plicable throughout the United States for relief
in stricken agricultural areas, relief from dis-
tress caused by unemployment and conditions
resulting therefrom, the prosecution of public
work and public projects for the relief of unem-
ployment or to increase employment, and for
work relief (including the Civil Works Pro-
gram) shall not be a proper offset against any
award.

(Aug. 13, 1946, ch. 959, § 2, 60 Stat. 1050; Oct.
27, 1974, Pub. L. 93–494, § 2, 88 Stat. 1499.)

## REFERENCES IN TEXT

"Hereunder", referred to in text, means act Aug. 13,
1946, which enacted this chapter, amended section 259
of former Title 28, Judicial Code and Judiciary, and
enacted provisions set out as notes under section 70 of
this title. For complete classification of this Act to the
Code, see Tables volume.

## CODIFICATION

"Section 1491 of title 28" was substituted for "sec-
tion 145 of the Judicial Code (36 Stat. 1136; 28 U.S.C.,
sec. 250), as amended" on authority of act June 25,
1948, ch. 646, 62 Stat. 869, section 1 of which enacted
Title 28, Judiciary and Judicial Procedure. Section
1491 of Title 28 sets forth the basic jurisdiction of the
United States Court of Claims. Section 145 of the Ju-
dicial Code, which related to the jurisdiction of the
United States Court of Claims, was also classified to
sections 1496, 1501, 1503 and 2501 of Title 28.

## AMENDMENTS

1974—Pub. L. 93–494 added proviso that expendi-
tures for food, rations, or provisions shall not be
deemed payments on the claim in provisions requiring
the Commission to make appropriate deductions for
payments made by the United States on the claim and
all other offsets, counterclaims, and demands that
would be allowable in suits brought in the Court of
Claims under section 1491 of title 28 in determining
the quantum of relief.

## ADMISSION OF ALASKA AS STATE

Admission of Alaska into the Union was accom-
plished Jan. 3, 1959, upon issuance of Proc. No. 3269,
Jan. 3, 1959, 24 F.R. 81, 73 Stat. c16, as required by
sections 1 and 8(c) of Pub. L. 85–508, July 7, 1958, 72

## TITLE 25—INDIANS

§ 70b

Stat. 339, set out as notes preceding section 21 of Title
48, Territories and Insular Possessions.

## CROSS REFERENCES

Jurisdiction of Indian claims against the United
States accruing after August 13, 1946, see section 1505
of Title 28, Judiciary and Judicial Procedure.

## SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 70j, 70v of this
title.

## § 70b. Members of Commission

### (a) Appointment; qualifications; oath

The Commission shall consist of five Commis-
sioners who shall be appointed by the Presi-
dent, by and with the advice and consent of the
Senate. The President shall designate one Com-
missioner as Chairman. At all times at least
three Commissioners shall be members of the
bar of the Supreme Court of the United States
in good standing. No more than three Commis-
sioners shall be of the same political party.
Each Commissioner shall take an oath to sup-
port the Constitution of the United States and
to discharge faithfully the duties of his office.

### (b) Term of office; vacancies; removal

The Commissioners shall hold office during
their good behavior until the dissolution of the
Commission as hereinafter provided. Vacancies
shall be filed in the same manner as the origi-
nal appointments. Members of the Commission
may be removed by the President for cause
after notice and opportunity to be heard.

### (c) Restriction on engagement in other vocations or representation of tribes; penalty

No Commissioner shall engage in any other
business, vocation, or employment during his
term of office nor shall he, during his term of
office or for a period of two years thereafter,
represent any Indian tribe, band, or group in
any matter whatsoever, or have any financial
interest in the outcome of any tribal claim. Any
person violating the provisions of this subdivi-
sion shall be fined not more than $10,000 or im-
prisoned not more than two years, or both.

