UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GOLDEN HILL PAUGUSSETT TRIBE OF INDIANS, ET AL., | : | |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | Civil No. 2:92CV0738(JBA) |
| | : | CONSOLIDATED |
| | : | |
| M. JODI RELL, GOVERNOR OF THE STATE OF CONNECTICUT, ET AL., | : | |
| *Defendants.* | : | September 15, 2006 |

## DEFENDANT HOFFMAN FUEL COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Hoffman Fuel Company ("Hoffman Fuel") hereby adopts and incorporates by reference the Reply in Support of Motion for Judgment on the Pleadings of State Governor of the State of Connecticut filed September 13, 2006 in the above-captioned action.

Defendant Hoffman Fuel makes the following further response with respect to Plaintiffs' contention that equitable time-based defenses require factual determinations outside the pleadings and thus are improper for a motion for judgment on the pleadings (*see* Plaintiffs' Mem. in Opp. at 16):

In *Cayuga Nation of Indians v. State of New York, et al.*, 413 F.3d 266, 273 (2d Cir. 2005) the Second Circuit stated that the equitable time-based defenses of laches, acquiescence, and impossibility may be decided on the face of a complaint and are the proper subject of a motion to dismiss. Specifically, in addressing the application of laches to the Cayugas' claim, the Court stated: "To frame this point a different way: if the Cayugas filed this complaint today,

LIBA/1729821.1

exactly as worded, a District Court *would be required to find the claim subject to the defense of laches* under *Sherrill* and could dismiss on that basis." *Id.* at 278 (emphasis added).

In doing so, the Second Circuit recognized that the decades of litigation and millions of dollars in legal fees in that case were simply unnecessary because the district court could make the unremarkable observation that, in the intervening 200 years, the character of the lands at issue had profoundly, and irreversibly, changed and, as a result, claims premised on a possessory right could not survive a motion to dismiss because of their inherently disruptive character.

Thus, Plaintiff's argument that equitable time-based defenses are inappropriate on a motion to dismiss because they require factual determinations is contrary to the law of this Circuit. *See Cayuga*, 413 F.3d 266, *cert. denied* -- U.S. --, 126 S.Ct. 2022 (May 15, 2006) (NO. 05-982).

## CONCLUSION

For these reasons, and those set forth in Hoffman Fuel's Motion for Judgment on the Pleadings, Plaintiff's Amended Complaint should be dismissed with prejudice.

Respectfully Submitted,

HOFFMAN FUEL COMPANY

By its attorneys,

 /s/ Anthony M. Feeherry
Anthony M. Feeherry (*pro hac vice* – 21207)
Michael K. Murray (CT Bar No. 12474)
Mark S. Puzella (*pro hac vice* – 01273)
Goodwin Procter LLP
53 State Street
Boston, MA 02116
(617) 570-1000

LIBA/1729821.1

## CERTIFICATE OF SERVICE

      I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 15, 2006.

                                  /s/ Anthony M. Feeherry
                                  Anthony M. Feeherry

LIBA/1729821.1