UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GOLDEN HILL PAUGUSSETT TRIBE OF INDIANS, | : | CIVIL ACTION NO. 2:92CV00738 (JBA) |
| Plaintiff, | : | |
| vs. | : | |
| M. JODI RELL, GOVERNOR OF THE STATE OF CONNECTICUT, ET AL., | : | |
| Defendants. | : | JULY 17, 2007 |

## JOINT MOTION FOR CLARIFICATION
## AND CORRECTION OF JUDGMENT UNDER RULE 60(a)

Pursuant to Fed. R. Civ. P. 60(a), plaintiff and the undersigned defendants jointly move for a clarification of, and a minor clerical correction to, the Judgment entered on November 30, 2006 in these consolidated actions. The parties request no substantive change to the Judgment. The clarification and correction are intended to ensure appellate jurisdiction over plaintiff's appeal of the Judgment without the need for further proceedings on the merits in this Court. If the Court grants this motion, plaintiff's existing appeal—which has been temporarily suspended—could then be reactivated and proceed to conclusion without further delay.

The motion seeks the following:

(1) Clarification by the Court (without alteration of the Judgment) that the Court in fact intended to enter judgment for all defendants, including the few remaining defendants that did not expressly join other defendants in moving for judgment on the pleadings.

**ORAL ARGUMENT NOT REQUESTED**

(2) Correction of a clerical error in the Judgment, which omitted the name of one defendant that was the subject of plaintiff's motion for voluntary dismissal granted on September 5, 2006. That defendant (F. J. Polesaic, Jr.) should be included in the Judgment's listing of defendants voluntarily dismissed from the action, and Mr. Polesaic should also be categorized as "terminated" on the docket sheet in the same manner as other defendants who were subject to the dismissed claims under the Proclamation of 1763.

## BACKGROUND

In these consolidated actions, plaintiff asserts claims under the Indian Trade and Intercourse Act (commonly known as the Nonintercourse Act). When the *Rell* action commenced, plaintiff also asserted claims under the Proclamation of 1763, but this Court dismissed those claims for lack of subject matter jurisdiction, and plaintiff did not appeal that dismissal.[1] On August 31, 2006 (doc. 369), plaintiff filed a motion for voluntary dismissal of defendants who had been sued under the Proclamation, which the Court granted by endorsement order of September 5, 2006 (doc. 371).

As for the claims under the Nonintercourse Act, numerous defendants filed motions for judgment on the pleadings under Rule 12(c). On November 29, 2006 (doc. 383), the Court issued a Ruling granting the motions. In the Ruling, the Court gave collateral estoppel effect to the decision of the Bureau of Indian Affairs ("BIA") denying plaintiff's petition for acknowledgment as an American Indian tribe and, based on the federal agency's findings, held that plaintiff had failed to establish a prima facie case under the Nonintercourse Act. Having concluded that plaintiff is barred from recovery as a matter of law, *see* Ruling at 20, 21 n.7, the

---

[1] *See Golden Hill Paugussett Tribe of Indians v. Weicker*, 39 F.3d 51, 55 (2d Cir. 1994).

Court granted all of the motions for judgment and directed the Clerk to close the case, *see id.* at 20-21.

On November 30, 2006 (doc. 385), the Court filed and entered a Judgment in favor of defendants and against plaintiff. In the body of the Judgment, the Court recited that, on November 29, it had granted the relief sought by the motions for judgment on the pleadings and that earlier, on September 5, it had entered an order granting the motion to dismiss as to certain defendants (i.e., the defendants subject to the Proclamations claims whom plaintiff voluntarily dismissed). The Judgment listed those dismissed Proclamation defendants by name. The Judgment concluded (on page 5): "It is therefore ORDERED and ADJUDGED that judgment is entered for all defendants and the case is closed."