### (d) Quorum

Three Commissioners shall constitute a
quorum, and the agreement of three Commis-
sioners shall be necessary to any and all deter-
minations for the transaction of the business of
the Commission, and, if there be a quorum, no
vacancy shall impair or affect the business of
the Commission, or its determinations.

(Aug. 13, 1946, ch. 959, § 3, 60 Stat. 1050; Apr.
10, 1967, Pub. L. 90–9, §§ 2, 3, 81 Stat. 11.)

## REFERENCES IN TEXT

"Hereinafter", referred to in subsec. (b), means act
Aug. 13, 1946, which enacted this chapter, amended
section 259 of former Title 28, Judicial Code and Judi-
ciary, and enacted provisions set out as notes under
section 70 of this title. For complete classification of
this Act to the Code, see Tables volume.

## CODIFICATION

Provisions of subsec. (a) prescribing the basic com-
pensation of the Commissioners were inserted to con-
form to acts Oct. 15, 1949, ch. 695, § 6(a), 62 Stat. 881;
July 31, 1956, ch. 804, § 106(c), 70 Stat. 739; Aug. 14,
1964, Pub. L. 88–426, § 303(c)(46), (47), 78 Stat. 420.
Such provisions have been omitted in view of the

repeal of act Oct. 15, 1949, by Pub. L. 89–554, § 8(a), Sept. 6, 1966, 80 Stat. 655 and the general amendment of subsec. (a) by Pub. L. 90–9, § 2, Apr. 10, 1967, 81 Stat. 11, which omitted references to such compensation provisions.

A second undesignated par. in subsec. (a), as added by Pub. L. 90–9, § 2, Apr. 10, 1967, 81 Stat. 11, providing for the holding over, until June 28, 1968, of Commissioners holding office on Apr. 9, 1987, unless sooner appointed pursuant to this section, has been omitted as executed.

#### AMENDMENTS

1967—Subsec. (a). Pub. L. 90–9, § 2, increased Commission membership from three (consisting of Chief Commissioner and two Associates) to five (consisting of a Chairman and four other Commissioners), increased from two to three requirements of membership in the bar of the Supreme Court and political party membership limitation.

Subsec. (d). Pub. L. 90–9, § 3, substituted "Three Commissioners" and "three Commissioners" for "Two members" and "two members", respectively.

#### REPEALS

Act Oct. 15, 1949, ch. 695, § 6(a), 63 Stat. 881, formerly set out in the credit of this section, was repealed by Pub. L. 89–554, § 8(a), Sept. 6, 1966, 80 Stat. 655.

### § 70c. Staff of Commission; oath

The Commission shall appoint a clerk and such other employees as shall be requisite to conduct the business of the Commission. All such employees shall take oath for the faithful discharge of their duties and shall be under the direction of the Commission in the performance thereof.

(Aug. 13, 1946, ch. 959, § 4, 60 Stat. 1051.)

### § 70d. Principal office

The principal office of the Commission shall be in the District of Columbia.

(Aug. 13, 1946, ch. 959, § 5, 60 Stat. 1051.)

### § 70e. Itemized vouchers required for Commission expenses; authorization of appropriations

All necessary expenses of the Commission shall be paid on the presentation of itemized vouchers therefor approved by the Chairman or other member or officer designated by the Commission. There are authorized to be appropriated for the necessary expenses of the Commission not to exceed $1,500,000 for fiscal year 1973, and appropriations for succeeding fiscal years shall be made only to the extent hereafter authorized by Act of Congress.

(Aug. 13, 1946, ch. 959, § 6, 60 Stat. 1051; Apr. 10, 1967, Pub. L. 90–9, § 4, 81 Stat. 11; Mar. 30, 1972, Pub. L. 92–265, § 5, 86 Stat. 115.)

#### AMENDMENTS

1972—Pub. L. 92–265 authorized appropriations of not to exceed $1,500,000 for fiscal year 1973, with future appropriations to be made only upon future authorizations made by Congress.