Plaintiff filed a notice of appeal on December 27, 2006 (doc. 386). Second Circuit Staff Counsel then inquired whether all non-terminated defendants had moved for judgment, as the November 29 Ruling granted particular motions for judgment by document number, but the November 30 Judgment entered judgment for all defendants. After a review of the file, plaintiff's counsel discovered that certain non-terminated defendants had *not* moved for judgment or joined in another party's motion for judgment.[2] That oversight likely resulted from the great number of parties in the case, the length of time for which this case was stayed pending a determination by the BIA, the similarity of certain defendants' names (Dominick Julian, Trustee and Anthony Julian Railroad Construction Co.), and the lack of an appearing attorney for other defendants (Charles C. Griggs and Cleora Griggs). Counsel for plaintiffs and some

---

[2] Plaintiff determined that defendants Dominick Julian, Trustee, Charles C. Griggs and Cleora Griggs did not move for judgment. In the event that there may be other defendants similarly situated, this motion asks for clarification of the Judgment with respect to any and all non-terminated defendants who did not expressly move for judgment on the pleadings.

defendants then informally conferred and concluded that a motion under Rule 60(a) should be presented to the District Court as the best approach to resolving this potential problem. The parties therefore entered into a stipulation to suspend the appeal, with plaintiff's counsel given leave to reactivate the appeal by written notice to the Second Circuit Clerk by July 20, 2007. On July 5, 2007, the Second Circuit accepted the parties' stipulation. *See* Ex. A.

## GROUNDS FOR MOTION

Rule 60(a) provides:

> **Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

I.   **The Court Can Entertain This Rule 60(a) Motion.**

The appeal has been suspended by the Second Circuit, so the parties can pursue this motion in the District Court before filing their appellate briefs. The purpose of the suspension is to create an opportunity to clarify the finality and appealability of the Judgment. *See Hertzner v. Henderson*, 292 F.3d 302, 304 (2d Cir. 2002) ("Whenever uncertainty exists as to whether an appeal is properly within our jurisdiction, an appellant should be able to eschew controversy over the status of an attempted appeal by entering into a binding stipulation with an appellee to withdraw the attempted appeal and to establish a timetable for reinstatement.").[3] The appellate stipulation permits plaintiff to reactivate the appeal by notice to the Second Circuit Clerk.

---

[3] As will be shown in the subsequent sections of this motion, the parties believe that the current Judgment *is* a final, appealable judgment, but due to ambiguities and a clerical error, Rule 60(a) relief is needed to clarify and confirm the finality of the judgment to erase all doubt before the appeal proceeds forward.

The parties are nevertheless informed by Second Circuit Staff Counsel that the suspension of the appeal from active consideration, which vacates the briefing schedule, is not the same as a formal remand to the District Court for purposes of granting a Rule 60 motion. The District Court may entertain a Rule 60 motion after a notice of appeal is filed, and it may deny the motion, but it may not grant it absent permission from the Second Circuit to exercise jurisdiction. *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992). "In other words, before the district court may grant a rule 60(b) motion, this court [of appeals] must first give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court." *Id.* In the event that the Court wishes to grant this Rule 60(a) motion, and states its intention to do so, it is the parties' understanding from Second Circuit Staff Counsel that the parties can facilitate the formal remand by filing a stipulation for remand with the appeals court that can be "so ordered," but that it is presently premature to do so. This Court would then have jurisdiction to grant this motion.

**II.    The Court Should Clarify that Its Judgment Is for All Defendants, Including Non-Terminated Defendants that Did Not Move for Judgment.**

It is the position of the undersigned parties that the November 30 Judgment is a final, appealable judgment, concluding the claims raised in these consolidated lawsuits. An order clarifying the Judgment under Rule 60(a) is nevertheless needed to remove any question about the Judgment's finality and to dispense with the need for additional substantive proceedings in this Court and a new appeal after their conclusion.

As discussed above (at 2), the Court's November 29 Ruling applied the doctrine of collateral estoppel and held that plaintiff is barred as a matter of law from recovery of lands under the Nonintercourse Act. It was this Court's stated view that the facts as found by the BIA were inconsistent with this plaintiff asserting a claim for aboriginal, tribal land. The Court did

not base its adjudication of the motions for judgment on the identity of any particular defendant or on the specific location of any one defendant's property. The Ruling therefore directed the entry of judgment and instructed the Clerk to close the case. *See* Ruling at 20-21. The Clerk accordingly drafted the November 30 Judgment to provide "that judgment is entered for all defendants and the case is closed." Judgment at 5.