1967—Pub. L. 90–9 substituted "Chairman" for "Chief Commissioner".

### § 70f. Time of meetings

The time of the meetings of the Commission shall be prescribed by the Commission.

(Aug. 13, 1946, ch. 959, § 7, 60 Stat. 1051.)

### § 70g. Record of proceedings; public inspection

A full written record shall be kept of all hearings and proceedings of the Commission and shall be open to public inspection.

(Aug. 13, 1946, ch. 959, § 8, 60 Stat. 1051.)

### § 70h. Control of procedure

The Commission shall have power to establish its own rules of procedure.

(Aug. 13, 1946, ch. 959, § 9, 60 Stat. 1051.)

### § 70i. Presentation of claims

Any claim within the provisions of this chapter may be presented to the Commission by any member of an Indian tribe, band, or other identifiable group of Indians as the representative of all its members; but wherever any tribal organization exists, recognized by the Secretary of the Interior as having authority to represent such tribe, band, or group, such organization shall be accorded the exclusive privilege of representing such Indians, unless fraud, collusion, or laches on the part of such organization be shown to the satisfaction of the Commission.

(Aug. 13, 1946, ch. 959, § 10, 60 Stat. 1052.)

#### REFERENCES IN TEXT

"This chapter," referred to in text, was, in the original, "this Act," meaning act Aug. 13, 1946, ch. 959, 60 Stat. 1049, which enacted this chapter, amended section 259 of former Title 28, Judicial Code and Judiciary, and enacted provisions set out as notes under section 70 of this title. For complete classification of this Act to the Code, see Tables volume.

### § 70j. Suits in Court of Claims under prior acts; transfer forbidden; offsets and counterclaims

Any suit pending in the Court of Claims or the Supreme Court of the United States or which shall be filed in the Court of Claims under existing legislation, shall not be transferred to the Commission: Provided, That the provisions of section 70a of this title, with respect to the deduction of payments, offsets, counterclaims and demands, shall supersede the provisions of the particular jurisdictional Act under which any pending or authorized suit in the Court of Claims has been or will be authorized: Provided further, That the Court of Claims in any suit pending before it on August 13, 1946, shall have exclusive jurisdiction to hear and determine any claim based upon fair and honorable dealings arising out of the subject matter of any such suit.

(Aug. 13, 1946, ch. 959, § 11, 60 Stat. 1052.)

### § 70k. Limitation of time for presenting claims

The Commission shall receive claims for a period of five years after August 13, 1946, and no claim existing before such date but not presented within such period may thereafter be submitted to any court or administrative agency for consideration, nor will such claim thereafter be entertained by the Congress.

(Aug. 13, 1946, ch. 959, § 12, 60 Stat. 1052.)

### § 70l. Notice to tribes; inve ability of data

(a) As soon as practi shall send a written ex⟩ sions of this chapter to each Indian tribe and l identifiable groups of A ing as distinct entities, r torial limits of the Uni and to the superintende cies, who shall promulg request that a detailed be sent to the Commiss names of aged or inva depositions should be t⟩ summary of their prope

(b) The Commission ⟩ tigation Division to in ferred to it by the Con of discovering the fac⟩ Division shall make a search for all evidence lizing all documents ar sion of the Court of Government departm⟨ such evidence to the C shall make available t and to any interested in its possession rela claims of any Indian.

(Aug. 13, 1946, ch. 959,

#### REFEREN

"This chapter," referre original, "this Act", mean 60 Stat. 1049, which en⟨ section 259 of former Tit ciary, and enacted provi section 70 of this title. I this Act to the Code, see

#### ADMISSION OI

Admission of Alaska plished Jan. 3, 1959, upc Jan. 3, 1959, 24 F.R. 81 sections 1 and 8(c) of P Stat. 339, set out as note 48, Territories and Insul

#### CROSS

Jurisdiction of India States accruing after A⟨ of Title 28, Judiciary an

### § 70m. Information fro official records as ⟨

The Commission s⟨ upon any of the de ment for any inforr sary, and shall have ings, and reports m each House of Con sary in the prosecuti⟨ At any hearing h letter, paper, docun possession of any court of the United gress (or a certified in evidence insofar cluding any deposi record in any suit o the United States t tribe or group was ⟩

Case 2:92-cv-00738-JBA     Document 359-4     Filed 08/24/2006     Page 4 of 6

public inspection

ll be kept of all hear-
the Commission and
ection.