A few defendants, however, did not move for judgment and were also not earlier terminated from the case. *See supra* at 3 & n.2. Because of the breadth of the Court's Ruling and its direction to the Clerk, it is nevertheless the parties' understanding of the Ruling and the Judgment that there is no defendant that must still defend against plaintiff's claims at a trial. That is the parties' view of the record even though the Ruling and Judgment both listed specific motions for judgment by the document numbers assigned to them on the docket sheet. If that understanding is incorrect, the current appeal would be invalid, the remaining defendants would have to file their own motions for judgment or, failing that, submit to discovery and trial, with a new appeal filed only after plaintiff's claims against those defendants were finally adjudicated. Yet, that course of proceedings would not only be inefficient, but it would be futile for plaintiff in light of the Court's Ruling rejecting the legal basis for plaintiff's claims in their entirety. The only logical path for this case at this time is for plaintiff, having chosen to appeal, to pursue the existing appeal without first engaging in additional substantive proceedings in this Court.

Where a court's legal ruling on one defendant's motion makes it impossible for the plaintiff to recover against any defendant, a court may enter judgment for all defendants and close the case. A *sua sponte* dismissal for failure to state a claim, in the absence of a motion to dismiss, is permissible in those narrow circumstances where a plaintiff has notice that the court is considering dismissal or, even without notice, where there can be no doubt that the claim lacks merit and further proceedings would be futile. *See Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir.

6

1988); *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980); *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002); *Wyatt v. City of Boston*, 35 F.3d 13, 14 (1st Cir. 1994). Here, plaintiff's cause of action under the Nonintercourse Act was challenged by motion by most defendants, plaintiff had an opportunity to respond, and it is clear on the face of the complaint that if the moving defendants are entitled to judgment because plaintiff cannot establish its status as a tribe, then any remaining defendants that did not move for judgment are entitled to the same relief of dismissal for failure to establish a prima facie case.

Plaintiff vigorously disputes the correctness of the Court's legal conclusions and application of the collateral estoppel doctrine, and believes that its Nonintercourse Act claims are valid in their entirety. It has nevertheless joined in this Rule 60(a) motion because it agrees with defendants that it had notice of the Court's consideration of defendants' legal arguments and that the November 29 Ruling could lawfully be applied to all remaining defendants regardless of whether a defendant formally moved for judgment or joined in another defendant's motion for judgment. Plaintiff agrees that this is the effect of the Judgment's entry of judgment for all defendants and that construing the Judgment in that fashion is appropriate. Plaintiff wishes to proceed with its appeal in order to obtain an appellate ruling on this Court's legal ruling with respect to all remaining defendants, and defendants agree with that approach. There was no need for the few non-moving defendants to also affirmatively move for judgment before this Court could have entered the judgment it did "for all defendants," Judgment at 5, and before plaintiff could pursue its appeal. The Judgment "for all defendants" was therefore appropriate in these circumstances, and the Court should clarify that it intended those words in the Judgment to apply beyond just the defendants who formally filed the granted motions for judgment.

A court may grant a motion under Rule 60(a) to ensure that a judgment accurately reflects a decision that the court actually made—in other words, to clarify the true intention of

the Court at the time it entered judgment. *Hodge v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (per curiam); *see Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990) ("A district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision."). So, for example, a court may grant a Rule 60(a) motion to clarify the judgment's scope of relief consistent with the court's intent to grant the full measure of relief when it issued its substantive ruling adjudicating the plaintiff's claims. *Dudley v. Penn-America Ins. Co.*, 313 F.3d 662, 665-66 (2d Cir. 2002). A court may also grant a Rule 60(a) motion to correct any misimpression in the judgment regarding whether any claims remain in the case following the court's substantive ruling. *Farkas v. Rumore*, 101 F.3d 20, 22 (2d Cir. 1996) (per curiam); *see also Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1105-06 (9th Cir. 1999) ("It was reasonable for Plaintiffs to seek clarification [under Rule 60(a)] to ensure that the court had considered all of Plaintiffs' claims when ruling on Defendants' motion to dismiss and had not neglected or overlooked . . . claims.").