60 Stat. 1051.)

ave power to estab-
ure.

60 Stat. 1051.)

visions of this chap-
e Commission by any
band, or other iden-
s the representative
erever any tribal or-
ed by the Secretary
p, such organization
uthority to represent
sive privilege of rep-
less fraud, collusion,
uch organization be
f the Commission.

60 Stat. 1052.)

Text

n text, was, in the origi-
ug. 13, 1946, ch. 959, 60
chapter, amended sec-
dicial Code and Judicia-
out as notes under sec-
ete classification of this
me.

under prior acts; trans-
counterclaims

Court of Claims or
e United States or
he Court of Claims
shall not be trans-
*Provided,* That the
f this title, with re-
payments, offsets,
ds, shall supersede
icular jurisdictional
ng or authorized suit
been or will be au-
That the Court of
before it on August
sive jurisdiction to
aim based upon fair
sing out of the sub-

60 Stat. 1052.)

esenting claims

eceive claims for a
ugust 13, 1946, and
ch date but not pre-
may thereafter be
or administrative
nor will such claim
the Congress.

60 Stat. 1052.)

## § 70*l*. Notice to tribes; investigation of claims; availability of data

(a) As soon as practicable the Commission shall send a written explanation of the provisions of this chapter to the recognized head of each Indian tribe and band, and to any other identifiable groups of American Indians existing as distinct entities, residing within the territorial limits of the United States and Alaska, and to the superintendents of all Indian agencies, who shall promulgate the same, and shall request that a detailed statement of all claims be sent to the Commission, together with the names of aged or invalid Indians from whom depositions should be taken immediately and a summary of their proposed testimonies.

(b) The Commission shall establish an Investigation Division to investigate all claims referred to it by the Commission for the purpose of discovering the facts relating thereto. The Division shall make a complete and thorough search for all evidence affecting each claim, utilizing all documents and records in the possession of the Court of Claims and the several Government departments, and shall submit such evidence to the Commission. The Division shall make available to the Indians concerned and to any interested Federal agency any data in its possession relating to the rights and claims of any Indian.

(Aug. 13, 1946, ch. 959, § 13, 60 Stat. 1052.)

### REFERENCES IN TEXT

"This chapter", referred to in subsec. (a), was, in the original, "this Act", meaning act Aug. 13, 1946, ch. 959, 60 Stat. 1049, which enacted this chapter, amended section 259 of former Title 28, Judicial Code and Judiciary, and enacted provisions set out as notes under section 70 of this title. For complete classification of this Act to the Code, see Tables volume.

### ADMISSION OF ALASKA AS STATE

Admission of Alaska into the Union was accomplished Jan. 3, 1959, upon issuance of Proc. No. 3269, Jan. 3, 1959, 24 F.R. 81, 73 Stat. c16, as required by sections 1 and 8(c) of Pub. L. 85-508, July 7, 1958, 72 Stat. 339, set out as notes preceding section 21 of Title 48, Territories and Insular Possessions.

### CROSS REFERENCES

Jurisdiction of Indian claims against the United States accruing after August 13, 1946, see section 1505 of Title 28, Judiciary and Judicial Procedure.

## § 70m. Information from governmental departments; official records as evidence

The Commission shall have the power to call upon any of the departments of the Government for any information it may deem necessary, and shall have the use of all records, hearings, and reports made by the committees of each House of Congress, when deemed necessary in the prosecution of its business.