Because the Court did consider this matter concluded, and the Judgment states that it is entered in favor of all defendants, this Court can grant this motion and clarify that it intended to apply its Ruling that plaintiff's claims fail as a matter of law to all defendants not previously terminated from these consolidated actions. There appears no support in the record for construing the Judgment to apply only to a subset of those defendants. The motions for judgment did not raise any issues, and the Ruling did not state any legal conclusions, that did not apply to all remaining defendants. By clarifying the Judgment, without making any substantive alteration, the Court can confirm that the existing November 30 Judgment, which recited "that judgment is entered for all defendants and the case is closed," Judgment at 5, was indeed

8

intended as a final judgment as to all claims and all parties.[4] Rule 60(a) is not the vehicle for a substantive correction to a judgment, but the requested clarification would require *no change* to the Judgment as written and entered on the docket.

III.    **The Court Should Correct a Clerical Error in the Judgment, Which Omits the Name of One of the Proclamation Defendants Voluntarily Dismissed from the Action on September 5, 2006.**

Plaintiff voluntarily dismissed the defendants that the Court had previously determined were not properly joined in this action, because there is no subject matter jurisdiction over claims arising from the Proclamation of 1763. In granting the motion for voluntary dismissal, the Court ordered: "The clerk is directed to terminate those defendants listed in plaintiffs' motion from the docket." Doc. 371 (endorsement order on doc. 369). The November 30 Judgment lists each of these "Proclamation" defendants dismissed from the action on September 5, 2006.

The Clerk of Court appears inadvertently to have omitted one of these Proclamation defendants from the Judgment's listing of defendants dismissed on September 5, 2006. That same defendant, unlike the others named in the voluntary dismissal motion, is not listed on the docket sheet as "TERMINATED 09/06/2006."[5] That defendant is F. J. Polesaic, Jr. The source of confusion appears to be that plaintiff's motion for voluntary dismissal (doc. 369, at p. 3) refers to "Polesaic" as "Folesaic" with a typographical error in the first letter of the last name. The Clerk, in carrying out the Court's instructions, failed to match the "F. J. Folesaic, Jr." in the

---

[4] This clarification would be consistent with the understanding of the Court's disposition of the case that was the subject of the earlier appeal, i.e., the dismissal without prejudice pending conclusion of the BIA's proceedings. Some defendants also did not file a motion directed at the complaint at that time, but the judgment was considered final (i.e., applicable to all defendants).

[5] September 6, 2006 is the date on which the Clerk entered the September 5, 2006 endorsement order on the docket and marked the affected defendants as "TERMINATED."

granted dismissal motion with the "F. J. Polesaic, Jr." on the docket sheet. So defendant Polesaic was neither listed as terminated nor referred to in the Judgment.

To be accurate, the Judgment should be corrected to include "F. J. Polesaic, Jr." in the listing of parties dismissed on September 5, 2006, *and* the docket sheet should be corrected to state "TERMINATED 09/06/2006" under the name of F. J. Polesaic, Jr. Because it is not disputed that the Court lacks subject matter jurisdiction over the claims against this defendant, the parties are in agreement over the need for this clerical, technical correction under Rule 60(a). It is not a substantive change in the Judgment, because the Judgment is being conformed to the relief already ordered by the Court on September 5, 2006 when granting the motion for voluntary dismissal of Mr. Polesaic and others.

* * * *

Because the granting of a Rule 60(a) motion makes no substantive change in a judgment, the grant of the motion does not start a new appeal period or require a new appeal. *Hodge*, 269 F.3d at 158 (stating that entry of a second judgment that corrects an earlier judgment under Rule 60(a) does not start a new appeal period); *Farkas*, 101 F.3d at 22 (per curiam) ("Where a judgment is reentered [to correct a technical error], and the subsequent judgment does not alter the substantive rights affected by the first judgment, the time for appeal runs from the first judgment."). If the Court grants this motion, clarifies that the November 30 Judgment was indeed judgment for all defendants (including any remaining defendant that did not affirmatively move for judgment), and corrects the clerical omission of one Proclamation defendant's name in the text of the Judgment, then the status of the November 30 Judgment as a final, appealable judgment will be confirmed and plaintiff can return to the Second Circuit and pursue the existing appeal without initiating a new appeal. That result is the most efficient one for the parties and the courts, allowing the current appeal expeditiously to move forward to conclusion.