At any hearing held hereunder, any official letter, paper, document, map, or record in the possession of any officer or department, or court of the United States or committee of Congress (or a certified copy thereof), may be used in evidence insofar as relevant and material, including any deposition or other testimony of record in any suit or proceeding in any court of the United States to which an Indian or Indian tribe or group was a party, and the appropriate department of the Government of the United States shall give to the attorneys for all tribes or groups full and free access to such letters, papers, documents, maps, or records as may be useful to said attorneys in the preparation of any claim instituted hereunder, and shall afford facilities for the examination of the same and, upon written request by said attorneys, shall furnish certified copies thereof.

(Aug. 13, 1946, ch. 959, § 14, 60 Stat. 1052.)

### REFERENCES IN TEXT

"Hereunder", referred to in text, means act Aug. 13, 1946, ch. 959, 60 Stat. 1049, which enacted this chapter, amended section 259 of former Title 28, Judicial Code and Judiciary, and enacted provisions set out as a note under section 70 of this title. For complete classification of this Act to the Code, see Tables volume.

## § 70n. Attorneys of claimants; selection, practice and fees; Attorney General to represent United States; compromise of claims

Each such tribe, band, or other identifiable group of Indians may retain to represent its interests in the presentation of claims before the Commission an attorney or attorneys at law, of its own selection, whose practice before the Commission shall be regulated by its adopted procedure. The fees of such attorney or attorneys for all services rendered in prosecuting the claim in question, whether before the Commission or otherwise, shall, unless the amount of such fees is stipulated in the approved contract between the attorney or attorneys and the claimant, be fixed by the Commission at such amount as the Commission, in accordance with standards obtaining for prosecuting similar contingent claims in courts of law, finds to be adequate compensation for services rendered and results obtained, considering the contingent nature of the case, plus all reasonable expenses incurred in the prosecution of the claim; but the amount so fixed by the Commission, exclusive of reimbursements for actual expenses, shall not exceed 10 per centum of the amount recovered in any case. The attorney or attorneys for any such tribe, band, or group as shall have been organized pursuant to section 476 of this title, shall be selected pursuant to the constitution and bylaws of such tribe, band, or group. The employment of attorneys for all other claimants shall be subject to the provisions of sections 81, 82, 83, and 84 of this title.

The Attorney General or his assistants shall represent the United States in all claims presented to the Commission, and shall have authority, with the approval of the Commission, to compromise any claim presented to the Commission. Any such compromise shall be submitted by the Commission to the Congress as a part of its report as provided in section 70t of this title in the same manner as final determinations of the Commission, and shall be subject to the provisions of section 70u of this title.

(Aug. 13, 1946, ch. 959, § 15, 60 Stat. 1053.)

### REFERENCES IN TEXT

Section 83 of this title, referred to in text, was repealed by act June 25, 1948, ch. 645, § 21, 62 Stat. 862. See, now, section 438 of Title 18, Crimes and Criminal Procedure.

## § 70n-1. Expert assistance for preparation and trial of claims; revolving fund established for loans

There is hereby authorized to be appropriated the sum of $2,700,000 for the establishment of a revolving fund from which the Secretary of the Interior may make loans to Indian tribes and bands and to other identifiable groups of American Indians residing within the territorial limits of the United States for use by them in obtaining expert assistance, other than the assistance of counsel, for the preparation and trial of claims pending before the Indian Claims Commission.

(Pub. L. 88-168, § 1, Nov. 4, 1963, 77 Stat. 301; Pub. L. 89-592, Sept. 19, 1966, 80 Stat. 814; Pub. L. 93-37, § 2, May 24, 1973, 87 Stat. 73.)

#### CODIFICATION

Section was not enacted as part of act Aug. 13, 1946, ch. 959, 60 Stat. 1049, popularly known as the Indian Claims Commission Act of 1946, which enacted this chapter.