10

Counsel for plaintiff and for several defendants are signatories to this joint motion. On July 11, 2007, this motion was circulated by e-mail to all counsel of record, with requests to inform undersigned counsel of any objection to the motion by close of business on July 16, 2007. No counsel stated an intent to object, with counsel for most appearing defendants affirmatively responding that they had no objection, and counsel for some appearing defendants not responding to the e-mail inquiry.[6] It is requested that, in these circumstances, the Court act expeditiously on this motion without awaiting the usual twenty-one days for responses to a motion. *See* D. Conn. Local Rule 7(a)1. If the Court states its intent to grant the motion, the parties can then promptly submit a remand stipulation to the Second Circuit, temporarily giving this Court jurisdiction. *See supra* at 5 (discussing *Toliver*).

The parties do not request oral argument. Nevertheless, a telephonic conference with the Court may be appropriate if needed to further clarify the purpose and legal support for this motion.

WHEREFORE, it is respectfully requested that the Court grant this motion under Rule 60(a), clarify that the existing Judgment did adjudicate plaintiff's claims against all remaining defendants (including those that did not affirmatively move for judgment), and enter a corrected Judgment that includes reference to the inadvertently omitted Proclamation defendant, F. J. Polesaic, Jr.

---

[6] The non-responding counsel included four attorneys, two of whom represent one defendant each, one of whom represents six defendants, and one of whom represents nine defendants.

PLAINTIFF

By: *[signature]*

Michael D. O'Connell (ct05299)
moconnell@ofalaw.com
O'Connell, Flaherty & Attmore, LLC
280 Trumbull Street
Hartford, CT 06103
(860) 548-1300
(860) 548-0023 (fax)

Bernard Wishnia (pro hac vice)
wishnialaw@gmail.com
204 Eagle Rock Avenue
Roseland, NJ 07068
(973) 228-7900
(973) 228-6022 (fax)

DEFENDANT
M. JODI RELL, GOVERNOR
OF THE STATE OF CONNECTICUT

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By: *[signature]*
Mark F. Kohler (ct02272)
Assistant Attorney General
mark.kohler@po.state.ct.us
Susan Quinn Cobb (ct03850)
Assistant Attorney General
susan.cobb@po.state.ct.us
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
(860) 808-5270
(860) 808-5385 (fax)

DEFENDANTS
THE UNITED ILLUMINATING COMPANY and
THE SOUTHERN CONNECTICUT GAS
COMPANY

By: /s/ Jeffrey R. Babbin
Jeffrey R. Babbin (ct10859)
jbabbin@wiggin.com
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
(203) 782-2889 (fax)

DEFENDANTS
DOMINICK JULIAN, TRUSTEE,
ANTHONY JULIAN RAILROAD
CONSTRUCTION CO. and LAFAYETTE
BANK AND TRUST CO.

By: *[signature]*
Thomas A. Gugliotti (ct05288)
tgugliotti@uks.com
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
(860) 548-2661
(860) 548-2680 (fax)

DEFENDANT
HOFFMAN FUEL COMPANY

By: *Mark S. Puzella /sr*
Anthony M. Feeherry (pro hac vice)
  afeeherry@goodwinproctor.com
Michael K. Murray (ct12474)
  mmurray@goodwinprocter.com
Mark S. Puzella (pro hac vice)
  mpuzella@goodwinprocter.com
Goodwin Procter LLP
53 State Street
Boston, MA 02109-2881
(617) 570-1000
(617) 523-1231 (fax)

17

      Defendants JOSEPH E. SHAPIRO
      and MARJORIE SHAPIRO


By _____/s/ Howard R. Wolfe_____
    Howard R. Wolfe   (#ct08090)
      hwolfe@goldmangruderwoods.com
    Goldman Gruder & Woods, LLC
    125 Mason Street
    Greenwich, CT  06830
    (203) 983-6363  (tel.)
    (203) 983-6262  (fax)

## CERTIFICATION

I hereby certify that, on this 17th day of July, 2007, the foregoing was electronically filed, with notice of this filing served by e-mail to all appearing parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

_____
Jeffrey R. Babbin

\10705\118\653419.5