#### AMENDMENTS

1973—Pub. L. 93-37 increased the sum authorized to be appropriated from $1,800,000 to $2,700,000.
1966—Pub. L. 89-592 increased the sum authorized to be appropriated from $900,000 to $1,800,000.

#### SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 70n-2, 70n-4, 70n-5 of this title.

## § 70n-2. Inability of applicants to pay for assistance required; denial of loans in cases of unreasonable fees

No loan shall be made under sections 70n-1 to 70n-7 of this title to a tribe, band, or group if it has funds available on deposit in the Federal Treasury or elsewhere in an amount adequate to obtain the expert assistance it needs or if, in the opinion of the Secretary, the fees to be paid the experts are unreasonable in light of the services to be performed by them.

(Pub. L. 88-168, § 2, Nov. 4, 1963, 77 Stat. 301.)

#### REFERENCES IN TEXT

Section 70n-3 of this title, included in the reference in text to sections 70n-1 to 70n-7 of this title, was repealed by Pub. L. 93-608, § 1(16), Jan. 2, 1975, 88 Stat. 1970.

#### CODIFICATION

Section was not enacted as part of act Aug. 13, 1946, ch. 959, 60 Stat. 1049, popularly known as the Indian Claims Commission Act of 1946, which enacted this chapter.

#### SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 70n-4, 70n-5 of this title.

## § 70n-3. Repealed. Pub. L. 93-608, § 1(16), Jan. 2, 1975, 88 Stat. 1970

Section, Pub. L. 88-168, § 3, Nov. 4, 1963, 77 Stat. 301, required a report to the Committees on Interior and Insular Affairs of the Senate and House of Representatives on every loan made under sections 70n-1 to 70n-7 of this title.

## § 70n-4. Interest; repayment from judgments

Any loan made under sections 70n-1 to 70n-7 of this title shall bear interest and shall, together with such interest, be repayable out of the proceeds of any judgment recovered by the tribe, band, or group on its claim against the United States. If no judgment is recovered or if the amount of the judgment recovered is inadequate to repay the loan and interest thereon, the unpaid amount may be declared nonrepayable by the Secretary.

(Pub. L. 88-168, § 4, Nov. 4, 1963, 77 Stat. 301.)

#### REFERENCES IN TEXT

Section 70n-3 of this title, included in the reference in text to sections 70n-1 to 70n-7 of this title, was repealed by Pub. L. 93-608, § 1(16), Jan. 2, 1975, 88 Stat. 1970.

#### CODIFICATION

Section was not enacted as part of act Aug. 13, 1946, ch. 959, 60 Stat. 1049, popularly known as the Indian Claims Commission Act of 1946, which enacted this chapter.

#### SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 70n-2, 70n-5 of this title.

## § 70n-5. Crediting to revolving fund of repayments and interest

Repayments of loans made under sections 70n-1 to 70n-7 of this title and of interest thereon shall be credited to the revolving fund established under section 70n-1 of this title.

(Pub. L. 88-168, § 5, Nov. 4, 1963, 77 Stat. 301.)

#### REFERENCES IN TEXT

Section 70n-3 of this title, included in the reference in text to sections 70n-1 to 70n-7 of this title, was repealed by Pub. L. 93-608, § 1(16), Jan. 2, 1975, 88 Stat. 1970.

#### CODIFICATION

Section was not enacted as part of act Aug. 13, 1946, ch. 959, 60 Stat. 1049, popularly known as the Indian Claims Commission Act of 1946, which enacted this chapter.

#### SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 70n-2, 70n-4 of this title.

## § 70n-6. Liability of United States

No liability shall attach to the United States because of a failure to make a loan in the amount requested.

(Pub. L. 88-168, § 6, Nov. 4, 1963, 77 Stat. 301.)

#### CODIFICATION

Section was not enacted as part of act Aug. 13, 1946, ch. 959, 60 Stat. 1049, popularly known as the Indian Claims Commission Act of 1946, which enacted this chapter.

#### SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 70n-2, 70n-4, 70n-5 of this title.

## § 70n-7. Approval of contingent fee contracts prohibited

After November 4, 1963, the Secretary of the Interior shall approve no contract which makes the compensation payable to a witness before the Indian Claims Commission contingent upon

the recovery o
States.

(Pub. L. 88-16

Section was no
ch. 959, 60 Stat.
Claims Commiss
chapter.

#### SECTION F

This section is
70n-5 of this titl

## § 70o. Member before com

No Senator o
gress shall, d
practice before

(Aug. 13, 1946,

## § 70p. Hearings

The Commis
to the interest
them to be
before makin;
any claim. Hei
the United Sta

(Aug. 13, 1946,

#### ADMI

Admission of
plished Jan. 3, 1
Jan. 3, 1959, 24
sections 1 and 8
Stat. 339, set ou
48, Territories a

## § 70q. Testimony

Any membe;
ployee of the C
for the purpos
ter oaths and
of the Commi:
the attendance
the productior
documents, c
dence, from a
Alaska at any
(2) the taking
nated individu
under the law
State or Terri
the testimony
the individual
his direction a
ponent. In tak
be given for ci
ulations as the
nesses subpen
tions are take
the officers o
severally be er
age as are paid
the United Sta

(Aug. 13, 1946
10, 1967, Pub.

"This chapter
nal, "this Act",

**[left column — fragments]**

st, be repayable out of
ment recovered by the
i its claim against the
ment is recovered or if
nent recovered is inad-
i and interest thereon,
be declared nonrepaya-

4, 1963, 77 Stat. 301.)

IN TEXT

included in the reference
70n-7 of this title, was re-
(16), Jan. 2, 1975, 88 Stat.

ATION

part of act Aug. 13, 1946,
arly known as the Indian
1946, which enacted this

IN OTHER SECTIONS

n sections 70n-2, 70n-5 of

ing fund of repayments

made under sections
title and of interest
to the revolving fund
70n-1 of this title.

4, 1963, 77 Stat. 301.)

IN TEXT

included in the reference
0n-7 of this title, was re-
16), Jan. 2, 1975, 88 Stat.

TION

part of act Aug. 13, 1946,
rly known as the Indian
946, which enacted this

N OTHER SECTIONS

i sections 70n-2, 70n-4 of

ates

to the United States
make a loan in the

i, 1963, 77 Stat. 301.)

TON

iart of act Aug. 13, 1946,
ly known as the Indian
)46, which enacted this

i OTHER SECTIONS

n sections 70n-2, 70n-4,

nt fee contracts prohib-

the Secretary of the
ontract which makes
to a witness before
sion contingent upon

the recovery of a judgment against the United States.

(Pub. L. 88–168, § 7, Nov. 4, 1963, 77 Stat. 301.)

CODIFICATION

Section was not enacted as part of act Aug. 13, 1946, ch. 959, 60 Stat. 1049, popularly known as the Indian Claims Commission Act of 1946, which enacted this chapter.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 70n-2, 70n-4, 70n-5 of this title.

§ 70o. Member of Congress forbidden to practice before Commission

No Senator or Member of or Delegate to Congress shall, during his continuance in office, practice before the Commission.

(Aug. 13, 1946, ch. 959, § 16, 60 Stat. 1053.)

§ 70p. Hearings

The Commission shall give reasonable notice to the interested parties and an opportunity for them to be heard and to present evidence before making any final determination upon any claim. Hearings may be held in any part of the United States or in the Territory of Alaska.

(Aug. 13, 1946, ch. 959, § 17, 60 Stat. 1053.)

ADMISSION OF ALASKA AS STATE

Admission of Alaska into the Union was accomplished Jan. 3, 1959, upon issuance of Proc. No. 3269, Jan. 3, 1959, 24 F.R. 81, 73 Stat. c16, as required by sections 1 and 8(c) of Pub. L. 85–508, July 7, 1958, 72 Stat. 339, set out as notes preceding section 21 of Title 48, Territories and Insular Possessions.

§ 70q. Testimony of witnesses; depositions; fees

Any member of the Commission or any employee of the Commission, designated in writing for the purpose by the Chairman may administer oaths and examine witnesses. Any member of the Commission may require by subpena (1) the attendance and testimony of witnesses, and the production of all necessary books, papers, documents, correspondence, and other evidence, from any place in the United States or Alaska at any designated place of hearing; or (2) the taking of depositions before any designated individual competent to administer oaths under the laws of the United States or of any State or Territory. In the case of a deposition, the testimony shall be reduced to writing by the individual taking the deposition or under his direction and shall be subscribed by the deponent. In taking testimony, opportunity shall be given for cross-examination, under such regulations as the Commission may prescribe. Witnesses subpenaed to testify or whose depositions are taken pursuant to this chapter, and the officers or persons taking the same, shall severally be entitled to the same fees and mileage as are paid for like services in the courts of the United States.

(Aug. 13, 1946, ch. 959, § 18, 60 Stat. 1054; Apr. 10, 1967, Pub. L. 90–9, § 4, 81 Stat. 11.)

REFERENCES IN TEXT

"This chapter", referred to in text, was, in the original, "this Act", meaning act Aug. 13, 1946, ch. 959, 60

Stat. 1049, which enacted this chapter, amended section 259 of former Title 28, Judicial Code and Judiciary, and enacted provisions set out as notes under section 70 of this title. For complete classification of this Act to the Code, see Tables volume.

AMENDMENTS

1967—Pub. L. 90–9 substituted "Chairman" for "Chief Commissioner".

ADMISSION OF ALASKA AS STATE

Admission of Alaska into the Union was accomplished Jan. 3, 1959, upon issuance of Proc. No. 3269, Jan. 3, 1959, 24 F.R. 81, 73 Stat. c16, as required by sections 1 and 8(c) of Pub. L. 85–508, July 7, 1958, 72 Stat. 339, set out as notes preceding section 21 of Title 48, Territories and Insular Possessions.

§ 70r. Final determinations of Commission

The final determination of the Commission shall be in writing, shall be filed with its clerk, and shall include (1) its findings of the facts upon which its conclusions are based; (2) a statement (a) whether there are any just grounds for relief of the claimant and, if so, the amount thereof; (b) whether there are any allowable offsets, counterclaims, or other deductions, and, if so, the amount thereof; and (3) a statement of its reasons for its findings and conclusions.

(Aug. 13, 1946, ch. 959, § 19, 60 Stat. 1054.)

§ 70s. Judicial review

(a) Certification to Court of Claims

In considering any claim the Commission at any time may certify to the Court of Claims any definite and distinct questions of law concerning which instructions are desired for the proper disposition of the claim; and thereupon the Court of Claims may give appropriate instructions on the questions certified and transmit the same to the Commission for its guidance in the further consideration of the claim.

(b) Notice of final determination; time for appeal to Court of Claims; interlocutory determinations; scope of review

When the final determination of the Commission has been filed with the clerk of said Commission the clerk shall give notice of the filing of such determination to the parties to the proceeding in manner and form as directed by the Commission. At any time within three months from the date of the filing of the determination of the Commission with the clerk either party may appeal from the determination of the Commission to the Court of Claims, which Court shall have exclusive jurisdiction to affirm, modify, or set aside such final determination. In similar manner and with like effect either party may appeal to the Court of Claims from any interlocutory determination by the Commission establishing the liability of the United States notwithstanding such determination is not for any reason whatever final as to the amount of recovery; and any such interlocutory appeal shall be taken on or before January 1, 1961, or three months from such interlocutory determination, whichever is later: *Provided*, That the failure of either party to appeal from any such interlocutory determination shall not constitute a waiver of its right to